# U.S. Bankruptcy Court
## Eastern District of Wisconsin (Milwaukee)
### Bankruptcy Petition #: 09–35931–pp

*Date filed:* 11/03/2009
*Date converted:* 02/16/2010

*Assigned to:* Pamela Pepper
Chapter 13
Previous chapter 7
Voluntary
Asset

| | |
|---|---|
| ***Debtor***<br>**Edward Blaine Kohler**<br>5310 S. Skyline Drive<br>New Berlin, WI 53151<br>SSN / ITIN: xxx–xx–1463 | represented by **Rollie R. Hanson**<br>6737 W. Washington Street<br>Suite 1420<br>West Allis, WI 53214–5649<br>414–321–9733<br>Fax : 414–321–9601<br>Email: rollie@hansonlaw.net |
| ***Joint Debtor***<br>**Patricia Lynn Kohler**<br>5310 S. Skyline Drive<br>New Berlin, WI 53151<br>SSN / ITIN: xxx–xx–2596 | represented by **Rollie R. Hanson**<br>(See above for address) |

***Trustee***
**Mary B. Grossman**
Chapter 13 Trustee
P.O. Box 510920
Milwaukee, WI 53203
414–271–3943

***Trustee***
**Michael F. Dubis**
208 East Main Street
Waterford, WI 53185
262–534–6950
*TERMINATED: 02/17/2010*

***U.S. Trustee***
**Office of the U. S. Trustee**
517 East Wisconsin Ave.
Room 430
Milwaukee, WI 53202
414–297–4499

| Filing Date | # | Docket Text |
|---|---|---|
| 11/03/2009 | 1<br>pgs: 71 | Chapter 7 Voluntary Petition Filed by Edward Blaine Kohler, Patricia Lynn Kohler Fee Amount: . (Hanson, Rollie) (Entered: 11/03/2009) |

| | | |
|---|---|---|
| 11/03/2009 | <u>2</u><br>pgs: 2 | Certificate of Credit Counseling Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 11/03/2009) |
| 11/03/2009 | | Receipt of Voluntary Petition (Chapter 7)(09–35931) [misc,volp7a] ( 299.00) Filing Fee. Receipt number 4365892. Fee amount 299.00. (U.S. Treasury) (Entered: 11/03/2009) |
| 11/03/2009 | <u>3</u><br>pgs: 2 | Meeting of Creditors to be held on 12/11/2009 at 09:30 AM in Waukesha, Brookfield Safety Building. Last day to oppose discharge or dischargeability is 02/09/2010. (Hanson, Rollie) (Entered: 11/03/2009) |
| 11/06/2009 | <u>4</u><br>pgs: 5 | BNC Certificate of Mailing – Meeting of Creditors. (RE: <u>3</u> Meeting of Creditors (Chapter 7)) Service Date 11/06/2009. (Admin.) (Entered: 11/07/2009) |
| 12/09/2009 | <u>5</u><br>pgs:<br>10, 31 | Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin., in addition to Motion to Abandon with Notice of Motion and Certificate of Service filed by Melissa M. Pingel of Bass &Moglowsky, S.C. on behalf of Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. Objections due by 12/23/2009. (Attachments: # Exhibit) Fee Amount . (Pingel, Melissa) (Entered: 12/09/2009) |
| 12/09/2009 | | Receipt of Motion to Abandon(09–35931–pp) [motion,mabn] ( 150.00) Filing Fee. Receipt number 4471583. Fee amount 150.00. (U.S. Treasury) (Entered: 12/09/2009) |
| 12/14/2009 | <u>6</u><br>pgs: 10 | Reaffirmation Agreement with North Shore Bank with Declaration of the Attorney for the Debtor. Disclosures, Instructions and Notice to Debtor have been filed with this Reaffirmation. Filed by North Shore Bank . (hk, Deputy Clerk) (Entered: 12/14/2009) |
| 12/15/2009 | | Chapter 7 Trustee's Report of No Distribution: I, Michael F. Dubis, having been appointed trustee of the estate of the above–named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above–named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned: $ 241344.00, Assets Exempt: $ 47042.54, Claims Scheduled: $ 487918.10, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 487918.10. (Dubis, Michael) (Entered: 12/15/2009) |
| 12/21/2009 | | Remark: Per Judge Pepper, no hearing is required for this reaffirmation agreement; there is no presumption of undue hardship. (RE: <u>6</u> Reaffirmation filed by Creditor North Shore Bank) (pwm, Judicial Assistant) (Entered: 12/21/2009) |
| 12/23/2009 | <u>7</u><br>pgs: 3 | Objection Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (Re: <u>5</u> Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin. filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Motion to Abandon ) (Hanson, Rollie) (Entered: 12/23/2009) |

| | | |
|---|---|---|
| 12/29/2009 | <u>8</u><br>pgs: 1 | Notice of Hearing re <u>5</u> Motion for Relief from Stay and Abandonment by US Bank NA. Hearing to be held on 1/11/2010 at 02:00 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (pwm, Judicial Assistant) (Entered: 12/29/2009) |
| 12/31/2009 | <u>9</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>8</u> Notice of Hearing) Service Date 12/31/2009. (Admin.) (Entered: 01/01/2010) |
| 01/05/2010 | | Hearing Set (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 1/25/2010 at 10:45 AM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (kgw, Courtroom Deputy) (Entered: 01/05/2010) |
| 01/10/2010 | <u>10</u><br>pgs: 2 | Notice to debtor(s) regarding the Requirement to File a Certification of Completion of Course Concerning Personal Financial Management. (adkt) (Entered: 01/10/2010) |
| 01/13/2010 | <u>11</u><br>pgs: 3 | BNC Certificate of Mailing. (RE: <u>10</u> Notice to debtor(s) regarding the requirement to file form 23.) Service Date 01/13/2010. (Admin.) (Entered: 01/14/2010) |
| 01/15/2010 | <u>12</u><br>pgs: 1 | Motion to Convert Case to Chapter 13 from a Chapter 7 filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 01/15/2010) |
| 01/22/2010 | | Hearing Canceled On 1/25/10, the parties advised that the matter was settled and a stipulation and order would be submitted. (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Motion to Abandon) Document to be reviewed by 2/22/2010. (pwm, Judicial Assistant) (Entered: 01/22/2010) |
| 01/22/2010 | <u>13</u><br>pgs: 2 | Notice of Motion Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (RE: <u>12</u> Motion to Convert Case to Chapter 13 from a Chapter 7 ). Objections due by 2/8/2010. (Hanson, Rollie) (Entered: 01/22/2010) |
| 01/22/2010 | <u>14</u><br>pgs: 4 | Certificate of Service Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (RE: <u>12</u> Motion to Convert Case to Chapter 13 from a Chapter 7 , <u>13</u> Notice of Motion). (Hanson, Rollie) (Entered: 01/22/2010) |
| 02/01/2010 | <u>15</u><br>pgs: 4 | Stipulation Regarding Substitution of Attorney for the Debtor(s) *Creditor(s)*. (Teske, Eric) (Entered: 02/01/2010) |
| 02/02/2010 | <u>16</u><br>pgs: 3 | Order For Substitution of Counsel (RE: <u>15</u> Stipulation Regarding Substitution of Attorney for the Debtor(s)Creditor(s)). (jth, Deputy Clerk) (Entered: 02/02/2010) |
| 02/04/2010 | <u>17</u><br>pgs: 4 | BNC Certificate of Mailing – PDF Document. (RE: <u>16</u> Order on Stipulation) Service Date 02/04/2010. (Admin.) (Entered: 02/05/2010) |
| 02/09/2010 | <u>18</u><br>pgs: 1 | Affidavit of No Objection/Response/Answer Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (Re: <u>12</u> Motion to Convert Case to Chapter 13 from a Chapter 7 ) (Hanson, Rollie) (Entered: 02/09/2010) |

| | | |
|---|---|---|
| 02/11/2010 | <u>19</u><br>pgs: 2 | Financial Management Course Certificate Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 02/11/2010) |
| 02/16/2010 | <u>20</u><br>pgs: 1 | Order Granting Motion to Convert Case to Chapter 13. (Related Doc # <u>12</u> ) (jth, Deputy Clerk) (Entered: 02/16/2010) |
| 02/17/2010 | <u>21</u><br>pgs: 2 | Meeting of Creditors to be held on 4/1/2010 at 10:00 AM in Milwaukee, U.S. Courthouse, Room 428. Proofs of Claims due by 6/30/2010 Last day to oppose discharge or dischargeability is 6/1/2010. (jth, Deputy Clerk) (Entered: 02/17/2010) |
| 02/18/2010 | <u>22</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>20</u> Order on Motion to Convert Case To Chapter 13) Service Date 02/18/2010. (Admin.) (Entered: 02/19/2010) |
| 02/19/2010 | <u>23</u><br>pgs: 7 | BNC Certificate of Mailing – Meeting of Creditors. (RE: <u>21</u> Meeting of Creditors Chapter 13) Service Date 02/19/2010. (Admin.) (Entered: 02/20/2010) |
| 02/26/2010 | <u>24</u><br>pgs: 11 | Chapter 13 Plan. Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 02/26/2010) |
| 02/26/2010 | <u>25</u><br>pgs: 3 | Amended Schedule I, Schedule J, Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 02/26/2010) |
| 02/26/2010 | <u>26</u><br>pgs: 7 | Statement of Current Monthly Income – Form 22 *C*. Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 02/26/2010) |
| 02/28/2010 | <u>27</u><br>pgs: 14 | BNC Certificate of Mailing – PDF Document. (RE: <u>24</u> Chapter 13 Plan filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) Service Date 02/28/2010. (Admin.) (Entered: 03/01/2010) |
| 03/01/2010 | <u>28</u><br>pgs: 2 | Stipulation By U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 and *debtors* Filed by Penny G. Gentges on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (RE: <u>5</u> Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin., Motion to Abandon ). (Gentges, Penny) (Entered: 03/01/2010) |
| 03/02/2010 | <u>29</u><br>pgs: 2 | Order for Payroll Deduction from debtor's income. (jth, Deputy Clerk) (Entered: 03/02/2010) |
| 03/02/2010 | <u>30</u><br>pgs: 2 | Order Modifying Stay (RE: <u>28</u> Stipulation). (jth, Deputy Clerk) (Entered: 03/02/2010) |
| 03/02/2010 | | Court Certificate of Mailing – employee information and order mailed to employer. (Related document: # <u>29</u> )(Admin.) (Entered: 03/02/2010) |
| 03/04/2010 | <u>31</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>29</u> Order to Pay Wages) Service Date 03/04/2010. (Admin.) (Entered: 03/05/2010) |
| 03/04/2010 | <u>32</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>29</u> Order to Pay Wages) Service Date 03/04/2010. (Admin.) (Entered: 03/05/2010) |

| 03/04/2010 | <u>33</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>30</u> Order on Stipulation) Service Date 03/04/2010. (Admin.) (Entered: 03/05/2010) |
|---|---|---|
| 03/08/2010 | <u>34</u><br>pgs: 2 | Order for Payroll Deduction from debtor's income. (jth, Deputy Clerk) (Entered: 03/08/2010) |
| 03/10/2010 | <u>35</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>34</u> Order to Pay Wages) Service Date 03/10/2010. (Admin.) (Entered: 03/11/2010) |
| 03/11/2010 | <u>36</u><br>pgs: 2 | Order for Payroll Deduction from debtor's income. (jth, Deputy Clerk) (Entered: 03/11/2010) |
| 03/12/2010 | <u>37</u><br>pgs: 6,<br>17 | Motion for Relief from Stay as to (2d mortgage). with Notice of Motion and Certificate of Service filed by Penny G. Gentges on behalf of Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. Objections due by 3/26/2010. (Attachments: # Exhibit) (Gentges, Penny) (Entered: 03/12/2010) |
| 03/12/2010 | | Receipt of Motion for Relief From Automatic Stay(09–35931–pp) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 4750729. Fee amount 150.00. (U.S. Treasury) (Entered: 03/12/2010) |
| 03/13/2010 | <u>38</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>36</u> Order to Pay Wages) Service Date 03/13/2010. (Admin.) (Entered: 03/14/2010) |
| 03/22/2010 | <u>39</u><br>pgs: 6 | Renewed Motion/Letter Renewal <u>5</u> Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin. filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Motion to Abandon and Certificate of Service filed by Eric Teske of Bass &Moglowsky, S.C. on behalf of Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. Objections due by 4/12/2010. (Teske, Eric) (Entered: 03/22/2010) |
| 03/26/2010 | <u>40</u><br>pgs: 4 | Objection Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler *with Affidavit of Service* (Re: <u>37</u> Motion for Relief from Stay as to (2d mortgage). filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) and Certificate of Service (Hanson, Rollie) (Entered: 03/26/2010) |
| 03/29/2010 | <u>41</u><br>pgs: 1 | Notice of Hearing re <u>37</u> Motion for Relief from Stay by U.S. Bank National Association. Hearing to be held on 4/20/2010 at 03:00 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (pwm, Judicial Assistant) (Entered: 03/29/2010) |
| 03/29/2010 | <u>42</u><br>pgs: 5,<br>12 | Objection to Confirmation of Plan with Notice and Certificate of Service. Filed by Eric Teske on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 (RE: <u>24</u> Chapter 13 Plan. Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler.). (Attachments: # Exhibit)(Teske, Eric) (Entered: 03/29/2010) |
| 03/31/2010 | <u>43</u><br>pgs: 1 | Notice of Hearing re <u>42</u> Objection to Confirmation of Plan by US Bank National Association. Hearing to be held on 4/20/2010 at 02:45 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (pwm, Judicial Assistant) (Entered: 03/31/2010) |

| 03/31/2010 | <u>44</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>41</u> Notice of Hearing) Service Date 03/31/2010. (Admin.) (Entered: 04/01/2010) |
|---|---|---|
| 04/02/2010 | <u>45</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>43</u> Notice of Hearing) Service Date 04/02/2010. (Admin.) (Entered: 04/03/2010) |
| 04/05/2010 | | An initial 341 examination was scheduled for 4/1/2010. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 4/29/2010 11:30 AM. Reason(s) for adjournment: Amended Plan, Amended / Missing Schedules, Copies of req. tax returns/proof of filing. Appearances: Trustee, Debtor, Joint Debtor, Atty for Debtor. (Chapter 13 Milwaukee Office) (Entered: 04/05/2010) |
| 04/14/2010 | <u>46</u><br>pgs: 1 | Affidavit of No Objection/Response/Answer Filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 (Re: <u>39</u> Renewed Motion/Letter Renewal <u>5</u> Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin. filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates) (Teske, Eric) (Entered: 04/14/2010) |
| 04/15/2010 | <u>47</u><br>pgs: 1 | Objection Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (Re: <u>39</u> Renewed Motion/Letter Renewal <u>5</u> Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin. filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) (Hanson, Rollie) (Entered: 04/15/2010) |
| 04/16/2010 | <u>48</u><br>pgs: 237 | Adversary case 10–02206. Complaint by Rollie R. Hanson, Edward Blaine Kohler, Patricia Lynn Kohler, U.S. Bank National Association, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Chase Home Finance LLC, Mortgage Electronic Registrations Systems, Inc., Aurora Bank, FSB on behalf of Edward Blaine Kohler, Patricia Lynn Kohler, Mary B. Grossman, Against U.S. Bank National Association, Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Chase Home Finance LLC, Mortgage Electronic Registrations Systems, Inc., Aurora Bank, FSB. Fee Amount $250 (21 (Validity, priority or extent of lien or other interest in property))(Hanson, Rollie) (Entered: 04/16/2010) |
| 04/16/2010 | <u>49</u><br>pgs: 4 | Motion to Consolidate with with Notice of Motion and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. Objections due by 4/30/2010. (Hanson, Rollie) (Entered: 04/16/2010) |
| 04/16/2010 | <u>50</u><br>pgs: 1 | Notice of Hearing re <u>39</u> Renewed Motion for Relief from Stay by U.S. Bank National Association. Hearing to be held on 4/27/2010 at 03:00 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (pwm, Judicial Assistant) (Entered: 04/16/2010) |
| 04/18/2010 | <u>51</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>50</u> Notice of Hearing) Service Date 04/18/2010. (Admin.) (Entered: 04/19/2010) |
| 04/21/2010 | <u>52</u><br>pgs: 1 | Court Minutes for the hearing held on April 20, 2010 re <u>39</u> Renewed Motion for Relief from Stay by US Bank, NA and <u>42</u> Objection to Confirmation of Plan by US Bank, NA. (pwm, Judicial Assistant) (Entered: 04/21/2010) |

| | | |
|---|---|---|
| 04/21/2010 | <u>53</u><br>pgs: 2, 1 | Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b) *to Modify Security Deposit to Provide Adequate Assurance of Payment* filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. (Attachments: # Exhibit WE Energies Letter dated 3/18 re: deposit) (Hanson, Rollie) (Entered: 04/21/2010) |
| 04/21/2010 | | Hearing Continued re <u>39</u> Renewed Motion for Relief from Automatic Stay by US Bank, NA and <u>42</u> Objection to Confirmation of the Chapter 13 Plan by US Bank, NA. Hearing to be held on 6/21/2010 at 11:00 AM Telephone Conference. (pwm, Judicial Assistant) (Entered: 04/21/2010) |
| 04/22/2010 | <u>54</u><br>pgs: 2 | Notice of Motion Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (RE: <u>53</u> Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b) *to Modify Security Deposit to Provide Adequate Assurance of Payment*). Objections due by 5/10/2010. (Hanson, Rollie) (Entered: 04/22/2010) |
| 04/22/2010 | <u>55</u><br>pgs: 1 | Certificate of Service Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (RE: <u>53</u> Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b) *to Modify Security Deposit to Provide Adequate Assurance of Payment*). (Hanson, Rollie) (Entered: 04/22/2010) |
| 04/30/2010 | | An adjourned 341 examination was scheduled for 4/29/2010. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 6/24/2010 11:30 AM. Reason(s) for adjournment: Amended Plan, Amended / Missing Schedules, Copies of req. tax returns/proof of filing. Appearances: Staff Atty For Trustee. (Chapter 13 Milwaukee Office) (Entered: 04/30/2010) |
| 04/30/2010 | <u>56</u><br>pgs: 3 | Objection Filed by Creditor Attorney WE ENergies (Re: <u>53</u> Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b) *to Modify Security Deposit to Provide Adequate Assurance of Payment* filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) (Nelson, Todd) (Entered: 04/30/2010) |
| 04/30/2010 | <u>57</u><br>pgs: 1 | Certificate of Service Filed by Todd T. Nelson on behalf of WE ENergies. (RE: <u>56</u> Objection). (Nelson, Todd) (Entered: 04/30/2010) |
| 05/03/2010 | <u>58</u><br>pgs: 1 | Notice of Hearing re <u>53</u> Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b). Hearing to be held on 5/18/2010 at 02:45 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (pwm, Judicial Assistant) (Entered: 05/03/2010) |
| 05/05/2010 | <u>59</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>58</u> Notice of Hearing) Service Date 05/05/2010. (Admin.) (Entered: 05/06/2010) |
| 05/10/2010 | <u>60</u><br>pgs: 2 | Correspondence Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (RE: <u>53</u> Motion for Continuation of Utility Service and Approval of Adequate Assurance of Payment to Utility Company Under Section 366(b) *to Modify Security Deposit to Provide Adequate Assurance of Payment*). (Hanson, Rollie) (Entered: 05/10/2010) |
| 05/21/2010 | <u>61</u><br>pgs: 2 | Court Minutes and Order Sustaining Creditor's Objection to Motion and Denying Debtor's Motion to Reduce the Amount of Deposit (Related Doc # <u>53</u>). (jth, Deputy Clerk) (Entered: 05/21/2010) |

| | | |
|---|---|---|
| 05/23/2010 | <u>62</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>61</u> Order on Motion for Continuation of Utility Service) Service Date 05/23/2010. (Admin.) (Entered: 05/24/2010) |
| 06/04/2010 | <u>63</u><br>pgs: 5 | Motion to Modify Plan *Prior to Confirmation* with Notice of Motion and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. Objections due by 6/25/2010. (Hanson, Rollie) (Entered: 06/04/2010) |
| 06/04/2010 | <u>64</u><br>pgs: 2 | Motion to Limit Notice (RE: <u>63</u> Motion to Modify Plan) and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 06/04/2010) |
| 06/14/2010 | <u>65</u><br>pgs: 1 | Order Regarding (RE: <u>64</u> Motion to Limit Notice (RE: <u>63</u> Motion to Modify Plan) ). (Pepper, Pamela) (Entered: 06/14/2010) |
| 06/17/2010 | <u>66</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>65</u> Order Regarding Matter (Bankruptcy)) Service Date 06/17/2010. (Admin.) (Entered: 06/18/2010) |
| 06/23/2010 | | An adjourned 341 examination was scheduled for 6/24/2010. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 8/26/2010 11:30 AM. Reason(s) for adjournment: Amended Plan, Amended / Missing Schedules, Resolution to obj. to conf., Copies of req. tax returns/proof of filing. Appearances: Staff Atty For Trustee. (Chapter 13 Milwaukee Office) (Entered: 06/23/2010) |
| 06/29/2010 | <u>67</u><br>pgs: 1 | Affidavit *of No Objection to Motion to Modify Plan Prior to Confirmation* Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (RE: <u>63</u> Motion to Modify Plan *Prior to Confirmation*). (Hanson, Rollie) (Entered: 06/29/2010) |
| 07/07/2010 | | Status Hearing (RE: <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 8/30/2010 at 10:45 AM Telephone Hearing. (kgw, Courtroom Deputy) (Entered: 07/07/2010) |
| 08/06/2010 | | Hearing Continued (RE: <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 9/20/2010 at 10:30 AM Telephone Hearing. (kgw, Courtroom Deputy) (Entered: 08/06/2010) |
| 08/25/2010 | | An adjourned 341 examination was scheduled for 8/26/2010. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 10/7/2010 11:30 AM. Reason(s) for adjournment: Amended Plan, Amended / Missing Schedules, Resolution to obj. to conf.. (Chapter 13 Milwaukee Office) (Entered: 08/25/2010) |
| 09/16/2010 | <u>68</u><br>pgs: 2 | Stipulation By U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 and *debtors* Filed by Penny G. Gentges on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (RE: <u>37</u> Motion for Relief from Stay as to (2d mortgage)., <u>39</u> Renewed Motion/Letter Renewal <u>5</u> Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin. filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates). With no objection from the case trustee. (Gentges, Penny) (Entered: 09/16/2010) |

| 09/17/2010 | <u>69</u><br>pgs: 1 | Order Approving Stipulation and Modifying Stay(RE: <u>68</u> Stipulation). (jth, Deputy Clerk) (Entered: 09/17/2010) |
|---|---|---|
| 09/19/2010 | <u>70</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>69</u> Order on Stipulation) Service Date 09/19/2010. (Admin.) (Entered: 09/20/2010) |
| 09/21/2010 | | Hearing Continued (RE: <u>63</u> Motion to Modify Plan filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) Hearing to be held on 11/22/2010 at 11:30 AM Telephone Hearing. (kgw, Courtroom Deputy) (Entered: 09/21/2010) |
| 09/21/2010 | <u>71</u><br>pgs: 2 | Order for Payroll Deduction from debtor's income. (Pepper, Pamela) (Entered: 09/21/2010) |
| 09/21/2010 | <u>72</u><br>pgs: 1 | Correspondence *regarding amended claim no. 12* Filed by Penny G. Gentges on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (Gentges, Penny) (Entered: 09/21/2010) |
| 09/21/2010 | <u>73</u><br>pgs: 1 | Correspondence *regarding amended claim (no. 13)* Filed by Penny G. Gentges on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (Gentges, Penny) (Entered: 09/21/2010) |
| 09/23/2010 | <u>74</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>71</u> Order to Pay Wages) Service Date 09/23/2010. (Admin.) (Entered: 09/24/2010) |
| 10/06/2010 | | An adjourned 341 examination was scheduled for 10/7/2010. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 12/2/2010 11:30 AM. Reason(s) for adjournment: Amended Plan, Resolution to obj. to conf.. (Chapter 13 Milwaukee Office) (Entered: 10/06/2010) |
| 10/07/2010 | <u>75</u><br>pgs: 2 | Order for Payroll Deduction from debtor's income. (Pepper, Pamela) (Entered: 10/07/2010) |
| 10/09/2010 | <u>76</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>75</u> Order to Pay Wages) Service Date 10/09/2010. (Admin.) (Entered: 10/10/2010) |
| 11/22/2010 | | Status Hearing (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4). Hearing to be held on 12/13/2010 at 10:45 AM Telephone Conference. (ccb, Law Clerk) (Entered: 11/22/2010) |
| 11/22/2010 | | Status Hearing (RE: <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4). Status hearing to be held on 12/13/2010 at 10:45 AM at Telephone Conference. (ccb, Law Clerk) (Entered: 11/22/2010) |
| 11/23/2010 | <u>77</u><br>pgs: 3 | Court Minutes and Order regarding Objection to Confirmation of Plan and Status hearing on Monday December 13, 2010 (RE: <u>42</u> Objection to Confirmation of the Plan). (jth, Deputy Clerk) (Entered: 11/23/2010) |
| 11/25/2010 | <u>78</u><br>pgs: 4 | BNC Certificate of Mailing – PDF Document. (RE: <u>77</u> Objection to Confirmation of Plan) Service Date 11/25/2010. (Admin.) (Entered: 11/26/2010) |

| | | |
|---|---|---|
| 12/01/2010 | | An adjourned 341 examination was scheduled for 12/2/2010. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 1/6/2011 11:30 AM. Reason(s) for adjournment: Amended Plan, Amended / Missing Schedules. (Chapter 13 Milwaukee Office) (Entered: 12/01/2010) |
| 12/14/2010 | <u>79</u><br>pgs: 1 | Court Minutes from the hearing held December 13, 2010 (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 and <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) (kgw, Courtroom Deputy) (Entered: 12/14/2010) |
| 12/14/2010 | | Hearing Continued (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 1/31/2011 at 11:15 AM Telephone Hearing. (kgw, Courtroom Deputy) (Entered: 12/14/2010) |
| 12/14/2010 | | Hearing Continued (RE: <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 1/31/2011 at 11:15 AM Telephone Hearing. (kgw, Courtroom Deputy) (Entered: 12/14/2010) |
| 12/22/2010 | <u>80</u><br>pgs: 14, 2 | Adversary case 10–02694. Complaint filed by Rollie R Hanson on behalf of Edward and Patricia Kohler , Against Structured Asset Investment Loan Trust Mortgage Pass–Through Certificates, Series 2006–4, U. S. Bank National Association, Chase Manhattan Mortgage, Chase Home Finance LLC, Chase H.E., Mortgage Electronic Registrations Systems, Inc.,Aurora Bank FSB and Aurora Loan Services, LLC.Penny Gentges. Receipt Number WAIVED, Fee Amount $250 (Attachments: # Civil Cover Sheet) (21 (Validity, priority or extent of lien or other interest in property))(Hanson, Rollie) (Entered: 12/22/2010) |
| 01/05/2011 | | An adjourned 341 examination was scheduled for 1/6/2011. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 3/31/2011 11:30 AM. Reason(s) for adjournment: Amended Plan, Amended / Missing Schedules, Resolution to obj. to conf.. (Chapter 13 Milwaukee Office) (Entered: 01/05/2011) |
| 01/31/2011 | | Evidentiary Hearing (RE: <u>39</u> Renewed Motion/Letter Renewal filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 3/30/2011 at 01:30 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (ccb, Law Clerk) (Entered: 01/31/2011) |
| 01/31/2011 | | Evidentiary Hearing (RE: <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 3/30/2011 at 01:30 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (ccb, Law Clerk) (Entered: 01/31/2011) |
| 02/01/2011 | <u>81</u><br>pgs: 3 | Court Minutes for the January 31, 2011 Status Hearing (RE: <u>39</u> Renewed Motion for Relief from Stay by US Bank et. al. & <u>42</u> Objection to Confirmation of Plan by U.S. Bank). (ccb, Law Clerk) (Entered: 02/01/2011) |

| | | |
|---|---|---|
| 02/08/2011 | | Adversary Case 2:10–ap–2206 Closed (jth, Deputy Clerk) (Entered: 02/08/2011) |
| 02/08/2011 | | Disposition of Adversary 2:10–ap–2206–Dimissed. (jth, Deputy Clerk) (Entered: 02/08/2011) |
| 02/22/2011 | 82 pgs: 5 | Motion to Modify Plan (RE: 24 Chapter 13 Plan with Notice of Motion and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. Objections due by 3/15/2011. (Hanson, Rollie) (Entered: 02/22/2011) |
| 02/22/2011 | 83 pgs: 2 | Motion to Limit Notice (RE: 82 Motion to Modify Plan) and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 02/22/2011) |
| 02/28/2011 | 84 pgs: 2 | Order for Payroll Deduction from debtor's income. (Pepper, Pamela) (Entered: 02/28/2011) |
| 03/01/2011 | 85 pgs: 12, 21, 30, 20, 43 | Objection to Amended Claim Number 12,13 by Claimant U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. *With Affidavit of Service* Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (Attachments: # Exhibit 1# Exhibit 2# Exhibit 3# Exhibit 4)(Hanson, Rollie) (Entered: 03/01/2011) |
| 03/01/2011 | 86 pgs: 14 | Brief *in Support of Objection to Original and Amended Claims Number 12 and 13* Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (RE: 85 Objection to Claim). (Hanson, Rollie) (Entered: 03/01/2011) |
| 03/02/2011 | 87 pgs: 1 | Order Regarding (RE: 83 Motion to Limit Notice (RE: 82 Motion to Modify Plan) ). (Pepper, Pamela) (Entered: 03/02/2011) |
| 03/02/2011 | 88 pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: 84 Order to Pay Wages) Service Date 03/02/2011. (Admin.) (Entered: 03/03/2011) |
| 03/03/2011 | 89 pgs: 1 | Notice of Hearing (RE: 85 Debtors' Objections to Amended Claims No. 12 and 13 of U.S. Bank, NA). Hearing to be held on 4/19/2011 at 02:30 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (kgw, Courtroom Deputy) (Entered: 03/03/2011) |
| 03/03/2011 | 90 pgs: 40 | Third Party Motion for Protective Order and Certificate of Service filed by Edward J. Lesniak of Burke, Warren, MacKay &Serritella, P.C. on behalf of Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (Lesniak, Edward) (Entered: 03/03/2011) |
| 03/04/2011 | 91 pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: 87 Order Regarding Matter (Bankruptcy)) Service Date 03/04/2011. (Admin.) (Entered: 03/05/2011) |
| 03/05/2011 | 92 pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: 89 Notice of Hearing) Service Date 03/05/2011. (Admin.) (Entered: 03/05/2011) |
| 03/10/2011 | 93 pgs: 2 | Court Minutes from the hearing held March 7, 2011 (RE: 90 Motion for Protective Order filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4; Pretrial in Adversary Case No. 2010–2694 and |

| | | Defendants' Motion to Dismiss that Adversary Case.) (kgw, Courtroom Deputy) (Entered: 03/10/2011) |
|---|---|---|
| 03/15/2011 | 94 pgs: 1 | Notice of Change of Address *for Creditor MERS* Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 03/15/2011) |
| 03/16/2011 | 95 pgs: 1 | Affidavit of No Objection/Response/Answer Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (Re: 82 Motion to Modify Plan (RE: 24 Chapter 13 Plan) ) (Hanson, Rollie) (Entered: 03/16/2011) |
| 03/16/2011 | 96 pgs: 6 | Memorandum of Law *Memorandum of Issues* Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler ( 39 Renewed Motion). (Hanson, Rollie) (Entered: 03/16/2011) |
| 03/16/2011 | 97 pgs: 1 | Affidavit *of Service* Filed by Rollie R. Hanson on behalf of Edward Blaine Kohler, Patricia Lynn Kohler. (RE: 96 Memorandum of Law). (Hanson, Rollie) (Entered: 03/16/2011) |
| 03/17/2011 | 98 pgs: 1 | Order Regarding (RE: 90 Third Party Motion for Protective Order ). (Pepper, Pamela) (Entered: 03/17/2011) |
| 03/19/2011 | 99 pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: 98 Order Regarding Matter (Bankruptcy)) Service Date 03/19/2011. (Admin.) (Entered: 03/20/2011) |
| 03/22/2011 | 100 pgs: 9 | Affidavit *(supplemental affidavit in support of motions for relief from stay)* Filed by Penny G. Gentges on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (RE: 37 Motion for Relief from Stay as to (2d mortgage)., 39 Renewed Motion/Letter Renewal 5 Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin. filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates). (Gentges, Penny) (Entered: 03/22/2011) |
| 03/25/2011 | | Evidentiary Hearing Continued (RE: 39 Renewed Motion for Relief from the Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 5/9/2011 at 01:30 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (kgw, Courtroom Deputy) (Entered: 03/25/2011) |
| 03/25/2011 | | Evidentiary Hearing Continued (RE: 42 Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, 85 Objection to Claims # 12 and #13 of US Bank, NA filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) Hearing to be held on 5/9/2011 at 01:30 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (kgw, Courtroom Deputy) (Entered: 03/25/2011) |
| 03/31/2011 | | An adjourned 341 examination was scheduled for 3/31/2011. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 5/26/2011 11:30 AM. Reason(s) for adjournment: Resolution to obj. to conf.. (Chapter 13 Milwaukee Office) (Entered: 03/31/2011) |
| 03/31/2011 | | Evidentiary Hearing Continued (RE: 39 Renewed Motion for Relief from the Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee |

| | | |
|---|---|---|
| | | for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Hearing to be held on 5/25/2011 at 02:00 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (kgw, Courtroom Deputy) (Entered: 03/31/2011) |
| 03/31/2011 | | Hearing Continued (RE: 42 Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 and 85 Objection to Claims #12 &#13 of US Bank filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) Hearing to be held on 5/25/2011 at 02:00 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin. (kgw, Courtroom Deputy) (Entered: 03/31/2011) |
| 05/25/2011 | | An adjourned 341 examination was scheduled for 5/26/2011. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 6/30/2011 11:30 AM. Reason(s) for adjournment: Resolution to obj. to conf.. Appearances: Staff Atty For Trustee. (Chapter 13 Milwaukee Office) (Entered: 05/25/2011) |
| 05/26/2011 | 101 pgs: 1 | Court Minutes for the May 25, 2011 Hearing (RE: 39 Renewed Motion for Relief from Stay filed by Creditor U.S. Bank National Association, 42 Objection to Confirmation of Plan with Notice and Certificate of Service filed by U.S. Bank National Association, and 85 Objection to Amended Claim Number 12,13 by Claimant U.S. Bank National Association filed by Debtors). (ccb, Law Clerk) (Entered: 05/26/2011) |
| 05/26/2011 | 102 pgs: 1, 3, 3, 81, 44 | Exhibits filed by Penny G. Gentges and Edward J. Lesniak on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (RE: 101 Court Minutes).(Attachments: # Exhibit– Exhibit A# Exhibit– Exhibit B# Exhibit– Exhibit C# Exhibit– Exhibit D) (jth, Deputy Clerk) (Entered: 05/26/2011) |
| 05/31/2011 | | Oral Ruling Hearing (RE: 39 Renewed Motion/Letter Renewal filed by Creditor U.S. Bank et. al., 42 Objection to Confirmation of Plan filed by Creditor U.S. Bank et. al., and 85 Debtor's Objection to Amended Claims #12, #13. Hearing to be held on 6/27/2011 at 02:00 PM Telephone Hearing. (ccb, Law Clerk) (Entered: 05/31/2011) |
| 06/02/2011 | 103 pgs: 9 | Correspondence *regarding recent U.S. Court of Appeals case* Filed by Penny G. Gentges on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. (RE: 101 Court Minutes). (Gentges, Penny) (Entered: 06/02/2011) |
| 06/28/2011 | 104 pgs: 2 | There is no Document No. 104 for this case. This entry was docketed in error.~~Court Minutes for the June 27, 2011 Hearing (RE: 8 Motion to Dismiss Adversary Proceeding Filed by Defendants). (emm, Law Clerk).~~ (Entered: 06/28/2011) |
| 06/28/2011 | 105 pgs: 2 | Court Minutes and Order ~~Granting Motion for Relief From Automatic Stay~~ from Hearing held on June 27, 2011 (Related Doc # 37 ) and(Related Doc # 39 ); Granting Motion To Consolidate on Case 2:09–bk–35931 and 10–2694 (Related Doc # 49 ); ~~Granting Motion to Dismiss Adversary ;~~ Overruling Debtors' Objections to Claims #12 and #13(Related Doc # 85 ) and Sustaining Objection to Confirmation of Plan (Related Doc# 42 ). (jth, Deputy Clerk) (Entered: 06/28/2011) |

| | | |
|---|---|---|
| 06/28/2011 | 106 | Reclassification of Claim(s) number(s) 12,13– Allowed pursuant to Order signed June 28, 2011. (jth, Deputy Clerk) (Entered: 06/28/2011) |
| 06/30/2011 | 107 pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: 105 Order on Motion for Relief From Automatic Stay) Service Date 06/30/2011. (Admin.) (Entered: 07/01/2011) |
| 07/01/2011 | | An adjourned 341 examination was scheduled for 6/30/2011. The trustee reports the hearing is adjourned to Milwaukee, U.S. Courthouse, Room 428 8/11/2011 11:30 AM. Reason(s) for adjournment: Amended Plan. Appearances: Staff Atty For Trustee. (Chapter 13 Milwaukee Office) (Entered: 07/01/2011) |
| 07/06/2011 | 108 pgs: 2 | Order Granting Relief From Stay (Related Doc # 5 ). (jth, Deputy Clerk) (Entered: 07/06/2011) |
| 07/06/2011 | | Disposition of Adversary 2:10–ap–2694–Dismissed. (jth, Deputy Clerk) (Entered: 07/06/2011) |
| 07/07/2011 | 109 pgs: 4 | Correspondence filed by CT . (RE: 105 Order on Motion for Relief From Automatic Stay, Order on Renewed Motion, Order on Motion to Consolidate Case). (jth, Deputy Clerk) (Entered: 07/07/2011) |
| 07/08/2011 | 110 pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: 108 Order on Motion for Relief From Automatic Stay) Service Date 07/08/2011. (Admin.) (Entered: 07/12/2011) |
| 07/18/2011 | 111 pgs: 7 | Motion to Reconsider (related documents 108 Order on Motion for Relief From Automatic Stay) with Notice of Motion and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. Objections due by 8/1/2011. (Hanson, Rollie) (Entered: 07/18/2011) |
| 07/19/2011 | 112 pgs: 23 | Transcript regarding Hearing Held 06/27/2011 RE: Oral Ruling. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 10/17/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber AudioEdge Transcription LLC, Telephone number 973–618–2310. ( 105 Court Minutes) Notice of Intent to Request Redaction Deadline Due By 7/26/2011. Redaction Request Due By 8/9/2011. Redacted Transcript Submission Due By 8/19/2011. Transcript access will be restricted until 10/17/2011. (jth, Deputy Clerk) (Entered: 07/19/2011) |
| 07/19/2011 | 113 pgs: 107 | Transcript regarding Hearing Held 05/25/2011 RE: Objections/Relief from Stay. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 10/17/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber AudioEdge Transcription LLC, Telephone number 973–618–2310. (RE: 101 Court Minutes) Notice of Intent to Request Redaction Deadline Due By 7/26/2011. Redaction Request Due By 8/9/2011. Redacted Transcript Submission Due By 8/19/2011. Transcript access will be restricted until 10/17/2011. (jth, Deputy Clerk) (Entered: 07/19/2011) |
| 07/20/2011 | 114 pgs: 107 | Amended Transcript regarding Hearing Held 05/25/2011 RE: Objections/Relief from Stay. THIS TRANSCRIPT WILL BE MADE |

| | | |
|---|---|---|
| | | ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 10/18/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber AudioEdge Transcription, LLC, Telephone number 973–618–2310. (RE: 101 Court Minutes) Notice of Intent to Request Redaction Deadline Due By 7/27/2011. Redaction Request Due By 8/10/2011. Redacted Transcript Submission Due By 8/22/2011. Transcript access will be restricted until 10/18/2011. (jth, Deputy Clerk) (Entered: 07/20/2011) |
| 07/27/2011 | | Hearing Set (RE: 111 Motion to Reconsider filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) Hearing to be held on 8/9/2011 at 02:45 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin for 111 , (emm, Law Clerk) (Entered: 07/27/2011) |
| 07/29/2011 | 115 pgs: 1 | Notice of Hearing re 111 Debtors' Motion to Reconsider. Hearing to be held on 8/9/2011 at 02:45 PM United States Courthouse at 517 East Wisconsin Avenue, Room 149, Milwaukee, Wisconsin for 111 , (pwm, Judicial Assistant) (Entered: 07/29/2011) |
| 07/30/2011 | 116 pgs: 6 | Response Filed by Edward J. Lesniak of Burke, Warren, MacKay &Serritella, P.C. on behalf of Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4. to 111 Motion to Reconsider (related documents 108 Order on Motion for Relief From Automatic Stay) filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler and Certificate of Service (Lesniak, Edward) (Entered: 07/30/2011) |
| 07/31/2011 | 117 pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: 115 Notice of Hearing) Service Date 07/31/2011. (Admin.) (Entered: 07/31/2011) |
| 08/01/2011 | 118 pgs: 3, 1 | Assignment/Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Citibank South Dakota NA (Claim No. 18) To Citibank, N.A. Court to send Notice of Transfer of Claim. Objections due within 21 days of the date of this notice. Filed by Creditor Citibank, N.A. (Rossi, Lauren) (Entered: 08/01/2011) |
| 08/04/2011 | 119 pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: 118 Notice of Transfer of Claim filed by Creditor Citibank, N.A.) Service Date 08/04/2011. (Admin.) (Entered: 08/05/2011) |
| 08/08/2011 | 120 pgs: 3, 1 | Motion to Modify Plan (RE: 24 Chapter 13 Plan) with Notice of Motion and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. Objections due by 8/29/2011. (Attachments: # Affidavit of Service) (Hanson, Rollie) (Entered: 08/08/2011) |
| 08/08/2011 | 121 pgs: 2 | Motion to Limit Notice (RE: 120 Motion to Modify Plan) and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. (Hanson, Rollie) (Entered: 08/08/2011) |
| 08/11/2011 | 122 pgs: 2 | Order for Payroll Deduction from debtor's income. (Pepper, Pamela) (Entered: 08/11/2011) |
| 08/12/2011 | 123 pgs: 2 | Court Minutes (hearing held on 8/9/2011), and Order Denying Motion To Reconsider (Related Doc # 111 ). (djc, Deputy Clerk) (Entered: 08/12/2011) |
| 08/13/2011 | 124 pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: 122 Order to Pay Wages) Service Date 08/13/2011. (Admin.) (Entered: 08/13/2011) |

| | | |
|---|---|---|
| 08/14/2011 | <u>125</u><br>pgs: 3 | BNC Certificate of Mailing – PDF Document. (RE: <u>123</u> Order on Motion To Reconsider) Service Date 08/14/2011. (Admin.) (Entered: 08/14/2011) |
| 08/15/2011 | | An adjourned 341 examination was scheduled for 8/11/2011. The trustee tentatively recommends confirmation based on the plan filed 8/8/2011. A summary of the terms include $6,841.50/Monthly through August 2011; then $176.00 until the end of the plan for a total of 60 months. (Chapter 13 Milwaukee Office) (Entered: 08/15/2011) |
| 08/22/2011 | <u>126</u><br>pgs: 2, 2 | Amended Motion (related document(s): <u>121</u> Motion to Limit Notice (RE: <u>120</u> Motion to Modify Plan) filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler) and Certificate of Service filed by Rollie R. Hanson on behalf of Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler. (Attachments: # Creditor List) (Hanson, Rollie) (Entered: 08/22/2011) |
| 08/22/2011 | <u>127</u><br>pgs: 34 | Transcript regarding Hearing Held 11/22/2010 RE: Status Hearing: Motion for Relief from Automatic Stay and Objection to Confirmation of Plan. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 11/21/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber AudioEdge Transcription, LLC, Telephone number 973–618–2310. (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Motion to Abandon, <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Notice of Intent to Request Redaction Deadline Due By 8/29/2011. Redaction Request Due By 9/12/2011. Redacted Transcript Submission Due By 9/22/2011. Transcript access will be restricted until 11/21/2011. (jth, Deputy Clerk) (Entered: 08/22/2011) |
| 08/22/2011 | <u>128</u><br>pgs: 17 | Transcript regarding Hearing Held 12/13/2010 RE: Status Hearing: Motion for Relief from Automatic Stay and Objection to Confirmation of Plan. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 11/21/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber AudioEdge Transcription, LLC, Telephone number 973–618–2310. (RE: <u>5</u> Motion for Relief From Automatic Stay filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, Motion to Abandon, <u>42</u> Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Notice of Intent to Request Redaction Deadline Due By 8/29/2011. Redaction Request Due By 9/12/2011. Redacted Transcript Submission Due By 9/22/2011. Transcript access will be restricted until 11/21/2011. (jth, Deputy Clerk) (Entered: 08/22/2011) |
| 08/22/2011 | <u>129</u><br>pgs: 34 | Transcript regarding Hearing Held 01/31/2011 RE: Evidentiary Hearing: Renewed Motion/Letter Renewal and Objection to Confirmation of Plan. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 11/21/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber AudioEdge Transcription, LLC, Telephone number 973–618–2310. (RE: <u>39</u> Renewed Motion/Letter Renewal filed by Creditor U.S. Bank National Association, as Trustee for |

| | | |
|---|---|---|
| | | Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4, 42 Objection to Confirmation of the Plan filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4) Notice of Intent to Request Redaction Deadline Due By 8/29/2011. Redaction Request Due By 9/12/2011. Redacted Transcript Submission Due By 9/22/2011. Transcript access will be restricted until 11/21/2011. (jth, Deputy Clerk) (Entered: 08/22/2011) |
| 08/26/2011 | <u>130</u><br>pgs: 2 | Notice of Appeal Fee Amount $255 Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (RE: <u>108</u> Order on Motion for Relief From Automatic Stay, <u>123</u> Order on Motion To Reconsider). (Hanson, Rollie) (Entered: 08/26/2011) |
| 08/26/2011 | | Receipt of Notice of Appeal(09–35931–pp) [appeal,ntcapl] ( 255.00) Filing Fee. Receipt number 6445584. Fee amount 255.00. (U.S. Treasury) (Entered: 08/26/2011) |
| 08/29/2011 | <u>131</u><br>pgs: 3 | Letter to Appellee (RE: <u>130</u> Notice of Appeal filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler). (jth, Deputy Clerk) (Entered: 08/29/2011) |
| 08/30/2011 | <u>132</u><br>pgs: 1 | Order Approving Amended Application to Waive Notice of Request to Modify Chapter 13 Plan (Related Doc # <u>126</u> ). (jth, Deputy Clerk) (Entered: 08/30/2011) |
| 08/31/2011 | <u>133</u><br>pgs: 4 | BNC Certificate of Mailing – PDF Document. (RE: <u>131</u> Letter to Appellee) Service Date 08/31/2011. (Admin.) (Entered: 08/31/2011) |
| 09/01/2011 | <u>134</u><br>pgs: 2 | BNC Certificate of Mailing – PDF Document. (RE: <u>132</u> Order on Amended Motion) Service Date 09/01/2011. (Admin.) (Entered: 09/01/2011) |
| 09/09/2011 | <u>135</u><br>pgs: 6 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (RE: <u>130</u> Notice of Appeal). Appellee designation due by 09/23/2011. Transmission of Designation Due by 10/11/2011. (Hanson, Rollie) (Entered: 09/09/2011) |
| 09/09/2011 | <u>136</u><br>pgs: 5 | Statement of Issues on Appeal with Certificate of Service, Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (RE: <u>135</u> Appellant Designation). (Hanson, Rollie) (Entered: 09/09/2011) |
| 09/19/2011 | <u>137</u><br>pgs: 2 | Affidavit of No Objection/Response/Answer Filed by Debtor Edward Blaine Kohler, Joint Debtor Patricia Lynn Kohler (Re: <u>120</u> Motion to Modify Plan (RE: <u>24</u> Chapter 13 Plan) ) and Certificate of Service (Hanson, Rollie) (Entered: 09/19/2011) |
| 09/20/2011 | <u>138</u><br>pgs: 2 | Order Confirming Chapter 13 Plan. (jth, Deputy Clerk) (Entered: 09/20/2011) |
| 09/21/2011 | <u>139</u><br>pgs: 3 | Appellee Designation of Contents for Inclusion in Record of Appeal with Certificate of Service Filed by Creditor U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass–Through Certificates, Series 2006–4 (RE: <u>130</u> Notice of Appeal). (Lesniak, Edward) (Entered: 09/21/2011) |

| United States Bankruptcy Court<br>Eastern District of Wisconsin | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Kohler, Edward Blaine** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Kohler, Patricia Lynn** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**xxx-xx-1463** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all)<br>**xxx-xx-2596** |
| Street Address of Debtor (No. and Street, City, and State):<br>**5310 S. Skyline Drive**<br>**New Berlin, WI**  ZIP Code **53151** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**5310 S. Skyline Drive**<br>**New Berlin, WI**  ZIP Code **53151** |
| County of Residence or of the Principal Place of Business:<br>**Waukesha** | County of Residence or of the Principal Place of Business:<br>**Waukesha** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor | Nature of Business | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| (Form of Organization)<br>(Check one box)<br><br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | (Check one box)<br><br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ■ Chapter 7      ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9         of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12      ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13         of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,      ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as         business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| Filing Fee (Check one box)<br><br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br><br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Kohler, Edward Blaine** |
| | **Kohler, Patricia Lynn** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X  /s/ Rollie R. Hanson                          October 28, 2009** |
| | Signature of Attorney for Debtor(s)                      (Date) |
| | **Rollie R. Hanson** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

    ☐ Yes, and Exhibit C is attached and made a part of this petition.

    ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

    ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

    ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

    ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

    ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

               _____
               (Name of landlord that obtained judgment)

               _____
               (Address of landlord)

    ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

    ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

# Voluntary Petition

*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Kohler, Edward Blaine**
**Kohler, Patricia Lynn**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Edward Blaine Kohler**

Signature of Debtor  **Edward Blaine Kohler**

X **/s/ Patricia Lynn Kohler**

Signature of Joint Debtor **Patricia Lynn Kohler**

Telephone Number (If not represented by attorney)

**October 28, 2009**

Date

### Signature of Attorney*

X **/s/ Rollie R. Hanson**

Signature of Attorney for Debtor(s)

**Rollie R. Hanson 1011293**

Printed Name of Attorney for Debtor(s)

**Law Office of Rollie R. Hanson, S.C.**

Firm Name

**6737 W. Washington Street**
**Suite 1420**
**West Allis, WI 53214**

Address

**Email: rollie@hansonlaw.net**
**414-321-9733  Fax: 414-321-9601**

Telephone Number

**October 28, 2009**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X

Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X

Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

X

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re    **Edward Blaine Kohler**
      **Patricia Lynn Kohler**                                           Case No. _____

                                              Debtor(s)         Chapter     **7**   _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
   □ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
   □ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
   □ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Edward Blaine Kohler**
         **Edward Blaine Kohler**
Date:   **October 28, 2009**

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re **Edward Blaine Kohler**
**Patricia Lynn Kohler**

Debtor(s)

Case No. _____

Chapter **7**

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Patricia Lynn Kohler**
                        Patricia Lynn Kohler
Date:    **October 28, 2009**

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re  **Edward Blaine Kohler,**
      **Patricia Lynn Kohler**

                              Debtors

Case No. _____

Chapter _____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 240,000.00 | | |
| B - Personal Property | Yes | 4 | 48,386.54 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 286,277.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 18 | | 201,641.10 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 5,856.78 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 5,875.02 |
| Total Number of Sheets of ALL Schedules | | 32 | | | |
| Total Assets | | | 288,386.54 | | |
| Total Liabilities | | | | 487,918.10 | |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# United States Bankruptcy Court
### Eastern District of Wisconsin

In re   **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**

Case No. _____

Debtors

Chapter          **7**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 5,856.78 |
| Average Expenses (from Schedule J, Line 18) | 5,875.02 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,568.84 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 44,933.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 201,641.10 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 246,574.10 |

In re   **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**
                                       **Debtors**

Case No. _____

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **5310 S. Skyline Dr., New Berlin, WI 53151** | **Fee Simple** | **C** | **240,000.00** | **280,986.00** |
| **Legal Description: Lot Fifteen(15), Block Four(4), Maryknoll Heights Addition No. 1, being a Subdivision of a part of the West One-half(1/2) of the Southwest One-quarter(1/4) of Section Twenty-five(25), Township Six(6) North, Range Twenty(20) East, City of New Berlin, Waukesha County , Wisconsin** | | | | |
| **Tax Parcel No: NBC1251-152** | | | | |

|  |  |  |
|---|---|---|
| Sub-Total > | **240,000.00** | (Total of this page) |
| Total > | **240,000.00** | |
|  | | (Report also on Summary of Schedules) |

__0__    continuation sheets attached to the Schedule of Real Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    **Edward Blaine Kohler,**                            Case No. _____

          **Patricia Lynn Kohler**

                                     Debtors,

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

    **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand** | C | 30.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Chase Bank - checking** | C | 342.12 |
| | | **National City - checking** | C | 74.91 |
| | | **Associated Bank - business checking for Family First Mortgage LLC** | C | 2.87 |
| | | **National City - savings** | C | 4.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **2 Television (800);1 VCR (40); 2 DVD player (150); 2 Boombox (50);1 Personal electronics (50); 2 Couch/sofa (400); 2 Chairs (200); 1 Loveseat (200); 4 tables (300); 1 Entertainment center (100); 7 Lamps (200); 1 Table/chairs (200); 2 Vacuum cleaner (750); 1 Stove (100); 2 Refrigerator (700); 1 Microwave (30); 3 Small kitchen appliances (100); 1 Washer (250); 1 Dryer (250); Cooking utensils (150); 3 Beds (2500);6 Dresser/nightstand (600); 2 Luggage sets(300); 2 Desktop computer (500);1 Laptop computer (350); 2 Fax/printer (100); 1 Lawn mower (700); 1 Snow blower (200)** | C | 10,570.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Pictures, knickknacks (2500); Multimedia collection (400)** | C | 2,900.00 |
| 6. Wearing apparel. | | **All wearing apparel** | C | 4,000.00 |
| 7. Furs and jewelry. | | **Costume jewelry (1000); Gold necklace (300); Gold braclet (250); Anniversary ring, wedding rings, earrings (4000)** | C | 5,550.00 |

|  | Sub-Total >  | 23,473.90 |
|---|---|---|
|  | (Total of this page) |  |

__3__   continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

    Best Case Bankruptcy

In re    **Edward Blaine Kohler,**
         **Patricia Lynn Kohler**
                                    ,
                             Debtors

Case No. _____

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 8.   Firearms and sports, photographic, and other hobby equipment. | | **9mm pistol & 20 gauge shotgun (350)** | **C** | **350.00** |
| | | **2 Digital camera (250)** | **C** | **250.00** |
| | | **Household tools :air compressor, drill, sawsall, circle saw, wrenches, hammer, screwdrivers, pliers, 10" table saw, weedwacker, trimmer leaf blower, garden tools, hoses (1700)** | **C** | **1,700.00** |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **TIAACREF Retirement account** | **C** | **19.56** |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Weekly paycheck** | **C** | **820.05** |
| | | **Biweekly paycheck** | **C** | **1,063.03** |

                                          Sub-Total >      **4,202.64**
                                      (Total of this page)

Sheet  **1**  of  **3**  continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re    **Edward Blaine Kohler,**                     Case No. _____
           **Patricia Lynn Kohler**

_____ ,
                       Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2002 Ford Sport Track** | C | 6,900.00 |
| | | **2004 Hyundai Santa Fe LX** | C | 9,200.00 |
| | | **1986 Yamaha 700 Motorcycle** | C | 800.00 |
| 26. Boats, motors, and accessories. | | **1993 Stratos FS 120 HP Evinrude** | C | 3,800.00 |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |

                                                   Sub-Total >      **20,700.00**
                                                  (Total of this page)

Sheet   **2**   of   **3**   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037
Best Case Bankruptcy

In re    **Edward Blaine Kohler,**
           **Patricia Lynn Kohler**                                   Case No. _____

                                            Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 30. Inventory. | X | | | |
| 31. Animals. | | **1 Dog - Eskimo/poodle** | C | 10.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| Sub-Total > | | **10.00** |
| (Total of this page) | | |
| Total > | | **48,386.54** |

(Report also on Summary of Schedules)

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                     Best Case Bankruptcy

.

In re    **Edward Blaine Kohler,**
         **Patricia Lynn Kohler,**

                                         Debtors

Case No. _____

,

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
■ 11 U.S.C. §522(b)(2)
☐ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$136,875.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property** | | | |
| **5310 S. Skyline Dr., New Berlin, WI 53151** | 11 U.S.C. § 522(d)(1) | 0.00 | 240,000.00 |
| **Legal Description: Lot Fifteen(15), Block Four(4), Maryknoll Heights Addition No. 1, being a Subdivision of a part of the West One-half(1/2) of the Southwest One-quarter(1/4) of Section Twenty-five(25), Township Six(6) North, Range Twenty(20) East, City of New Berlin, Waukesha County , Wisconsin** | | | |
| **Tax Parcel No: NBC1251-152** | | | |
| **Cash on Hand** | | | |
| **Cash on hand** | 11 U.S.C. § 522(d)(5) | 30.00 | 30.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Chase Bank - checking** | 11 U.S.C. § 522(d)(5) | 342.12 | 342.12 |
| **National City - checking** | 11 U.S.C. § 522(d)(5) | 74.91 | 74.91 |
| **Associated Bank - business checking for Family First Mortgage LLC** | 11 U.S.C. § 522(d)(5) | 2.87 | 2.87 |
| **National City - savings** | 11 U.S.C. § 522(d)(5) | 4.00 | 4.00 |
| **Household Goods and Furnishings** | | | |
| **2 Television (800);1 VCR (40); 2 DVD player (150); 2 Boombox (50);1 Personal electronics (50); 2 Couch/sofa (400); 2 Chairs (200); 1 Loveseat (200); 4 tables (300); 1 Entertainment center (100); 7 Lamps (200); 1 Table/chairs (200); 2 Vacuum cleaner (750); 1 Stove (100); 2 Refrigerator (700); 1 Microwave (30); 3 Small kitchen appliances (100); 1 Washer (250); 1 Dryer (250); Cooking utensils (150); 3 Beds (2500);6 Dresser/nightstand (600); 2 Luggage sets(300); 2 Desktop computer (500);1 Laptop computer (350); 2 Fax/printer (100); 1 Lawn mower (700); 1 Snow blower (200)** | 11 U.S.C. § 522(d)(3) | 10,570.00 | 10,570.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Pictures, knickknacks (2500); Multimedia collection (400)** | 11 U.S.C. § 522(d)(3) | 2,900.00 | 2,900.00 |
| **Wearing Apparel** | | | |
| **All wearing apparel** | 11 U.S.C. § 522(d)(3) | 4,000.00 | 4,000.00 |
| **Furs and Jewelry** | | | |
| **Costume jewelry (1000); Gold necklace (300); Gold braclet (250); Anniversary ring, wedding rings, earrings (4000)** | 11 U.S.C. § 522(d)(4) <br> 11 U.S.C. § 522(d)(5) | 2,700.00 <br> 2,850.00 | 5,550.00 |

    __1__    continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**                          Case No. _____

        **Patricia Lynn Kohler,**

                                    ,

                            Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| 9mm pistol & 20 gauge shotgun (350) | 11 U.S.C. § 522(d)(5) | 350.00 | 350.00 |
| 2 Digital camera (250) | 11 U.S.C. § 522(d)(3) | 250.00 | 250.00 |
| Household tools :air compressor, drill, sawsall, circle saw, wrenches, hammer, screwdrivers, pliers, 10" table saw, weedwacker, trimmer leaf blower, garden tools, hoses (1700) | 11 U.S.C. § 522(d)(3) | 1,700.00 | 1,700.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| TIAACREF Retirement account | 11 U.S.C. § 522(d)(12) | 19.56 | 19.56 |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| Weekly paycheck | 11 U.S.C. § 522(d)(5) | 820.05 | 820.05 |
| Biweekly paycheck | 11 U.S.C. § 522(d)(5) | 1,063.03 | 1,063.03 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| 2002 Ford Sport Track | 11 U.S.C. § 522(d)(5) | 6,900.00 | 6,900.00 |
| 2004 Hyundai Santa Fe LX | 11 U.S.C. § 522(d)(2) 11 U.S.C. § 522(d)(5) | 6,450.00 2,750.00 | 9,200.00 |
| 1986 Yamaha 700 Motorcycle | 11 U.S.C. § 522(d)(5) | 800.00 | 800.00 |
| **Boats, Motors and Accessories** | | | |
| 1993 Stratos FS 120 HP Evinrude | 11 U.S.C. § 522(d)(5) | 2,456.00 | 3,800.00 |
| **Animals** | | | |
| 1 Dog - Eskimo/poodle | 11 U.S.C. § 522(d)(5) | 10.00 | 10.00 |

|  |  |  |
|---|---|---|
| Total: | 47,042.54 | 288,386.54 |

Sheet \_\_\_**1**\_\_\_ of \_\_\_**1**\_\_\_ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

         Best Case Bankruptcy

In re **Edward Blaine Kohler,**         Case No. _____
     **Patricia Lynn Kohler**

_____ ,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. xxxxxxxx5501<br><br>**Chase Manhattan Mortgage**<br>**Attention: Research Dept. G7-PP**<br>**3415 Vision Drive**<br>**Columbus, OH 43219** | | | | C | Opened 4/01/06 Last Active 9/14/09<br>**First Mortgage**<br>5310 S. Skyline Dr., New Berlin, WI 53151<br>Legal Description: Lot Fifteen(15), Block Four(4), Maryknoll Heights Addition No. 1, being a Subdivision of a part of the West One-half(1/2) of the Southwest | | | | | |
| | | | | | Value $      240,000.00 | | | | 226,193.00 | 0.00 |
| Account No. 4650023305519<br><br>**Chase Manhattan Mortgage**<br>**Attention: Research Dept. G7-PP**<br>**3415 Vision Drive**<br>**Columbus, OH 43219** | | | | C | Opened 4/01/06 Last Active 7/09/09<br>**Second Mortgage**<br>5310 S. Skyline Dr., New Berlin, WI 53151<br>Legal Description: Lot Fifteen(15), Block Four(4), Maryknoll Heights Addition No. 1, being a Subdivision of a part of the West One-half(1/2) of the Southwest | | | | | |
| | | | | | Value $      240,000.00 | | | | 54,793.00 | 40,986.00 |
| Account No. 3841425500001<br><br>**Marshall & Ilsley Bank**<br>**Attn: Bankruptcy**<br>**770 N Water St**<br>**Milwaukee, WI 53202** | | H | | | Opened 8/01/05 Last Active 12/22/08<br><br>**InstallmentSalesContract** | | | | | |
| | | | | | Value $      0.00 | | | | 3,947.00 | 3,947.00 |
| Account No. xxxxxxxx2214<br><br>**North Shore Bank SSB**<br>**15700 W. Bluemound**<br>**Brookfield, WI 53005** | | H | | | Opened 5/01/05 Last Active 9/25/09<br><br>**Boat Loan**<br><br>**1993 Stratos FS 120 HP Evinrude** | | | | | |
| | | | | | Value $      3,800.00 | | | | 1,344.00 | 0.00 |

  **0**   continuation sheets attached

| | Subtotal<br>(Total of this page) | 286,277.00 | 44,933.00 |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 286,277.00 | 44,933.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

In re   **Edward Blaine Kohler,**
**Patricia Lynn Kohler**

Case No. _____

                  Debtors    ,

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

      1    continuation sheets attached

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
    **Patricia Lynn Kohler**

Case No. _____

Debtors ,

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | | |
| Account No. | | | | For notification purposes | | | | | | |
| **Internal Revenue Service Insolvency, Stop 5301 MIL 211 W. Wisconsin Avenue Milwaukee, WI 53203** | C | | | | | | | | 0.00 | |
| | | | | | | | | 0.00 | | 0.00 |
| Account No. | | | | For notification purposes | | | | | | |
| **Wisconsin Department of Revenue Insolvency Unit PO Box 8901 Madison, WI 53708** | C | | | | | | | | 0.00 | |
| | | | | | | | | 0.00 | | 0.00 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |

Sheet **1** of **1** continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | 0.00 | |
| (Total of this page) | 0.00 | 0.00 |
| Total | 0.00 | |
| (Report on Summary of Schedules) | 0.00 | 0.00 |

In re  **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**

Case No. _____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx2787** <br><br> **Advanta Bank Corp** <br> **Po Box 844** <br> **Spring House, PA 19477** | X | H | | **Opened 10/01/06  Last Active  3/31/08** <br> **Corporate liability - possible personal claim** | | | | **4,293.00** |
| Account No. <br><br> **Representing:** <br> **Advanta Bank Corp** | | | | **Advanta Bank Corp.** <br> **PO Box 30715** <br> **Salt Lake City, UT 84130-0715** | | | | |
| Account No. **xxxx-xxxxxx-x1008** <br><br> **American Express** <br> **PO Box 981535** <br> **El Paso, TX 79998-1535** | X | C | | **Corporate liability - possible personal claim** | | | | **14,525.24** |
| Account No. <br><br> **Representing:** <br> **American Express** | | | | **NCO Financial Systems Inc.** <br> **507 Prudential Rd** <br> **Horsham, PA 19044** | | | | |

___17___ continuation sheets attached

| | Subtotal (Total of this page) | **18,818.24** |
|---|---|---|

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037    S/N:25879-091012    Best Case Bankruptcy

In re    **Edward Blaine Kohler,**
         **Patricia Lynn Kohler**

Case No. _____

_____,
                                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. <br><br>**Representing:** <br>**American Express** | | | | **Viking Collection Service** <br>**P.O. Box 59207** <br>**Minneapolis, MN 55459** | | | | |
| Account No. **xxxxxxxx4791** <br><br>**American General Finance** <br>**1407 Summit Ave** <br>**Waukesha, WI 53188-8242** | | H | | **Opened  6/01/07  Last Active  3/25/08** <br>**Money Judgment Waukesha County** <br>**Case Number 08SC005625** | | | | **3,923.10** |
| Account No. <br><br>**Representing:** <br>**American General Finance** | | | | **Tadych Law Office, S.C.** <br>**5232 W. Oklahoma Ave. Suite 200** <br>**Milwaukee, WI 53219** | | | | |
| Account No. **xxx-xxx-xxxx-092-6** <br><br>**AT & T** <br>**PO Box 8100** <br>**Aurora, IL 60507-8100** | X | C | | **2008** <br>**Corporate liability - possible personal claim** | | | | **1,046.75** |
| Account No. <br><br>**Representing:** <br>**AT & T** | | | | **Allied Interstate Inc.** <br>**3000 Corporate Exchange Drive** <br>**Columbus, OH 43231** | | | | |

Sheet no. __**1**___ of __**17**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

| |
|---|
| **4,969.85** |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
**Patricia Lynn Kohler**

Case No. _____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No.<br><br>Representing:<br>AT & T | | | | IC System Inc<br>606 George Street<br>La Crosse, WI 54603 | | | | |
| Account No. **09**<br><br>**Bank Of America**<br>**Po Box 17054**<br>**Wilmington, DE 19850** | | H | | Opened 3/01/08 Last Active 7/29/09<br>CheckCreditOrLineOfCredit | | | | 0.00 |
| Account No. **xxxx-xxxx-xxxx-6433**<br><br>**Barclays Bank Delaware**<br>**Attention: Customer Support**<br>**Department**<br>**Po Box 8833**<br>**Wilmington, DE 19899** | | C | | Opened 6/01/06 Last Active 11/21/08<br>Credit Card | | | | 1,942.47 |
| Account No.<br><br>Representing:<br>Barclays Bank Delaware | | | | Firstsource Advantage, LLC<br>205 Bryant Woods South<br>Amherst, NY 14228 | | | | |
| Account No.<br><br>Representing:<br>Barclays Bank Delaware | | | | Northstar Location Services, LLC<br>Attn: Financial Services Dept.<br>4285 Genesee Street<br>Cheektowaga, NY 14225-1943 | | | | |

Sheet no. __2___ of __17___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,942.47**

Case 09-35931-pp    Doc 1    Filed 11/03/09    Page 22 of 71    Best Case Bankruptcy

In re  **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xxxx-xxxx-xxxx-2939** | | | | | Opened 7/01/06 Last Active 8/07/08 Credit Card | | | | |
| **Barclays Bank Delaware Attention: Customer Support Department Po Box 8833 Wilmington, DE 19899** | H | | | | | | | | 3,742.00 |
| Account No. | | | | | Allied International Credit Corp. (US) 100 East Shore Drive, 3rd Floor Glen Allen, VA 23059 | | | | |
| Representing: **Barclays Bank Delaware** | | | | | | | | | |
| Account No. **xxxx-xxxx-xxxx-5167** | | | | | Opened 5/01/04 Last Active 3/11/08 Credit Card | | | | |
| **Capital 1 Bank Attn: C/O TSYS Debt Management Po Box 5155 Norcross, GA 30091** | H | | | | | | | | 3,386.00 |
| Account No. | | | | | GC Services Limited Partnership Collection Agency Division 6330 Gulfton Street, Suite 400 Houston, TX 77081 | | | | |
| Representing: **Capital 1 Bank** | | | | | | | | | |
| Account No. **xxxx-xxxx-xxxx-5582** | | | | | Opened 6/01/06 Last Active 9/22/08 Credit Card | | | | |
| **Capital 1 Bank Attn: C/O TSYS Debt Management Po Box 5155 Norcross, GA 30091** | C | | | | | | | | 3,200.00 |

Sheet no. __3__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**10,328.00**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
**Patricia Lynn Kohler**

_____,
Debtors

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxx-xxxx-xxxx-3895** <br><br> **Capital One Bank USA NA** <br> **2730 Liberty Ave** <br> **Pittsburgh, PA 15222** | X | C | | **Suit filed 10/22/09** <br> **Business credit card/Corporate liability - possible personal claim -- Civil suit -- Capital One Bank USA, NA v. Edward B. Kohler, et al.** | | | | **6,909.77** |
| Account No. <br><br> **Representing:** <br> **Capital One Bank USA NA** | | | | **Capital One Bank USA, NA** <br> **f/k/a Capital One Bank** <br> **140 E. Shore Drive** <br> **12017-0380** <br> **Glen Allen, VA 23059** | | | | |
| Account No. <br><br> **Representing:** <br> **Capital One Bank USA NA** | | | | **Kohn Law Firm** <br> **312 East Wisconsin Avenue #501** <br> **Milwaukee, WI 53202-4305** | | | | |
| Account No. **57-01-50702160015** <br><br> **Capital One, N.A.** <br> **2730 Liberty Ave** <br> **Pittsburgh, PA 15222** | X | H | | **Opened  6/01/06  Last Active  3/09/07** <br> **Business Loan/Corporate liability - possible personal claim** <br> **Money Judgment** <br> **Waukesha County Case NO 09CV004241** | | | | **33,664.01** |
| Account No. <br><br> **Representing:** <br> **Capital One, N.A.** | | | | **Capital One** <br> **PO Box 1366** <br> **Pittsburgh, PA 15230** | | | | |

Sheet no. __4__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**40,573.78**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
      **Patricia Lynn Kohler**

Case No. _____

_____,
                             Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br>**Representing:**<br>**Capital One, N.A.** | | | **Coface Collections North America, Inc.**<br>**PO Box 8510**<br>**Metairie, LA 70011-8510** | | | | |
| Account No.<br>**Representing:**<br>**Capital One, N.A.** | | | **Kohn Law Firm**<br>**Attorney Elaine M Landis**<br>**312 East Wisconsin Avenue #501**<br>**Milwaukee, WI 53202-4305** | | | | |
| Account No. **xxxx9423**<br>**Chase Bank**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | C | | **Opened 8/01/09**<br>**Credit card** | | | | **4,233.00** |
| Account No.<br>**Representing:**<br>**Chase Bank** | | | **Asset Acceptance, LLC**<br>**PO Box 2036**<br>**Warren, MI 48090-2036** | | | | |
| Account No. **6035320116533793**<br>**Citibank Usa**<br>**Attn.: Centralized Bankruptcy**<br>**Po Box 20507**<br>**Kansas City, MO 64195** | H | | **Opened 4/12/03 Last Active 1/14/07**<br>**ChargeAccount** | | | | **0.00** |

Sheet no. __5__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,233.00**

In re **Edward Blaine Kohler,**
         **Patricia Lynn Kohler**

Case No. _____

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Bill # 41092** <br><br> **City of New Berlin** <br> **3805 South Casper Drive** <br> **New Berlin, WI 53151** | C | | **2008-2009** <br> **Sewer, water bill** | | | | **1,046.34** |
| Account No. **546283182101** <br><br> **Direct Merchants Bank** <br> **Card Member Services - GSC** <br> **Po Box 5246** <br> **Carol Stream, IL 60197** | C | | **Opened 10/30/03 Last Active 8/07/08** <br> **CreditCard** | | | | **0.00** |
| Account No. **xxxx-xxxx-xxxx-5009** <br><br> **Discover Fin Svcs Llc** <br> **Po Box15316** <br> **Wilmington, DE 19850** | H | | **Opened 4/01/08 Last Active 3/31/09** <br> **Money Judgment 10/12/09** <br> **Waukesha County Case No. 09SC005127** | | | | **2,342.14** |
| Account No. <br><br> Representing: <br> **Discover Fin Svcs Llc** | | | **Kohn Law Firm** <br> **Attorney Elaine M. Landis** <br> **312 East Wisconsin Avenue #501** <br> **Milwaukee, WI 53202-4305** | | | | |
| Account No. <br><br> **Equifax** <br> **PO Box 144717** <br> **Orlando, FL 32814** | C | | **For notification purposes** | | | | **0.00** |

| Sheet no. **6** of **17** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **3,388.48** |
|---|---|---|

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
     **Patricia Lynn Kohler**

Case No. _____

_____,
                                  Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Experian** <br> **Profile Maintenance** <br> **PO Box 9558** <br> **Allen, TX 75013** | | C | For notification purposes | | | | 0.00 |
| Account No. **xxxx-xxxx-xxxx-2106** <br><br> **First Equity Card Corp** <br> **PO Box 23029** <br> **Columbus, GA 31902-3029** | X | C | Corporate liability - possible personal claim | | | | 17,067.00 |
| Account No. <br><br> Representing: <br> **First Equity Card Corp** | | | **LHR Inc** <br> **56 Main St.** <br> **Collection for First Equity** <br> **Hamburg, NY 14075** | | | | |
| Account No. **xxxxxxxxxxx3142** <br><br> **GE Money Bank/Care Credit** <br> **Po Box 981439** <br> **El Paso, TX 79998** | | H | Opened 2/01/06 Last Active 2/25/08 <br> Charge Account | | | | 8,300.74 |
| Account No. <br><br> Representing: <br> **GE Money Bank/Care Credit** | | | **Arrow Financial Services, LLC** <br> **5996 W. Touhy Avenue** <br> **Niles, IL 60714** | | | | |

Sheet no. __7__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**25,367.74**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re  **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. xxxxxxxxxxxx4477<br><br>**GE Money Bank/JC Penney**<br>**Attention: Bankruptcy**<br>**Po Box 103106**<br>**Roswell, GA 30076** | | H | | **Opened 4/04/05 Last Active 9/23/08**<br>**Charge Account** | | | | 421.55 |
| Account No.<br><br>Representing:<br>**GE Money Bank/JC Penney** | | | | **Allied Interstate Inc.**<br>**3000 Corporate Exchange Drive**<br>**Columbus, OH 43231** | | | | |
| Account No. xxxxxxxxxxxx2575<br><br>**GE Money Bank/Select Comfort**<br>**PO Box 981439**<br>**El Paso, TX 79998** | | C | | **Opened 9/05/06 Last Active 7/02/08**<br>**Charge Account** | | | | 3,475.19 |
| Account No.<br><br>Representing:<br>**GE Money Bank/Select Comfort** | | | | **Academy Collection Service, Inc.**<br>**10965 Decatur Rd**<br>**Philadelphia, PA 19154-3210** | | | | |
| Account No.<br><br>Representing:<br>**GE Money Bank/Select Comfort** | | | | **GE Money Bank**<br>**P.O. Box 981127**<br>**El Paso, TX 79998-1127** | | | | |

Sheet no. __8___ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,896.74

Case 09-35931pp    Doc 1    Filed 11/03/09    Page 28 of 71    Best Case Bankruptcy

In re    **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**                                   Case No. _____

                                                      Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J | C | | | | | |
| Account No. **Representing: GE Money Bank/Select Comfort** | | | | | | Leading Edge Recovery Solutions, LLC 5440 N. Cumberland Avenue, Suite 300 Chicago, IL 60656-1490 | | | | |
| Account No. **601859623576** **GEMB / Old Navy Attention: Bankruptcy Po Box 103106 Roswell, GA 30076** | C | | | | | Opened 5/14/06 Last Active 7/22/08 ChargeAccount | | | | 0.00 |
| Account No. **601859503295** **Gemb/gap Po Box 981400 El Paso, TX 79998** | C | | | | | Opened 7/01/03 Last Active 10/28/08 ChargeAccount | | | | 0.00 |
| Account No. **3626203** **Hilco Rec 5 Revere Dr Ste 510 Northbrook, IL 60062** | H | | | | | Opened 6/01/09 FactoringCompanyAccount Ge Money | | | | 422.00 |
| Account No. **xxxx-xxxx-xxxx-0520** **Hilco Receivables Assignee of Chase Bank USA NA 5 Revere Drive Suite 415 Northbrook, IL 60062** | C | | | | | Money Judgment Waukesha County Circuit Court Case No. 09CV003670 | | | | 10,850.72 |

Sheet no. __9__ of __17__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims              Subtotal (Total of this page)        **11,272.72**

In re    **Edward Blaine Kohler,**
         **Patricia Lynn Kohler**

Case No. _____

_____,
                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Representing:**<br>**Hilco Receivables** | | | **Kohn Law Firm**<br>**312 East Wisconsin Avenue #501**<br>**Milwaukee, WI 53202-4305** | | | | |
| Account No. **xxxx-xxxx-xxxx-4040**<br><br>**Home Depot CitiCorp MasterCard**<br>**PO Box 689147**<br>**Des Moines, IA 50368-9147** | X | C | **Corporate liability - possible personal claim** | | | | 24,940.34 |
| Account No.<br><br>**Representing:**<br>**Home Depot CitiCorp MasterCard** | | | **McCarthy, Burgess & Wolff**<br>**26000 Cannon Road**<br>**Cleveland, OH 44146** | | | | |
| Account No. **2452228812**<br><br>**Household Mortgage Services**<br>**Po Box 9068**<br>**Brandon, FL 33509** | | C | **Opened 4/01/06 Last Active 9/18/09**<br>**ChargeAccount** | | | | 205.00 |
| Account No. **xxxxxxxxxxx8830**<br><br>**HSBC Bank**<br>**PO Box 5253**<br>**Carol Stream, IL 60197-5241** | | H | **Opened 11/01/03 Last Active 3/27/08**<br>**Credit Card** | | | | 6,328.00 |

| | | |
|---|---|---|
| Sheet no. __10__ of __17__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | 31,473.34 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
    **Patricia Lynn Kohler**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Representing: HSBC Bank** | | | **Forester & Garbus PO Box 9030 Farmingdale, NY 11735-9030** | | | | |
| Account No. **xxxx-xxxx-xxxx-7231** **HSBC Bank Attn: Bankruptcy PO Box 5253 Carol Stream, IL 60197** | | H | **Credit Card** | | | | 1,205.66 |
| Account No. **xxxx-xxxx-xxxx-7019** **HSBC Bank Attn: Bankruptcy PO Box 5253 Carol Stream, IL 60197-5241** | | C | **Opened 10/30/03 Last Active 10/09/08 Credit Card** | | | | 3,433.16 |
| Account No. **xxxxxx5672** **Hsbc Bank Nevada N.A. c/o Midland Credit Mgmt 8875 Aero Dr Ste 200 San Diego, CA 92123** | | C | **Opened 6/01/09 Credit card** | | | | 3,906.00 |
| Account No. **Representing: Hsbc Bank Nevada N.A.** | | | **Encore Receivable Management, Inc. 400 N. Rogers Road PO Box 3330 Olathe, KS 66063-3330** | | | | |

Sheet no. __11__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**8,544.82**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re **Edward Blaine Kohler,**
     **Patricia Lynn Kohler**

Case No. _____

_____,
                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxx7252** <br><br> **Kohls/Chase** <br> **N56 W 17000 Ridgewood Dr** <br> **Menomonee Falls, WI 53051** | | C | **Opened 10/01/04  Last Active  9/05/08** <br> **Credit Card** | | | | **2,580.00** |
| Account No. **xxx0750** <br><br> **Landmark Credit Union** <br> **2775 S. Moorland Rd.** <br> **New Berlin, WI 53151** | | C | **Checking account** | | | | **74.76** |
| Account No. <br><br> Representing: <br> **Landmark Credit Union** | | | **ChexSystems Collection Agency** <br> **Trust Department 2691** <br> **Los Angeles, CA 90084-2691** | | | | |
| Account No. <br><br> Representing: <br> **Landmark Credit Union** | | | **ChexSystems Collection Agency** <br> **7805 Hudson Rd. Suite 100** <br> **Woodbury, MN 55125** | | | | |
| Account No. <br><br> Representing: <br> **Landmark Credit Union** | | | **Global Recovery Serv. India Private Ltd.** <br> **Attn CCA** <br> **7805 Hudson Road Suite 100** <br> **Woodbury, MN 55125** | | | | |

Sheet no. __12__ of __17__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**2,654.76**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Edward Blaine Kohler,**
**Patricia Lynn Kohler**

Case No. _____

Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxx8420<br><br>Macys/fdsb<br>Macy's Bankruptcy<br>Po Box 8053<br>Mason, OH 45040 | | C | Opened 10/01/06  Last Active  7/15/09<br>Charge Account | | | | 178.00 |
| Account No. 753901443600001<br><br>Marshall & Ilsley Bank<br>Attn: Bankruptcy<br>770 N Water St<br>Milwaukee, WI 53202 | | C | Opened 12/01/95  Last Active  3/01/02<br>CreditLineSecured | | | | 0.00 |
| Account No. K531<br><br>North Shore Office Services, I<br>11049 N. Port Washington Road<br>Mequon, WI 53092-5032 | | C | 2008-2009<br>Goods and services | | | | 380.00 |
| Account No. Inv#403002108/Cust#295555<br><br>Ricoh Americas Corporation<br>5 Dedrick Place<br>Caldwell, NJ 07006 | X | C | 2008<br>Corporate liability - possible personal claim | | | | 211.20 |
| Account No. xxxxx1135<br><br>SKO Brenner American, Inc.<br>40 Daniel Street<br>Farmingdale, NY 11735 | | C | 2009<br>Goods and services | | | | 45.85 |

Sheet no. __13__ of __17__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

815.05

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037     Best Case Bankruptcy

In re  **Edward Blaine Kohler,**
     **Patricia Lynn Kohler**

Case No. _____

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xxxx-xxxx-xxxx-6695**<br><br>**Target National Bank-Visa**<br>**PO Box 9475**<br>**Minneapolis, MN 55440** | | | C | | Opened 11/01/01  Last Active 11/02/08<br>Credit Card | | | | 3,354.00 |
| Account No. **B467745**<br><br>**TDS Metrocom- Waukesha**<br>**PO Box 1001**<br>**Monroe, WI 53566-8101** | X | | C | | Telephone services | | | | 694.80 |
| Account No.<br><br>Representing:<br>**TDS Metrocom- Waukesha** | | | | | **The H.E. Stark Agency, Inc**<br>**6425 Odana Rd.**<br>**PO Box 45710**<br>**Madison, WI 53744-5710** | | | | |
| Account No.<br><br>**Trans Union Corporation**<br>**Attn: Public Records Department**<br>**555 West Adams Street**<br>**Chicago, IL 60661** | | | C | | For notification purposes | | | | 0.00 |
| Account No. **xxxx-xxxx-xxxx-0520**<br><br>**Washington Mutual / Providian**<br>**Attn: Bankruptcy Dept.**<br>**Po Box 10467**<br>**Greenville, SC 29603** | | | C | | Opened 12/31/02  Last Active 12/15/08<br>Credit Card | | | | 10,640.82 |

Sheet no. __**14**__ of __**17**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

14,689.62

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re   **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**

Case No. _____

                                  Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Representing: Washington Mutual / Providian** | | | **Apex Financial Management, LLC PO Box 2189 Northbrook, IL 60065-2189** | | | | |
| Account No. **Representing: Washington Mutual / Providian** | | | **Bureau of Collection Recovery, Inc. 7575 Corporate Way Eden Prairie, MN 55344** | | | | |
| Account No. **Representing: Washington Mutual / Providian** | | | **FMA Alliance LTD 11811 N. Freeway, #900 Houston, TX 77060** | | | | |
| Account No. **Representing: Washington Mutual / Providian** | | | **Hilco Receivables, LLC Collection for WAMU/Chase # 3308004 5 Revere Drive Suite 510 Northbrook, IL 60062** | | | | |
| Account No. **xxxx-xxxx-xxxx-4673** **Washington Mutual / Providian Attn: Bankruptcy Department PO Box 10467 Greenville, SC 29603** | C | | **Credit Card** | | | | 8,872.30 |

Sheet no. __**15**__ of __**17**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**8,872.30**

In re    **Edward Blaine Kohler,**
     **Patricia Lynn Kohler**

Case No. _____

_____ ,
                 Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br> **Representing:** <br> **Washington Mutual / Providian** | | | **IC System Inc** <br> **606 George Street** <br> **La Crosse, WI 54603** | | | | |
| Account No. **4559-9076-5452-9661** <br><br> **Washington Mutual / Providian** <br> **Attn: Bankruptcy Department** <br> **PO Box 10467** <br> **Greenville, SC 29603** | C | | **Credit Card** | | | | **3,972.19** |
| Account No. **Kx0639** <br><br> **Wauwatosa Dental Group, S.C.** <br> **2600 N. Mayfair Rd.** <br> **Wauwatosa, WI 53226-1309** | C | | **2008** <br> **Medical bill** | | | | **306.00** |
| Account No. **xx9487** <br><br> **We Energies** <br> **333 W. Everett Street** <br> **Rm A130** <br> **Attn: Jill Castillo** <br> **Milwaukee, WI 53203** | C | | **Opened 4/21/05 Last Active 5/01/09** <br> **Utilities** | | | | **3,101.00** |
| Account No. **4094953370** <br><br> **We Energies** <br> **333 W. Everett Street** <br> **Rm A130** <br> **Attn: Jill Castillo** <br> **Milwaukee, WI 53203** | C | | **Opened 5/01/09 Last Active 9/25/09** <br> **Utilities** | | | | **902.00** |

Sheet no. __**16**__ of __**17**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    **8,281.19**

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Edward Blaine Kohler,**
       **Patricia Lynn Kohler**

Case No. _____

_____,
                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxx5414**<br><br>**Wells Fargo Financial**<br>**10855 W. Park Pl. Ste 3**<br>**Milwaukee, WI 53224-3600** | | H | Opened 5/01/08 Last Active 12/31/08<br>Loan | | | | **1,193.00** |
| Account No. **xxx5283**<br><br>**Wheaton Franciscan Healthcare**<br>**Elmbrook Memorial**<br>**PO 68-9540**<br>**Milwaukee, WI 53268-9540** | | C | 4/1/2008<br>Medical bill | | | | **326.00** |
| Account No.<br><br>Representing:<br>**Wheaton Franciscan Healthcare** | | | CB Accounts Inc<br>1101 Main St Suite<br>Peoria, IL 61606 | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

| | Sheet no. __17__ of __17__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal<br>(Total of this page) | **1,519.00** |
|---|---|---|---|
| | | Total<br>(Report on Summary of Schedules) | **201,641.10** |

In re     **Edward Blaine Kohler,**                          Case No. _____
          **Patricia Lynn Kohler**

_____,
                                  Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
|---|---|
|  |  |

**0**
\_\_\_\_\_ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

.

In re    **Edward Blaine Kohler,**                  Case No. _____

        **Patricia Lynn Kohler**

                                   Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Family First LLC**<br>**5310 S. Skyline Dr.**<br>**New Berlin, WI 53151** | **American Express**<br>**PO Box 981535**<br>**El Paso, TX 79998-1535** |
| **Family First Mortgage LLC**<br>**4100 W. Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215** | **Advanta Bank Corp**<br>**Po Box 844**<br>**Spring House, PA 19477** |
| **Family First Mortgage LLC**<br>**4100 W.Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215-2345** | **AT & T**<br>**PO Box 8100**<br>**Aurora, IL 60507-8100** |
| **Family First Mortgage LLC**<br>**5310 S. Skyline Dr.**<br>**New Berlin, WI 53151** | **First Equity Card Corp**<br>**PO Box 23029**<br>**Columbus, GA 31902-3029** |
| **Family First Mortgage LLC**<br>**4100 W.Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215-2345** | **Home Depot CitiCorp MasterCard**<br>**PO Box 689147**<br>**Des Moines, IA 50368-9147** |
| **Family First Mortgage LLC**<br>**4100 W.Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215-2345** | **Ricoh Americas Corporation**<br>**5 Dedrick Place**<br>**Caldwell, NJ 07006** |
| **Family First Mortgage LLC**<br>**4100 W.Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215-2345** | **Capital One, N.A.**<br>**2730 Liberty Ave**<br>**Pittsburgh, PA 15222** |
| **Family First Mortgage LLC**<br>**4100 W.Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215-2345** | **TDS Metrocom- Waukesha**<br>**PO Box 1001**<br>**Monroe, WI 53566-8101** |
| **Family First Mortgage LLC**<br>**4100 W.Lincoln Ave.**<br>**Suite B**<br>**Milwaukee, WI 53215-2345** | **Capital One Bank USA NA**<br>**2730 Liberty Ave**<br>**Pittsburgh, PA 15222** |

**0**

_____ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re   **Edward Blaine Kohler**
     **Patricia Lynn Kohler**                     Case No. _____
                          Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **daughter** **son** | AGE(S): **20** **22** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **driver** | **secretary** |
| Name of Employer | **Millis Transfer Inc** | **Children's Hospital and Health System** |
| How long employed | **since 12/2008** | |
| Address of Employer | **121 Gebhardt Road** **Black River Falls, WI 54615-0550** | **PO Box 1997** **Milwaukee, WI 53201** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 4,333.59 | $ | 3,316.58 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 4,333.59 | $ | 3,316.58 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|   a. Payroll taxes and social security | $ | 780.04 | $ | 552.78 |
|   b. Insurance | $ | 0.00 | $ | 387.75 |
|   c. Union dues | $ | 0.00 | $ | 0.00 |
|   d. Other (Specify):   **401(k)** | $ | 0.00 | $ | 66.32 |
|     **United Way** | $ | 0.00 | $ | 6.50 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 780.04 | $ | 1,013.35 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 3,553.55 | $ | 2,303.23 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance | | | | |
| (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income | | | | |
| (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,553.55 | $ | 2,303.23 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | 5,856.78 |

                                     (Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**CERTIFICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 521 - (1) The debtors do not have an education IRA. (2) The debtors do not have a qualified state tuition plan. (3) The debtor has been working significantly more than usual over the past few months as a truck driver in that he has been working several weeks consecutively without a break; he asserts that he cannot maintain that pace and will significantly scale-back his hours in the near future.**

In re **Edward Blaine Kohler**
**Patricia Lynn Kohler**                                    Case No. _____
_____
                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,979.13 |
| a. Are real estate taxes included? | Yes ____ No **X** | |
| b. Is property insurance included? | Yes ____ No **X** | |
| 2. Utilities: a. Electricity and heating fuel | | $ 300.00 |
| b. Water and sewer | | $ 81.00 |
| c. Telephone | | $ 250.00 |
| d. Other **Dish Network** | | $ 79.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 75.00 |
| 4. Food | | $ 600.00 |
| 5. Clothing | | $ 200.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 100.00 |
| 8. Transportation (not including car payments) | | $ 500.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 200.00 |
| 10. Charitable contributions | | $ 10.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 0.00 |
| d. Auto | | $ 74.00 |
| e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 0.00 |
| b. Other **Northshore Bank (boat loan)** | | $ 153.67 |
| c. Other **Chase (Second Mortgage)** | | $ 373.22 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other **Miscellaneous Personal Expenses** | | $ 150.00 |
| Other **Debtor's Expenses as OTR Truck Driver** | | $ 700.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 5,875.02 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.   Average monthly income from Line 15 of Schedule I | | $ 5,856.78 |
| b.   Average monthly expenses from Line 18 above | | $ 5,875.02 |
| c.   Monthly net income (a. minus b.) | | $ -18.24 |

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re   **Edward Blaine Kohler**
      **Patricia Lynn Kohler**

Debtor(s)

Case No. _____

Chapter   **7** _____

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __**34**__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **October 28, 2009**         Signature   **/s/ Edward Blaine Kohler**
                                              **Edward Blaine Kohler**
                                              Debtor

Date   **October 28, 2009**         Signature   **/s/ Patricia Lynn Kohler**
                                              **Patricia Lynn Kohler**
                                              Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re    **Edward Blaine Kohler**
       **Patricia Lynn Kohler**
                            Debtor(s)

Case No.

Chapter    **7**

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $72,127.34 | **2009 YTD: Both Employment Income** |
| $37,499.00 | **2008: Both Employment Income** |
| $28,856.00 | **2007: Both Employment Income** |
| $0.00 | **2009 YTD: Both Business Income** |
| -$33,539.00 | **2008: Both Business Income** |
| -$53,061.00 | **2007: Both Business Income** |

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | **2009 YTD: Both Interest / Dividends** |
| $0.00 | **2008: Both Interest / Dividends** |
| $84.00 | **2007: Both Interest / Dividends** |
| $0.00 | **2009 YTD: Both Taxable refunds,credits or offsets (state and local income taxes)** |
| $1,536.00 | **2008: Both Taxable refunds,credits or offsets (state and local income taxes)** |
| $1,794.00 | **2007: Both Taxable refunds,credits or offsets (state and local income taxes)** |
| $0.00 | **2009 YTD: Both Pensions and Annuities** |
| $80,003.00 | **2008: Both Pensions and Annuities** |
| $0.00 | **2007: Both Pensions and Annuities** |
| $0.00 | **2009 YTD: Both IRA Distributions** |
| $0.00 | **2008: Both IRA Distributions** |
| $69,339.00 | **2007: Both IRA Distributions** |
| $0.00 | **2009 YTD: Both Unemployment Compensation Benefits** |
| $0.00 | **2008: Both Unemployment Compensation Benefits** |
| $1,256.00 | **2007: Both Unemployment Compensation Benefits** |
| $0.00 | **2009 YTD: Both Capital Gain** |
| $-3,000.00 | **2008: Both Capital Gain** |
| $0.00 | **2007: Both Capital Gain** |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None ☑    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Hilco Receivables LLC Assignee of Chase Bank USA vs. Edward B Kohler; 09CV03670** | **Money Judgment** | **Waukesha County Circuit Court** | **Motion for Default filed 10/27/09** |
| **American General Financial Services of WI vs. Patricia Kohler; 08SC005625** | **Money Judgment** | **Waukesha County Circuit Court** | **Judgment for $3923.10 on 2/23/09** |
| **Discover Bank vs. Edward Kohler; 09SC 005127** | **Money Judgment** | **Waukesha County Circuit Court** | **Judgment for $2342.14 granted on 10/12/09** |
| **Capital One Bank USA NA vs. Edward B. Kohler;09CV004241** | **Money Judgment** | **Waukesha County Circuit Court** | **Summons and complaint filed on 10/22/09** |
| **State of Wisconsin vs. Edward B Kohler; 09FO001097** | **Non-Traffic Ordinance Violation** | **Waukesha County Circuit Court** | **$192.75 fishing fine due 11/3/09** |
| **In Re: the Amortization of Debts of Patricia L. Kohler Waukesha County Case Number 2009CV002039** | **Chapter 128 Voluntary Debt Amortization** | **Waukesha County Courthouse 515 W. Moreland Boulevard Waukesha, WI 53188** | **5/28/09: Petition granted; Debtor will voluntarily dismiss her Chapter 128 proceeding in conjunction with this bankruptcy filing.** |

None ☑    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ☑    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None □ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
| **Attorney Mont L. Martin Chapter 128 Receiver 933 N. Mayfair Road Suite 107 Milwaukee, WI 53226** | **In Re: the Amortization of Debts of Patricia L. Kohler**<br><br>**Waukesha County Case Number 2009CV002039** | **5/28/09: Petition granted** | **Wage attachment: $558.00 = (6/6/09 = $23.00; 6/22/09 = $23.00; 6/20/09 = $23.00; 6/27/09 = $23.00; 7/4/09 = $23.00; 7/11/09 = $23.00; 7/27/09 = $23.00; 7/25/09 = $23.00; 8/1/09 = $23.00; 8/8/09 = $27.00; 8/15/09 = $27.00; 8/22/09 = $27.00; 8/29/09 = $27.00; 9/5/09 = $27.00; 9/12/09 = $27.00; 9/19/09 = $27.00; 9/26/09 = $27.00; 10/3/09 = $27.00; 10/10/09 = $27.00; 10/17/09 = $27.00; 10/24/09 = $27.00; 10/31/09 = $27.00)** |

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Attorney Rollie R. Hanson Law Offices of Rollie R. Hanson, S.C. 6737 W. Washington Street West Allis, WI 53214** | **For representation on Chapter 7 proceeding:** <br><br> **10/17/08; 10/12/09; 10/28/09** | **$500.00; $200.00 $2,001.00 (plus $299.00 Chapter 7 Filing Fee and $50.00 credit report fee)** |
| **Attorney Rollie R. Hanson Law Offices of Rollie R. Hanson, S.C. 6737 W. Washington Street West Allis, WI 53214** | **For representation on Chapter 128 proceeding:** <br><br> **5/29/09; 8/17/09** | **$178.00 (plus $22.00 Chapter 128 filing fee); $148.12** |
| **Cricket Debt Counseling 10121 S.E. Sunnyside Road Suite 300 Clackamas, OR 97015** | **10/8/09** | **$36.00** |

### 10. Other transfers

None ■ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None
☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Family First Mortgage, LLC** | 04-3779946 | **4100 W. Lincoln Ave Suite B Milwaukee, WI 53215-2345** | **Mortgage broker** | 09/29/2004-9/01/2008 |

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement* **only** *if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **Peter Dundon North Shore Office Serv. Inc. 11049 N. Port Washington Rd. Mequon, WI 53092** | **2006-2008** |

| None ☐ | b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. |

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| **Peter Dundon** | **North Shore Office Serv. Inc.** | **2006-2008** |
| | **11049 N. Port Washington Rd.** | |
| | **Mequon, WI 53092** | |

| None ☐ | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |

| NAME | ADDRESS |
|------|---------|
| **Peter Dundon** | **North Shore Office of Serv. Inc.** |
| | **11049 N. Port Washington Rd.** |
| | **Mequon, WI 53092** |

| None ■ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case. |

NAME AND ADDRESS                                           DATE ISSUED

### 20. Inventories

| None ☐ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|
| **7/1/08** | **Edward Kohler** | **$16000 (market)** |

| None ☐ | b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above. |

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|
| **7/1/08** | **Edward Kohler** |
| | **5310 Skyline Drive** |
| | **New Berlin, WI 53151** |

### 21 . Current Partners, Officers, Directors and Shareholders

| None ■ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |

NAME AND ADDRESS                     NATURE OF INTEREST                     PERCENTAGE OF INTEREST

| None ■ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|-------------------------------------------|

### 22 . Former partners, officers, directors and shareholders

| None ■ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |

NAME                                 ADDRESS                                 DATE OF WITHDRAWAL

None
☐ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| **Edward Kohler**<br>**5310 Skyline Drive**<br>**New Berlin, WI 53151** | **Member/manager; former**<br>**owner** | **Articles of Dissolution filed 12/30/2008** |

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS<br>OF RECIPIENT,<br>RELATIONSHIP TO DEBTOR | DATE AND PURPOSE<br>OF WITHDRAWAL | AMOUNT OF MONEY<br>OR DESCRIPTION AND<br>VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **October 28, 2009**  Signature  **/s/ Edward Blaine Kohler**
                                        **Edward Blaine Kohler**
                                        Debtor

Date  **October 28, 2009**  Signature  **/s/ Patricia Lynn Kohler**
                                        **Patricia Lynn Kohler**
                                        Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re   **Edward Blaine Kohler**
      **Patricia Lynn Kohler**                            Case No.

                                          Debtor(s)                Chapter     **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 2,701.00 |
| Prior to the filing of this statement I have received | $ | 2,701.00 |
| Balance Due | $ | 0.00 |

2.    The source of the compensation paid to me was:

      ■ Debtor     ☐ Other (specify):

3.    The source of compensation to be paid to me is:

      ■ Debtor     ☐ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

      ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **October 28, 2009**                  **/s/ Rollie R. Hanson**
                                            **Rollie R. Hanson**
                                            **Law Office of Rollie R. Hanson, S.C.**
                                            **6737 W. Washington Street**
                                            **Suite 1420**
                                            **West Allis, WI 53214**
                                            **414-321-9733  Fax: 414-321-9601**
                                            **rollie@hansonlaw.net**

# United States Bankruptcy Court
## Eastern District of Wisconsin

In re  **Edward Blaine Kohler**
**Patricia Lynn Kohler**

Debtor(s)

Case No. _____

Chapter  **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**Chase Manhattan Mortgage** | **Describe Property Securing Debt:**<br>**5310 S. Skyline Dr., New Berlin, WI 53151**<br><br>**Legal Description: Lot Fifteen(15), Block Four(4), Maryknoll Heights Addition No. 1, being a Subdivision of a part of the West One-half(1/2) of the Southwest One-quarter(1/4) of Section Twenty-fi** |

Property will be (check one):
- ☐ Surrendered          ■ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ■ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ■ Claimed as Exempt          ☐ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**North Shore Bank SSB** | **Describe Property Securing Debt:**<br>**1993 Stratos FS 120 HP Evinrude** |

Property will be (check one):
  ☐ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
  ☐ Redeem the property
  ■ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  ■ Claimed as Exempt                                    ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **October 28, 2009**                    Signature  **/s/ Edward Blaine Kohler**
                                                          **Edward Blaine Kohler**
                                                          Debtor

Date  **October 28, 2009**                    Signature  **/s/ Patricia Lynn Kohler**
                                                          **Patricia Lynn Kohler**
                                                          Joint Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

**NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
OF THE BANKRUPTCY CODE**

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

    2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

    3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

## Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

    Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

    Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

    A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

    I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| Rollie R. Hanson | X /s/ Rollie R. Hanson | October 28, 2009 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:
**6737 W. Washington Street**
**Suite 1420**
**West Allis, WI 53214**
**414-321-9733**
**rollie@hansonlaw.net**

### Certificate of Debtor

    I (We), the debtor(s), affirm that I (we) have received and read this notice.

**Edward Blaine Kohler**
| **Patricia Lynn Kohler** | X /s/ Edward Blaine Kohler | October 28, 2009 |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |

| Case No. (if known) | X /s/ Patricia Lynn Kohler | October 28, 2009 |
|---|---|---|
| | Signature of Joint Debtor (if any) | Date |

In re    **Edward Blaine Kohler**
   **Patricia Lynn Kohler**                      Case No. _____

                                    Debtor(s)          Chapter    **7**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **October 28, 2009**            **/s/ Edward Blaine Kohler**

                                       **Edward Blaine Kohler**
                                       Signature of Debtor

Date:    **October 28, 2009**            **/s/ Patricia Lynn Kohler**

                                       **Patricia Lynn Kohler**
                                       Signature of Debtor

Advanta Bank Corp
Po Box 844
Spring House, PA 19477

American Express
PO Box 981535
El Paso, TX 79998-1535

American General Finance
1407 Summit Ave
Waukesha, WI 53188-8242

AT & T
PO Box 8100
Aurora, IL 60507-8100

Bank Of America
Po Box 17054
Wilmington, DE 19850

Barclays Bank Delaware
Attention: Customer Support Department
Po Box 8833
Wilmington, DE 19899

Capital 1 Bank
Attn: C/O TSYS Debt Management
Po Box 5155
Norcross, GA 30091

Capital One Bank USA NA
2730 Liberty Ave
Pittsburgh, PA 15222

Capital One, N.A.
2730 Liberty Ave
Pittsburgh, PA 15222

Chase Bank
PO Box 15298
Wilmington, DE 19850

Chase Manhattan Mortgage
Attention: Research Dept. G7-PP
3415 Vision Drive
Columbus, OH 43219

Citibank Usa
Attn.: Centralized Bankruptcy
Po Box 20507
Kansas City, MO 64195

City of New Berlin
3805 South Casper Drive
New Berlin, WI 53151

Direct Merchants Bank
Card Member Services - GSC
Po Box 5246
Carol Stream, IL 60197

Discover Fin Svcs Llc
Po Box15316
Wilmington, DE 19850

Equifax
PO Box 144717
Orlando, FL 32814

Experian
Profile Maintenance
PO Box 9558
Allen, TX 75013

First Equity Card Corp
PO Box 23029
Columbus, GA 31902-3029

GE Money Bank/Care Credit
Po Box 981439
El Paso, TX 79998

GE Money Bank/JC Penney
Attention: Bankruptcy
Po Box 103106
Roswell, GA 30076

GE Money Bank/Select Comfort
PO Box 981439
El Paso, TX 79998

GEMB / Old Navy
Attention: Bankruptcy
Po Box 103106
Roswell, GA 30076

Gemb/gap
Po Box 981400
El Paso, TX 79998

Hilco Rec
5 Revere Dr Ste 510
Northbrook, IL 60062

Hilco Receivables
Assignee of Chase Bank USA NA
5 Revere Drive Suite 415
Northbrook, IL 60062

Home Depot CitiCorp MasterCard
PO Box 689147
Des Moines, IA 50368-9147

Household Mortgage Services
Po Box 9068
Brandon, FL 33509

HSBC Bank
PO Box 5253
Carol Stream, IL 60197-5241

HSBC Bank
Attn: Bankruptcy
PO Box 5253
Carol Stream, IL 60197

HSBC Bank
Attn: Bankruptcy
PO Box 5253
Carol Stream, IL 60197-5241

Hsbc Bank Nevada  N.A.
c/o Midland Credit Mgmt
8875 Aero Dr  Ste 200
San Diego, CA 92123

Internal Revenue Service
Insolvency, Stop 5301 MIL
211 W. Wisconsin Avenue
Milwaukee, WI 53203

Kohls/Chase
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

Landmark Credit Union
2775 S. Moorland Rd.
New Berlin, WI 53151

Macys/fdsb
Macy's Bankruptcy
Po Box 8053
Mason, OH 45040

Marshall & Ilsley Bank
Attn: Bankruptcy
770 N Water St
Milwaukee, WI 53202

North Shore Bank SSB
15700 W. Bluemound
Brookfield, WI 53005

North Shore Office Services, I
11049 N. Port Washington Road
Mequon, WI 53092-5032

Ricoh Americas Corporation
5 Dedrick Place
Caldwell, NJ 07006

SKO Brenner American, Inc.
40 Daniel Street
Farmingdale, NY 11735

Target National Bank-Visa
PO Box 9475
Minneapolis, MN 55440

TDS Metrocom- Waukesha
PO Box 1001
Monroe, WI 53566-8101

Trans Union Corporation
Attn: Public Records Department
555 West Adams Street
Chicago, IL 60661

Washington Mutual / Providian
Attn: Bankruptcy Dept.
Po Box 10467
Greenville, SC 29603

Washington Mutual / Providian
Attn: Bankruptcy Department
PO Box 10467
Greenville, SC 29603

Wauwatosa Dental Group, S.C.
2600 N. Mayfair Rd.
Wauwatosa, WI 53226-1309

We Energies
333 W. Everett Street
Rm A130
Attn: Jill Castillo
Milwaukee, WI 53203

Wells Fargo Financial
10855 W. Park Pl. Ste 3
Milwaukee, WI 53224-3600

Wheaton Franciscan Healthcare
Elmbrook Memorial
PO 68-9540
Milwaukee, WI 53268-9540

Wisconsin Department of Revenue
Insolvency Unit
PO Box 8901
Madison, WI 53708

Academy Collection Service, Inc.
10965 Decatur Rd
Philadelphia, PA 19154-3210

Advanta Bank Corp.
PO Box 30715
Salt Lake City, UT 84130-0715

Allied International Credit Corp. (US)
100 East Shore Drive, 3rd Floor
Glen Allen, VA 23059

Allied Interstate Inc.
3000 Corporate Exchange Drive
Columbus, OH 43231

Apex Financial Management, LLC
PO Box 2189
Northbrook, IL 60065-2189

Arrow Financial Services, LLC
5996 W. Touhy Avenue
Niles, IL 60714

Asset Acceptance, LLC
PO Box 2036
Warren, MI 48090-2036

Bureau of Collection Recovery, Inc.
7575 Corporate Way
Eden Prairie, MN 55344

Capital One
PO Box 1366
Pittsburgh, PA 15230

Capital One Bank USA, NA
f/k/a Capital One Bank
140 E. Shore Drive
12017-0380
Glen Allen, VA 23059

CB Accounts Inc
1101 Main St Suite
Peoria, IL 61606

ChexSystems Collection Agency
Trust Department 2691
Los Angeles, CA 90084-2691

ChexSystems Collection Agency
7805 Hudson Rd. Suite 100
Woodbury, MN 55125

Coface Collections North America, Inc.
PO Box 8510
Metairie, LA 70011-8510

Encore Receivable Management, Inc.
400 N. Rogers Road
PO Box 3330
Olathe, KS 66063-3330

Firstsource Advantage, LLC
205 Bryant Woods South
Amherst, NY 14228

FMA Alliance LTD
11811 N. Freeway, #900
Houston, TX 77060

Forester & Garbus
PO Box 9030
Farmingdale, NY 11735-9030

GC Services Limited Partnership
Collection Agency Division
6330 Gulfton Street, Suite 400
Houston, TX 77081

GE Money Bank
P.O. Box 981127
El Paso, TX 79998-1127

Global Recovery Serv. India Private Ltd.
Attn CCA
7805 Hudson Road Suite 100
Woodbury, MN 55125

Hilco Receivables, LLC
Collection for WAMU/Chase # 3308004
5 Revere Drive
Suite 510
Northbrook, IL 60062

IC System Inc
606 George Street
La Crosse, WI 54603

Kohn Law Firm
Attorney Elaine M. Landis
312 East Wisconsin Avenue #501
Milwaukee, WI 53202-4305

Kohn Law Firm
Attorney Elaine M Landis
312 East Wisconsin Avenue #501
Milwaukee, WI 53202-4305

Kohn Law Firm
312 East Wisconsin Avenue #501
Milwaukee, WI 53202-4305

Leading Edge
Recovery Solutions, LLC
5440 N. Cumberland Avenue, Suite 300
Chicago, IL 60656-1490

LHR Inc
56 Main St.
Collection for First Equity
Hamburg, NY 14075

McCarthy, Burgess & Wolff
26000 Cannon Road
Cleveland, OH 44146

NCO Financial Systems Inc.
507 Prudential Rd
Horsham, PA 19044

Northstar Location Services, LLC
Attn: Financial Services Dept.
4285 Genesee Street
Cheektowaga, NY 14225-1943

Tadych Law Office, S.C.
5232 W. Oklahoma Ave. Suite 200
Milwaukee, WI 53219

The H.E. Stark Agency, Inc
6425 Odana Rd.
PO Box 45710
Madison, WI 53744-5710

Viking Collection Service
P.O. Box 59207
Minneapolis, MN 55459

In re  **Edward Blaine Kohler**
**Patricia Lynn Kohler**
_____
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement. <br><br> ☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.** <br><br> ☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard <br><br>       a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and <br>           ☐ I remain on active duty /or/ <br>           ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed; <br><br>          OR <br><br>       b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/ <br>           ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Complete the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 3,306.27 |
| 4 | **Income from the operation of a business, profession or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>| | Debtor | Spouse |<br>\|---\|---\|---\|<br>\| a. \| Gross receipts \| $ 3,962.57 \| $ 0.00 \|<br>\| b. \| Ordinary and necessary business expenses \| $ 700.00 \| $ 0.00 \|<br>\| c. \| Business income \| Subtract Line b from Line a \| \| | $ 3,262.57 | $ 0.00 |
| 5 | **Rents and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>\| \| Debtor \| Spouse \|<br>\|---\|---\|---\|<br>\| a. \| Gross receipts \| $ 0.00 \| $ 0.00 \|<br>\| b. \| Ordinary and necessary operating expenses \| $ 0.00 \| $ 0.00 \|<br>\| c. \| Rent and other real property income \| Subtract Line b from Line a \| \| | $ 0.00 | $ 0.00 |
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9.  However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount.  If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>\| \| Debtor \| Spouse \|<br>\|---\|---\|---\|<br>\| a. \| $ \| $ \|<br>\| b. \| $ \| $ \|<br><br>Total and enter on Line 10 | $ 0.00 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B.  Enter the total(s). | $ 3,262.57 | $ 3,306.27 |

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ 6,568.84 |
|----|----|----|

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ 78,826.08 |
|----|----|----|

| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: **WI**    b. Enter debtor's household size: **4** | $ 80,530.00 |
|----|----|----|

| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed. <br><br> ■ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII. <br><br> □ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |
|----|----|

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
|----|----|----|

| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. <br><br> a.   $ <br> b.   $ <br> c.   $ <br> d.   $ <br> Total and enter on Line 17 | $ |
|----|----|----|

| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |
|----|----|----|

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|----|----|----|

| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. <br><br> | Household members under 65 years of age | | Household members 65 years of age or older | | <br> a1. Allowance per member | | a2. Allowance per member | <br> b1. Number of members | | b2. Number of members | <br> c1. Subtotal | | c2. Subtotal | | $ |
|----|----|----|

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |
|----|----|----|

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B.  **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|---|---|---|

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0   ☐ 1   ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more. Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
|---|---|---|

| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

### Subpart B: Additional Living Expense Deductions

### Note: Do not include any expenses that you have listed in Lines 19-32

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | | |

| a. | Health Insurance | $ |
|---|---|---|
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |

Total and enter on Line 34.

**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:

$_____

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | |
|---|---|---|---|

|  | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. |  |  | $ | ☐yes ☐no |
|  |  |  | Total: Add Lines | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of that property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

|  | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. |  |  | $ |
|  |  | Total: Add Lines | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. |
|---|---|

|  |  |  |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

|  |  | $ |
|---|---|---|
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. |
| | ☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. |
| | ☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |

| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. |
| | ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |

| Expense Description | | Monthly Amount |
| --- | --- | --- |
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |

Date: __October 28, 2009__                     Signature: **/s/ Edward Blaine Kohler**
                                                                        **Edward Blaine Kohler**
                                                                                 *(Debtor)*

Date: __October 28, 2009__                     Signature: **/s/ Patricia Lynn Kohler**
                                                                        **Patricia Lynn Kohler**
                                                                              *(Joint Debtor, if any)*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

----------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                           Case No.   09-35931-pp
                           Chapter   7

                      Debtors.

----------------------------------------------------------------

     U.S. Bank National Association, as Trustee for
     Structured Asset Investment Loan Trust,
     Mortgage Pass-Through Certificates, Series 2006-4

                      Plaintiff,

vs.

     Edward B. and Patricia L. Kohler
     and Michael F. Dubis, Trustee,

                   Defendants.

----------------------------------------------------------------

     MOTION FOR RELIEF FROM STAY AND ABANDONMENT

----------------------------------------------------------------

     U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 (hereinafter "Creditor"), by its attorneys, Bass & Moglowsky, S.C., moves the Court, pursuant to 11 U.S.C. 362(d), for an order terminating, annulling, modifying, or conditioning the stay imposed by 11 U.S.C. 362(a) of the U.S. Bankruptcy Code, and further moves for abandonment pursuant to 11 U.S.C. 554(b), and alleges as follows:

     1.   That Edward B. and Patricia L. Kohler, (hereinafter "Debtor", whether one or more), filed a petition under Chapter 7 of the U.S. Bankruptcy Code on November 3, 2009, and that Michael F. Dubis has been appointed trustee.

     2.   That Debtor executed a Promissory Note to Creditor for a loan of $220,800.00, and payments under said Note were secured by a Mortgage on certain real property located at 5310 S Skyline Dr; New Berlin, Wisconsin, and the current balance, as of November 5, 2009, is $228,229.54. A copy of said Note and Mortgages are to be filed via CM/ECF simultaneously with this Motion. Copies of the loan documents are available upon request to counsel for the Creditor.

     3.   That Debtor defaulted on said obligation.

     4.   That grounds for relief from the automatic stay and abandonment of 11 U.S.C. 362 and 554(b) are:

a.    Creditor has not been afforded adequate protection for its interest in the property in that Debtor has failed to pay the monthly contract payments due on and after July 1, 2009, and the total amount of arrears, as of November 5, 2009, is $10,105.55; and

b.    Debtor has no equity in the property.  The property is subject to a second mortgage in the approximate sum of $54,793.00. According to the Tax Assessor, the property is assessed at $235,000.00, less the broker's 6.0% of $14,100.00 leaving $220,900.00.  The current amount owed on the property is approximately $283,022.54.  The property is not necessary to an effective reorganization.

5.    That the Debtor is in possession of the property; further, that Creditor's interest in said property is decreasing in value.

6.    That if the Court denies Creditor's request for relief from the automatic stay and abandonment, then the Creditor prays for a hearing for a determination of adequate protection of its interest in the property.

7.    That Creditor requests that the Court also order that Rule 4001(a)(3) is not applicable, allowing Creditor to immediately enforce and implement its order granting relief from the automatic stay and abandonment.

8.    Creditor further requests that the trustee be ordered to abandon the estate's interest in the encumbered property pursuant to 11 U.S.C. 554(b).

9.    Creditor's costs and fees associated with this motion are $700.00 ($550.00 costs and $150.00 fees).

Dated: December 9, 2009

BASS & MOGLOWSKY, S.C.,
Attorneys for Creditor


By
Melissa M. Pingel,
A Member of the Firm

P. O. Address:
7020 North Port Washington Road, Suite 206
Milwaukee, Wisconsin  53217
Telephone:  (414) 228-6700

----------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                      Case No.   09-35931-pp
                      Chapter   7

              Debtors.

----------------------------------------------------------------

      U.S. Bank National Association, as Trustee for
      Structured Asset Investment Loan Trust,
      Mortgage Pass-Through Certificates, Series 2006-4

                  Plaintiff,

vs.

      Edward B. and Patricia L. Kohler
      and Michael F. Dubis, Trustee,

                Defendants.

----------------------------------------------------------------

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY
## AND ABANDONMENT

U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 has filed papers with the court to obtain relief from the automatic stay and abandonment.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant relief from the automatic stay and abandonment, or if you want the court to consider your views on the motion, then on or before <u>December 23, 2009</u>, you or your attorney must:

[File with the court a written request for hearing {*or, if the court requires a written response*, an answer, explaining your position} at:

        United States Bankruptcy Court
        Eastern District of Wisconsin
        U. S. Federal Building, Room 126
        517 East Wisconsin Avenue
        Milwaukee WI  53202

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> BASS & MOGLOWSKY, S.C
> 7020 North Port Washington Road, Suite 206
> Milwaukee WI  53217
> Attention: Melissa M. Pingel

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief and abandonment sought in the motion or objection and may enter an order granting that relief and abandonment.**

Date: December 9, 2009                Signature: _~~~~~~~~~~_

Name:          Melissa M. Pingel
Address:       BASS & MOGLOWSKY, S.C
               7020  N.  Port  Washington
               Suite 206
               Milwaukee WI  53217

FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE
15 U.S.C. SECTION 1692, AS AMENDED

1.    Bass & Moglowsky, S.C. is a law firm representing a creditor in the collection of a debt that you owe to said creditor. We are attempting to collect such debt and any information obtained will be used for that purpose.

2.    The name and address of the creditor that the law firm represents is:

> U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4
> 10790 Rancho Bernardo Road
> San Diego, CA 92127

3.    The debt that the law firm is attempting to collect is described in the attached Motion and Exhibits.

4.    **THIS IS NOT A DEMAND FOR PAYMENT.** We are required by law to advise you that the total amount of the debt, as of November 5, 2009, is $228,229.54.    Please note that, since interest, late charges, and other charges may vary from day to day, the amount of the debt may increase.  Therefore, if you decide to pay the amount stated above, an adjustment may be necessary after payment is received.

5.    If you dispute the validity of the debt, or any portion thereof, you should notify us in writing within thirty (30) days after receipt of this notice, or we will assume the debt to be valid.  If we are so notified, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you.

6.    If the original creditor is different from the present creditor and within thirty (30) days after receipt of this notice, you request the name and address of such original creditor, we will obtain that information, and that information will be mailed to you.

7.    The law does not require us to wait until the end of the thirty (30) day period to sue you to collect this debt, nor does it relieve you of your obligation to comply with any of the deadlines imposed by the lawsuit.  If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this Notice, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

8.    All written requests should be addressed to Bass & Moglowsky, S.C., 7020 North Port Washington Road, Milwaukee, Wisconsin 53217.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
--------------------------------------------------------------------
In Re: Kohler, Edward B. and Patricia L.

                                    Case No.   09-35931-pp
                                    Chapter    7

                        Debtors.
--------------------------------------------------------------------
        U.S. Bank National Association, as Trustee for
        Structured Asset Investment Loan Trust,
        Mortgage Pass-Through Certificates, Series 2006-4

                        Plaintiff,

vs.

        Edward B. and Patricia L. Kohler
        and Michael F. Dubis, Trustee,

                        Defendants.
--------------------------------------------------------------------
                    AFFIDAVIT OF SERVICE
--------------------------------------------------------------------

STATE OF WISCONSIN)
                  ) ss.
MILWAUKEE COUNTY  )

        The undersigned, being first duly sworn upon oath, says that
on December 9, 2009, your affiant served a copy of the annexed
NOTICE OF MOTION and MOTION FOR RELIEF FROM AUTOMATIC STAY AND
ABANDONMENT on the attorney(s) and/or parties listed below
electronically if the party accepts electronic service through
CM/ECF or by mailing said copy to their last known address, with
postage prepaid and affiant's return address properly placed on the
envelope:

Edward B. Kohler and             Rollie R. Hanson by CM/ECF
Patricia L. Kohler
5310 S. Skyline Drive
New Berlin, WI 53151

Please see Parties listed on
the Creditor Mailing Matrix


Michael F. Dubis by CM/ECF

                                    _____
                                           Elizabeth Billing

SUBSCRIBED and sworn to
before me December 9, 2009.

_____
Notary Public
Milwaukee County, Wisconsin
My Commission is permanent

Label Matrix for local noticing
0757-2
Case 09-35931-pp
Eastern District of Wisconsin
Milwaukee
Tue Dec  8 15:16:49 CST 2009

AT & T
PO Box 8100
Aurora, IL 60507-8100

Academy Collection Service, Inc.
10965 Decatur Rd
Philadelphia, PA 19154-3294

Advanta Bank Corp
Po Box 844
Spring House, PA 19477-0844

(p)ADVANTA
WELSH AND MCKEAN RD
P O BOX 844
SPRING HOUSE PA 19477-0844

Allied International Credit Corp. (US)
100 East Shore Drive, 3rd Floor
Glen Allen, VA 23059-5758

Allied Interstate Inc.
3000 Corporate Exchange Drive
Columbus, OH 43231-7684

American Express
PO Box 981535
El Paso, TX 79998-1535

American General Finance
1407 Summit Ave
Waukesha, WI 53188-3223

Apex Financial Management, LLC
PO Box 2189
Northbrook, IL 60065-2189

Arrow Financial Services, LLC
5996 W. Touhy Avenue
Niles, IL 60714-4610

Asset Acceptance, LLC
PO Box 2036
Warren, MI 48090-2036

Bank Of America
Po Box 17054
Wilmington, DE 19850-7054

Barclays Bank Delaware
Attention:  Customer Support Department
Po Box 8833
Wilmington, DE 19899-8833

Bureau of Collection Recovery, Inc.
7575 Corporate Way
Eden Prairie, MN 55344-2000

CB Accounts Inc
1101 Main St Suite
Peoria, IL 61606-1928

Capital 1 Bank
Attn: C/O TSYS Debt Management
Po Box 5155
Norcross, GA 30091-5155

Capital One
PO Box 1366
Pittsburgh, PA 15230-1366

Capital One Bank USA NA
2730 Liberty Ave
Pittsburgh, PA 15222-4704

Capital One Bank USA, NA
f/k/a Capital One Bank
140 E. Shore Drive
12017-0380
Glen Allen, VA 23059-5755

Capital One, N.A.
2730 Liberty Ave
Pittsburgh, PA 15222-4704

Chase Bank
PO Box 15298
Wilmington, DE 19850-5298

Chase Manhattan Mortgage
Attention:  Research Dept. G7-PP
3415 Vision Drive
Columbus, OH 43219-6009

ChexSystems Collection Agency
7805 Hudson Rd. Suite 100
Woodbury, MN 55125-1703

ChexSystems Collection Agency
Trust Department 2691
Los Angeles, CA 90084-0001

Citibank Usa
Attn.: Centralized  Bankruptcy
Po Box 20507
Kansas City, MO 64195-0507

City of New Berlin
3805 South Casper Drive
New Berlin, WI 53151-5009

Coface Collections North America, Inc.
PO Box 8510
Metairie, LA 70011-8510

Direct Merchants Bank
Card Member Services - GSC
Po Box 5246
Carol Stream, IL 60197-5246

Discover Fin Svcs Llc
Po Box15316
Wilmington, DE 19850-5316

Encore Receivable Management, Inc.
400 N. Rogers Road
PO Box 3330
Olathe, KS 66063-3330

Equifax
PO Box 144717
Orlando, FL 32814

Experian
Profile Maintenance
PO Box 9558
Allen, TX 75013-9558

FMA Alliance LTD
11811 N. Freeway, #900
Houston, TX 77060-3292

First Equity Card Corp
PO Box 23029
Columbus, GA 31902-3029

Firstsource Advantage, LLC
205 Bryant Woods South
Amherst, NY 14228-3609

Forester & Garbus
PO Box 9030
Farmingdale, NY 11735-9030

GC Services Limited Partnership
Collection Agency Division
6330 Gulfton Street, Suite 400
Houston, TX 77081-1108

GE Money Bank
P.O. Box 981127
El Paso, TX 79998-1127

GE Money Bank/Care Credit
Po Box 981439
El Paso, TX 79998-1439

GE Money Bank/JC Penney
Attention: Bankruptcy
Po Box 103106
Roswell, GA 30076-9106

GE Money Bank/Select Comfort
PO Box 981439
El Paso, TX 79998-1439

GEMB / Old Navy
Attention: Bankruptcy
Po Box 103106
Roswell, GA 30076-9106

Gemb/gap
Po Box 981400
El Paso, TX 79998-1400

Global Recovery Serv. India Private Ltd.
Attn CCA
7805 Hudson Road Suite 100
Woodbury, MN 55125-1595

HSBC Bank
Attn: Bankruptcy
PO Box 5253
Carol Stream, IL 60197-5253

HSBC Bank
PO Box 5253
Carol Stream, IL 60197-5253

Hilco Rec
5 Revere Dr Ste 510
Northbrook, IL 60062-8007

Hilco Receivables
Assignee of Chase Bank USA NA
5 Revere Drive Suite 415
Northbrook, IL 60062-1570

Hilco Receivables, LLC
Collection for WAMU/Chase # 3308004
5 Revere Drive
Suite 510
Northbrook, IL 60062-8007

Home Depot CitiCorp MasterCard
PO Box 689147
Des Moines, IA 50368-9147

Household Mortgage Services
Po Box 9068
Brandon, FL 33509-9068

Hsbc Bank Nevada  N.A.
c/o Midland Credit Mgmt
8875 Aero Dr   Ste 200
San Diego, CA 92123-2255

IC System Inc
606 George Street
La Crosse, WI 54603-2872

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

Kohls/Chase
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051-5660

Kohn Law Firm
312 East Wisconsin Avenue #501
Milwaukee, WI 53202-4305

Kohn Law Firm
Attorney Elaine M Landis
312 East Wisconsin Avenue #501
Milwaukee, WI 53202-4305

LHR Inc
56 Main St.
Collection for First Equity
Hamburg, NY 14075-4905

Landmark Credit Union
2775 S. Moorland Rd.
New Berlin, WI 53151-3718

Leading Edge
Recovery Solutions, LLC
5440 N. Cumberland Avenue, Suite 300
Chicago, IL 60656-1486

Macys/fdsb
Macy's Bankruptcy
Po Box 8053
Mason, OH 45040-8053

Marshall & Ilsley Bank
Attn: Bankruptcy
770 N Water St
Milwaukee, WI 53202-3509

McCarthy, Burgess & Wolff
26000 Cannon Road
Cleveland, OH 44146-1807

NCO Financial Systems Inc.
507 Prudential Rd
Horsham, PA 19044-2368

North Shore Bank SSB
15700 W. Bluemound
Brookfield, WI 53005-6073

North Shore Office Services, I
11049 N. Port Washington Road
Mequon, WI 53092-5032

Northstar Location Services, LLC
Attn: Financial Services Dept.
4285 Genesee Street
Cheektowaga, NY 14225-1943

Office Of the U. S. Trustee
517 East Wisconsin Ave.
Room 430
Milwaukee, WI 53202-4510

Ricoh Americas Corporation
5 Dedrick Place
Caldwell, NJ 07006-6304

SKO Brenner American, Inc.
40 Daniel Street
Farmingdale, NY 11735-1308

TDS Metrocom- Waukesha
PO Box 1001
Monroe, WI 53566-8101

Tadych Law Office, S.C.
5232 W. Oklahoma Ave. Suite 200
Milwaukee, WI 53219-4599

Target National Bank-Visa
PO Box 9475
Minneapolis, MN 55440-9475

The H.E. Stark Agency, Inc
6425 Odana Rd.
PO Box 45710
Madison, WI 53744-5710

Trans Union Corporation
Attn: Public Records Department
555 West Adams Street
Chicago, IL 60661-3631

Viking Collection Service
P.O. Box 59207
Minneapolis, MN 55459-0207

Washington Mutual / Providian
Attn: Bankruptcy Department
PO Box 10467
Greenville, SC 29603-0467

Wauwatosa Dental Group, S.C.
2600 N. Mayfair Rd.
Wauwatosa, WI 53226-1364

We Energies
333 W. Everett Street
Rm A130
Attn: Jill Castillo
Milwaukee, WI 53203

Wells Fargo Financial
10855 W. Park Pl. Ste 3
Milwaukee, WI 53224-3600

Wheaton Franciscan Healthcare
Elmbrook Memorial
PO 68-9540
Milwaukee, WI 53268-9540

Wisconsin Department of Revenue
Insolvency Unit
PO Box 8901
Madison, WI 53708-8901

Edward Blaine Kohler
5310 S. Skyline Drive
New Berlin, WI 53151-8064

Michael F. Dubis
208 East Main Street
Waterford, WI 53185-4304

Patricia Lynn Kohler
5310 S. Skyline Drive
New Berlin, WI 53151-8064

Rollie R. Hanson
6737 W. Washington Street
Suite 1420
West Allis, WI 53214-5649

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Advanta Bank Corp.
PO Box 30715
Salt Lake City, UT 84130-0715

Internal Revenue Service
Insolvency, Stop 5301 MIL
211 W. Wisconsin Avenue
Milwaukee, WI 53203


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)HSBC Bank
Attn: Bankruptcy
PO Box 5253
Carol Stream, IL 60197-5253

(d)Kohn Law Firm
Attorney Elaine M. Landis
312 East Wisconsin Avenue #501
Milwaukee, WI 53202-4305

(d)Washington Mutual / Providian
Attn: Bankruptcy Dept.
Po Box 10467
Greenville, SC 29603-0467


End of Label Matrix
Mailable recipients    86
Bypassed recipients     3
Total                  89

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, **Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage, Inc.** Assignor, hereby grants, assigns, and transfers to, A **U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4** assignee, all of its right, title, and interest in and to that certain mortgage executed by **Edward B. Kohler and Patricia L. Kohler**, as mortgagors, to **Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage, Inc.**, as mortgagee, on **April 6, 2006**, and recorded in the office of the Register of Deeds of **Waukesha County**, Wisconsin, on **May 1, 2006, as Document Number 3382190**, together with the note and indebtedness that it secures:

**Lot 15, Block 4 Maryknoll Heights Addition No. 1, being a subdivision of a part of the West ½ of the Southeast 1/4 of Section 25, Township 6 North, Range 20 East, in the City of New Berlin, Waukesha County, Wisconsin.**

RETURN TO:
Attn: Greg L. Perry
Bass & Moglowsky, S.C.
7020 N. Port Washington Road
Milwaukee, WI 53217

Tax Key Number: **NBC 1251152**

Dated this **30**th day of **November, 2009**.

**Mortgage Electronic Registration Systems, Inc., as nominee for BNC Mortgage, Inc.**

_____(SEAL)

BY: _____(SEAL)

*	_____

*	**Shawn R. Hillmann, VP** _____

**A U T H E N T I C A T I O N**

Signature(s)_____

_____

authenticated this ____ day of _____, 2009

_____

*	_____,

TITLE: MEMBER STATE BAR OF WISCONSIN
(If not, _____
authorized by §706.06, Wis. Stats.)

THIS INSTRUMENT WAS DRAFTED BY

_____
Jennifer J. Collins

(Signatures may be authenticated or acknowledged. Both are not necessary.)

**A C K N O W L E D G E M E N T**

STATE OF **WISCONSIN**            )
                                                     ) ss.
**MILWAUKEE** COUNTY            )

Personally came before me this **30**th day of **November, 2009**, the above-named:

_____ Shawn R. Hillmann _____ to me known to be the persons who executed the foregoing instrument and acknowledge the same.

_____

* _____ Gregory L. Perry II _____
Notary Public, Milwaukee County, State of Wisconsin
State of My Commission expires: **2/6/2011**





WC3382190-019
DOCUMENT NUMBER
MIL008336

NAME & RETURN ADDRESS

BNC MORTGAGE, INC.
P.O. BOX 19656
IRVINE, CA 92623-9656

PARCEL IDENTIFIER NUMBER

Ŋ00004 MAY-1 ᴬ⁸

# MORTGAGE

3382190

REGISTER'S OFFICE
WAUKESHA COUNTY, WI
RECORDED ON

05-01-2006  8:37 AM

MICHAEL J. HASSLINGER
REGISTER OF DEEDS

REC. FEE:        40.00
REC. FEE-CO:      5.00
REC. FEE-ST:      2.00
TRAN. FEE:
TRAN. FEE-STATE:
PAGES:              19

─────────────[Space Above This Line For Recording Data]─────────────

MIN 100122200002476288

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated April 6. 2006 together with all Riders to this document.

(B) "Borrower" is EDWARD B. KOHLER AND PATRICIA L. KOHLER. HUSBAND AND WIFE.

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems. Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

WISCONSIN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3050  1/01

⊜⊜-6A(WI) (0005).01
Page 1 of 15                  Initials _____

VMP MORTGAGE FORMS - (800)521-7291

000005 MAY-18

(D) "Lender" is BNC MORTGAGE, INC., A DELAWARE CORPORATION

Lender is a corporation
organized and existing under the laws of Delaware
Lender's address is P.O. BOX 19656, IRVINE, CA 92623-9656

(E) "Note" means the promissory note signed by Borrower and dated April 6, 2006
The Note states that Borrower owes Lender two hundred twenty thousand eight hundred
and 00/100                                                                    Dollars
(U.S. $220,800.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than May 1, 2036.
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider     [ ] Condominium Rider          [ ] Second Home Rider
[ ] Balloon Rider             [ ] Planned Unit Development Rider  [ ] 1-4 Family Rider
[ ] VA Rider                  [ ] Biweekly Payment Rider     [ ] Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

Initials: _____

-6A(WI) (0005).01                    Page 2 of 15                    Form 3050   1/01

٣Q0006 ﮵ AY-18

in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property located in the
        COUNTY           of             WAUKESHA, WISCONSIN          :
    [Type of Recording Jurisdiction]            [Name of Recording Jurisdiction]
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HERETO AS EXHIBIT A.

which currently has the address of 5310 S SKYLINE DR
                                                                        [Street]
NEW BERLIN                          [City], Wisconsin 53151         [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Initials:

ⓋⓂⓅ ®-6A(WI) (0006).01                        Page 3 of 15                        Form 3050  1/01

A00007 KAY-10

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts

000008 MAY -1 8

due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

ᘉᙁᙁᙁᙁ9 ᕼᎯᎽ -1 ᔊᔕ

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or
more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or
reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on
the Property insured against loss by fire, hazards included within the term "extended coverage," and any
other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance.
This insurance shall be maintained in the amounts (including deductible levels) and for the periods that
Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of
the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's
right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may
require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone
determination, certification and tracking services; or (b) a one-time charge for flood zone determination
and certification services and subsequent charges each time remappings or similar changes occur which
reasonably might affect such determination or certification. Borrower shall also be responsible for the
payment of any fees imposed by the Federal Emergency Management Agency in connection with the
review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance
coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any
particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might
not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk,
hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower
acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of
insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall
become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest
at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from
Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's
right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as
mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal
certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and
renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender,
for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and
shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender
may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree
in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall
be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and
Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to
hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the
work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken
promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series
of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law
requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any
interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by
Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If
the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance
proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

M00010 MAY-1 ☐

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying Reasonable

-6A(WI) (0005).01                    Page 7 of 15                    Initials: _____     Form 3050   1/01

000011 MAY-1 ᵇᵘ

Attorneys' Fees (as defined in Section 25) to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer approved by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

000012 MAY -1 98

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

Initials:

AQ00013 MAY-18

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Initials: _____

-6A(WI) (0005).01                    Page 10 of 15                    Form 3050  1/01

A00014 MAY-18

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, Reasonable Attorneys' Fees (as defined in Section 25), property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

-6A(WI) (0005).01                          Page 11 of 15                          Form 3050  1/01

900015 MAY -1 8

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use, or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

-6A(WI) (0009).01                    Page 12 of 15                   Form 3050   1/01

000016 MAY-18

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, Reasonable Attorneys' Fees (as defined in Section 25) and costs of title evidence.

If Lender invokes the power of sale, Lender shall give notice of sale in the manner prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, Reasonable Attorneys' Fees (as defined in Section 25); (b) to all sums secured by this Security Instrument; and (c) any excess to the clerk of the circuit court of the county in which the sale is held.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Accelerated Redemption Periods. If the Property is a one- to four-family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church or owned by a tax exempt charitable organization, Borrower agrees to the provisions of Section 846.101 of the Wisconsin Statutes, and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate of 20 acres or less six months after a foreclosure judgment is entered. If the Property is other than a one- to four-family residence that is owner-occupied at the commencement of a foreclosure, a farm, a church, or a tax-exempt charitable organization, Borrower agrees to the provisions of Section 846.103 of the Wisconsin Statutes, and as the same may be amended or renumbered from time to time, permitting Lender, upon waiving the right to judgment for deficiency, to hold the foreclosure sale of real estate three months after a foreclosure judgment is entered.

25. Attorneys' Fees. If this Security Instrument is subject to Chapter 428 of the Wisconsin Statutes, "Reasonable Attorneys' Fees" shall mean only those attorneys' fees allowed by that Chapter.

Initials: _EK PLK_

-6A(WI) (0005).01     Page 13 of 15     Form 3050  1/01

000017 MAY-15

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____

_____     _____ (Seal)
                                     EDWARD B. KOHLER        -Borrower

_____     _____ (Seal)
                                     PATRICIA L. KOHLER      -Borrower

_____ (Seal)     _____ (Seal)
                        -Borrower                                  -Borrower

_____ (Seal)     _____ (Seal)
                        -Borrower                                  -Borrower

_____ (Seal)     _____ (Seal)
                        -Borrower                                  -Borrower

000018 MAY-1 '

STATE OF WISCONSIN,       _WAUKESHA_    County ss:
       The foregoing instrument was acknowledged before me this _6TH DAY OF APRIL, 2006._
by EDWARD B. KOHLER.    PATRICIA L. KOHLER

My Commission Expires: _7/27/08_



Notary Public, State of Wisconsin

This instrument was prepared by

JESSICA IVAN

Case 09-35931-pp    Doc 5-1    Filed 12/09/09    Page 16 of 31

D00019 MAY -1 8

Lot 15, Block 4 Maryknoll, Heights Addition No. 1, being a Subdivision of a part of the West One-half (1/2) of the Southeast One-quarter (1/4) of Section Twenty-five (25), Township Six (6) North, Range Twenty (20) East, in the City of New Berlin, Waukesha County, Wisconsin.

For Informational Purposes Only
Tax Parcel Number:    NBC 1251-152
Property Address:     5310 S. Skyline Drive
                      New Berlin, WI 53151

(06-WI-0001.PFD/06-WI-0000/25)

ПП0020 MAY-1 ᵍ

Loan No.: MIL008336

ADJUSTABLE RATE RIDER
WITH INTEREST ONLY PAYMENT PERIOD

This Adjustable Rate Rider with Interest Only Payment Period is made this
6th day of April, 2006 ,

and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security
Deed (the "Security Instrument"), of the same date given by the undersigned (the "Borrower") to secure Adjustable
Rate Note ("Note") to
BNC MORTGAGE, INC., A DELAWARE CORPORATION

, (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

5310 S SKYLINE DR, NEW BERLIN, WI 53151

[Property Address]

THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND
THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST
RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST
PAY.

THE NOTE AND ITS ADDENDA CONTAIN PROVISIONS ALLOWING FOR AN INITIAL PERIOD OF
MONTHLY PAYMENTS OF INTEREST ONLY AND FOR SUBSEQUENT MONTHLY PAYMENTS OF
BOTH PRINCIPAL AND INTEREST.

INTEREST ONLY PERIOD.

The Note and its Addenda provide for an initial period of monthly payments of interest only, in the amount
of $ 1,375.40 , as follows:

INTEREST RATE AND MONTHLY PAYMENT CHANGES.

ADDITIONAL COVENANTS: In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

1. Sections 3 and 4 of the Note as modified by its Addenda provide for sixty (60) payments of interest only
("Interest Only Period") at the interest rates determined in accordance with Sections 2 and 4 of the Note.

1. PAYMENTS

(A) Time and Place of Payments.

I will pay interest during the Interest Only Period, and principal and interest thereafter, by making a
payment every month.

I will make my monthly payments on the first day of each month beginning on June 1, 2006
. I will make these payments every month until I have paid all of the principal and interest and any other charges
described below that I may own under this Note. Each monthly payment will be applied as of its scheduled due
date and will be applied to interest before principal. If on        May 1, 2036        , I still owe amounts
under this Note, I will pay those amounts in full on that date, which is called the "maturity date."

I will make my monthly payments at  OOMC, Attn:Payment Processing, P.O. Box 44042,
Jacksonville, FL 32231-4042                     , or at a different place if required by the Note Holder.

Interest Only Adj. Rate Note Rider                                    Rev. 102703

Page 1 of 3

Borrower Initials

000021 MAY-1 08

**(B) Amount of My Interest Only Payments.**

The first **twenty-four** ( 24 ) monthly payments will be in the amount of U.S. $ 1,375.40 , which equals one twelfth (1/12) of the amount of yearly interest due on the principal at the initial rate.   These payments are called "Interest Only Payments."

No payments of principal are due during the Interest Only Period.  The Interest Only Payments will not reduce the principal amount of this Note.  Additional payments of principal may be made in accordance with Section 5 of the Note.

**(C) Monthly Payment Changes.**

After the Interest Only Period, changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay.  The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

**2.  INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates.**

The interest rate I will pay may change on the first day of      May, 2008                   , and on that day every  6th  month thereafter.  Each date on which my interest rate could change is called a "Change Date."

**(B) The Index.**

Beginning with the first Change Date, my interest rate will be based on an Index.  The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal.  The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information.  The Note Holder will give me notice of this choice.

**(C) Calculation of Changes.**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six And 100/1000**                                              percentage points ( 6.100    %) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%).  Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments.  The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes.**

The interest rate I am required to pay at the first Change Date will not be greater than  10.475    % or less than  7.475    %.  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  ONE AND 00/100    percentage point(s) ( 1.00  %) from the rate of interest I have been paying for the preceding 6 months.  My interest rate will never be greater than  14.475 %  or less than  7.475 % .

**(E) Effective Date of Changes.**

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

---

Interest Only Adj. Rate Note Rider                                    Rev. 102703

Page 2 of 3

Borrower Initials

'100022 MAY-1 05

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any questions I may have regarding the notice.

All other provisions of the Note and any Addenda are unchanged by this Addendum to Note for Interest Only Payments and remain in full force and effect.

II.    By signing below, Borrower accepts and agrees to the terms and conditions contained in the Interest Only Payment Period Addendum.

_____ (Seal)        _____ (Seal)
EDWARD B. KOHLER                          PATRICIA L. KOHLER

_____ (Seal)        _____ (Seal)

_____ (Seal)        _____ (Seal)

_____ (Seal)        _____ (Seal)

I understand that for the interest only period I will not be reducing the principal balance (unless I make additional payments of principal, which may be made in accordance with Section 5 of this Note).

After sixty (60) payments if I only make my minimum payment, my principal balance will not be reduced.

_____ (Seal)        _____ (Seal)
EDWARD B. KOHLER                          PATRICIA L. KOHLER

_____ (Seal)        _____ (Seal)

_____ (Seal)        _____ (Seal)

_____ (Seal)        _____ (Seal)

Interest Only  Adj.  Rate  Note  Rider                                    Rev. 102703

Page 3 of 3

Borrower Initials _____

# Allonge

*BNC Mortgage, Inc., Assignor, hereby assigns to U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4, Assignee, all of its right, title, and interest in and to that certain Mortgage Note executed by Edward B. Kohler and Patricia L. Kohler, as borrowers, to BNC Mortgage, Inc., as lender, dated April 6, 2006, in the original stated sum of $220,800.00, a copy of said Mortgage Note being attached hereto as an Exhibit.

The Assignment of the above-referenced Mortgage Note is without recourse.

Dated this _____ day of _____, 2009.

*BNC Mortgage, Inc.

BY: _____

Whitney K. Cook          Assistant Secretary
_____
PRINT NAME & TITLE

*Chase Home Finance LLC
As-Attorney-In-Fact-For

 

# ADJUSTABLE RATE NOTE
### (LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

April 6, 2006        Irvine        California
[Date]        [City]        [State]

5310 S SKYLINE DR, NEW BERLIN, WI 53151

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 220,800.00      (this amount is called "Principal"), plus interest, to the order of Lender. Lender is BNC MORTGAGE, INC., A DELAWARE CORPORATION

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     7.475 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on June 1, 2006       . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on May 1, 2036     , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at OOMC, Attn:Payment Processing, P.O. Box 44042, Jacksonville, FL. 32231-4042
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $1,540.09     . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

MULTISTATE ADJUSTABLE RATE NOTE - LIBOR SIX-MONTH INDEX (AS PUBLISHED IN *THE WALL STREET JOURNAL*) -
Single Family - Fannie Mae UNIFORM INSTRUMENT
Amended for Wisconsin

-838N(WI) (0006)    Form 3520 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 4    Initials: *ZBL  PLK*

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on the first day of May, 2008 , and on that day every
6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of
interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in
*The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately
preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable
information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And 100/1000
percentage points ( 6.100 %) to the Current
Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point
(0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next
Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid
principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially
equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.475 %
or less than 7.475 %. Thereafter, my interest rate will never be increased or decreased on any single
Change Date by more than one percentage point(s) ( 1.000 %)
from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater
than 14.475 %, or less than 7.475 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment
beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly
payment before the effective date of any change. The notice will include information required by law to be given to me and
also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known
as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not
designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will
use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my
Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the
Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly
payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my
monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial
Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or
other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such
loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already
collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund
by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the
reduction will be treated as a partial Prepayment.



**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A) Late Charges for Overdue Payments**

    If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

    **(B) Default**

    If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

    **(C) Notice of Default**

    If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

    **(D) No Waiver By Note Holder**

    Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

    **(E) Payment of Note Holder's Costs and Expenses**

    If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

    Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

    Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

    If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

    I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Case 09-35931-pp   Doc 5-1   Filed 12/09/09   Page 24 of 31

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
EDWARD B. KOHLER                    -Borrower

_____ (Seal)
PATRICIA L. KOHLER                    -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                              -Borrower

_____ (Seal)          _____ (Seal)
                    -Borrower                                              -Borrower

*[Sign Original Only]*

-838N(WI) (0009)                    Page 4 of 4                    Form 3620 1/01

**FOR INTEREST ONLY PAYMENT PERIOD**
THIS ADDENDUM TO NOTE PROVIDES FOR AN INITIAL PERIOD OF
MONTHLY PAYMENTS OF INTEREST ONLY AND FOR SUBSEQUENT
MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST.

This Addendum to Note for Interest Only Payment Period is made this    6th day of
April, 2006 ,     and is incorporated into and shall be deemed to amend and supplement the
Adjustable Rate Note of the same date (the "Note") and any Addenda to the Note given by the undersigned (the
"Borrower") to evidence Borrower's indebtedness to
**BNC MORTGAGE, INC., A DELAWARE CORPORATION**
(the "Lender"), which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed (the "Security
Instrument"), of the same date and covering the property described in the Security Instrument and located at:

5310 S SKYLINE DR, NEW BERLIN, WI 53151

[Property Address]

ADDITIONAL COVENANTS: Unless specifically defined in this Addendum, any capitalized terms shall
have the same meaning as in the Note. Notwithstanding anything to the contrary set forth in the Note, Addenda to
the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

I.    Sections 3 and 4 of the Note are modified to provide for sixty (60) payments of interest only ("Interest Only
Period") at the interest rates determined in accordance with Sections 2 and 4 of the Note. Sections 3 and 4 of the
Note are modified as follows:

### 1. PAYMENTS

(A) Time and Place of Payments.

I will pay interest during the interest Only Period, and principal and interest thereafter, by making a payment
every month.

I will make my monthly payments on the first day of each month beginning on June 1, 2006. I will make these
payments every month until I have paid all of the principal and interest and any other charges described below that
I may own under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to
interest before principal. If on May 1, 2036 , I still owe amounts under this Note, I will pay those amounts in full
on that date, which is called the "maturity date."

I will make my monthly payments at OOMC, Attn:Payment Processing, P.O. Box 44042, Jacksonville, FL.
32231-4042, or at a different place if required by the Note Holder.

(B) Amount of My Interest Only Payments.

The first twenty-four ( 24 ) monthly payments will be in the amount of U.S. $ 1,375.40 , which equals one
twelfth 1/12) of the amount of yearly interest due on the principal at the initial rate. These payments are called
"Interest Only Payments."

No payments of principal are due during the Interest Only Period. The Interest Only Payments will not reduce
the principal amount of this Note. Additional payments of principal may be made in accordance with Section 5
of this Note.

(C) Monthly Payment Changes.

After the Interest Only Period, changes in my monthly payment will reflect changes in the unpaid principal of
my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the
changed amount of my monthly payment in accordance with Section 4 of this Note.

### 2. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates.

The interest rate I will pay may change on the first day of May, 2008 , and on that day every 6th month
thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index.

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of
interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in
The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately
preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable
information. The Note Holder will give me notice of this choice

(C) Calculation of Changes.

Before each Change Date, the Note Holder will calculate my new interest rate by adding
Six And 100/1000            percentage points ( 6.100  %)
to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one
percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new
interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the
unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in

Case 09-35931-pp    Doc 5-1    Filed 12/09/09    Page 26 of 31

substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes.**

The interest rate I am required to pay at the first Change Date will not be greater than     10.475   % or less than   7.475   %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than  ONE AND 00/100    percentage point(s) ( 1.00  %) from the rate of interest I have been paying for the preceding 6 months.   My interest rate will never be greater than  14.475 % or less than  7.475 % .

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change.  The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any questions I may have regarding the notice.

II.     All other provisions of the Note and any Addenda are unchanged by this Addendum to Note for Interest Only Payments and remain in full force and effect.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 and 2 of this Adjustable Rate Rider.

_____ (Seal)      _____ (Seal)
EDWARD B. KOHLER                             PATRICIA L. KOHLER

_____ (Seal)      _____ (Seal)

_____ (Seal)      _____ (Seal)

_____ (Seal)      _____ (Seal)

**I understand that for the interest only period I will not be reducing the principal balance (unless I make additional payments of principal, which may be made in accordance with Section 5 of this Note).**

**After sixty (60) payments if I only made my minimum payment, my principal balance will not be reduced.**

_____ (Seal)      _____ (Seal)
EDWARD B. KOHLER                             PATRICIA L. KOHLER

_____ (Seal)      _____ (Seal)

_____ (Seal)      _____ (Seal)

_____ (Seal)      _____ (Seal)

_____

Case 09-35931-pp    Doc 5-1    Filed 12/09/09    Page 27 of 31

# BALLOON NOTE
### (Fixed Rate)

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

April 6, 2006        Irvine        California
[Date]           [City]           [State]

5310 S SKYLINE DR, NEW BERLIN, WI 53151

[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $55,200.00       (this amount is called "Principal"), plus interest, to the order of Lender. Lender is LEHMAN BROTHERS BANK, FSB

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of       10.725 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st     day of each month beginning on June 1, 2006     . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on May 1, 2021           , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at OOMC, Attn: Payment Processing, P.O. Box 44042, Jacksonville, FL. 32231-4042
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 514.25

MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Amended for Wisconsin
Page 1 of 3
-870N(WI) (0008).01
VMP MORTGAGE FORMS - (800)521-7291

Form 3260 1/01
Initials:

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Form 3250 4/01

Initials

-870N(WI) (0008).01

Page 2 of 3

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
EDWARD B. KOHLER                 -Borrower

_____ (Seal)
PATRICIA L. KOHLER               -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*[Sign Original Only]*

Case 09-35931-pp    Doc 5-1    Filed 12/09/09    Page 30 of 31

Property Tax Bill - Register of Deeds/Treasurer - County Data Warehouse - version 1.1

**Search Options** | **View Tax Listing** | **View GIS Image** | **Help**      Search by

# Tax Bill Details

2008 REAL PROPERTY TAX BILL
Tax Key:        NBC 1251152
Property Address:5310 S SKYLINE DR
Legal Description:LOT 15 BLK 4 MARYKNOLL HEIGHTS ADD NO.1 PT W.50 SW.25 SEC 25 T6N R20E R1748 I1590

CITY OF NEW BERLIN
View: Previous Year
View: 2008 Tax Listing

### Tax Year / Assessment

| | | | |
|---|---|---|---|
| Tax Year: | 2008 | Exempt: | No |
| Assessment Type: | FULL | Use Value Assessment: | No |
| Equalized Assessment Ratio: | 90.07% | Prior Taxes Due To: | |

| Values | Assessed | Equalized |
|---|---|---|
| Land | $61,200.00 | $67,900.00 |
| Improvement | $173,800.00 | $193,000.00 |
| Total | $235,000.00 | $260,900.00 |

| Line Item Description | Tax Amounts | Tax Rate per $1000 of assessed value |
|---|---|---|
| **GENERAL TAXES** | $4,599.24 | N/A |
| **GROSS GENERAL TAXES** | $4,599.24 | N/A |
| **SCHOOL TAX CREDIT** | ($479.48) | N/A |
| **FIRST DOLLAR CREDIT** | ($38.00) | N/A |
| **LOTTERY CREDIT** | ($87.68) | N/A |
| **NET GENERAL TAXES** | $3,994.08 | |
| **SPCL CHARGE(S)** | $1,276.42 | |
| **TOTAL SPECIAL ASSESSMENTS** | $1,276.42 | |
| **TOTAL TAX BILL** | **$5,270.50** | |

Billed To:
EDWARD B KOHLER & PATRICIA L
5310 S SKYLINE DR
NEW BERLIN, WI 53151-8064

| Installments | Amount Due | Due By | Pay to Agency |
|---|---|---|---|
| **Full Amount Due** | $5,270.50 | 1/31/2009 | LOCAL |
| **First Installment** | $2,549.34 | 1/31/2009 | LOCAL |
| **Second Installment** | $1,360.58 | 3/31/2009 | LOCAL |
| **Third Installment** | $1,360.58 | 5/31/2009 | LOCAL |
| 2008 Balance Due | | | |
| **2008 Tax Outstanding** | $0.00 | | |
| (view all transactions) | | | |

| Transaction | Posted | Origin | Description | Tax | Interest | Penalty | In Rem | Total |
|---|---|---|---|---|---|---|---|---|
| 1/5/2009 | 8/11/2009 | LOCAL | LOCAL PAYMENT | ($5,270.50) | $0.00 | $0.00 | $0.00 | ($5,270.50) |

No delinquent taxes found;

| County Web Site | Internet user |
|---|---|

This program accesses data from databases maintained by several County Departments and Local Municipalities. There may be inconsistence in data depending on the date the information was gathered or the purpose for which it is maintained. Due to variances in sources and update cycles, there is no guarantee as to the accuracy of the data. For questions regarding tax listing, contact the County Register of Deed's Office at (262)548-7577 . For questions regarding County Tax Bills, contact the County Treasurer's Office at (262)548-7029 .



Legal Notices | Privacy Notices | Acceptable Use Policy
Questions, comments, and concerns regarding this web site should be directed to Webmaster *We are not responsible for the content of links outside of our site.* © Copyright 2000 Waukesha County, All Rights Reserved.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  Edward B. Kohler and Patricia L. Kohler,      Chapter 13

        Debtor.      Case No. 09-35931-PP

**OBJECTION TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2006-4'S
MOTION FOR RELIEF FROM STAY AND ABANDONMENT**

      The above referenced debtors, Edward B. and Patricia L. Kohler, by The Law Offices of

Rollie R. Hanson, S.C., by Attorney Rollie R. Hanson hereby object to the Motion for Relief

from the Automatic Stay on file and request that the Court set this matter for hearing at its

earliest convenience.

      In support of this Objection, the debtors respectfully show to the Court as follows:

1.   The debtors anticipate converting their Chapter 7 Bankruptcy to a Chapter 13

     proceeding and further intend to challenge the secured position of the Movant as a

     contested matter.

2. The debtors assert that the documents attached to the Motion for Relief from the

     Automatic Stay do not support the movant's claim as a creditor in this bankruptcy.

     The debtors assert that documents attached to the Motion for Relief from the

     Automatic Stay show a mortgage granted to BNC Mortgage, Inc. while the movant

     claims to be U.S. Bank National Association as a trustee apparently for an entity

     called Structured Asset Investment Loan Trust.  However, there are no documents

THE LAW OFFICES OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

attached to the motion to show proper transfers of the debtors' mortgage loan to US Bank National Association or to said trust. Therefore, the debtors assert that the movant lacks standing as well as status as a real party in interest.

3.  The debtors assert that the Motion for Relief on file appears to allege that U.S. Bank National Association as Trustee for Asset Investment Loan Trust owns the debtors' mortgage loan. However, there are no documents attached to the Relief from Stay Motion to show proper transfers to said U.S. Bank National Association or to said trust. Further, the documents attached to the motion show the following.

    a.   A post filing unrecorded assignment by Mortgage Electronic Registration Systems, Inc. dated November 30, 2009 which purports to assign the BNC Mortgage, Inc. mortgage to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 with said Assignment executed by Sean Hillman, Staff Attorney for Bass & Moglowsky.

    b.  A document that purports to be an allonge dated December 2, 2009.

4.  The debtors assert that there is no documentation to show that Mortgage Electronic Registration Systems, Inc. has proper authority to do any assignment of mortgage from BNC Mortgage, Inc. to U.S. Bank National Association. Further, the document purporting to be an allonge appears to be done by an individual by the name of Whitney K. Cook, Assistant Secretary for Chase Home Finance, LLC as Attorney-in-Fact. There is no documentation to show that there is any proper Power of Attorney or that any Power of Attorney provides an employee of Chase Home Finance, LLC with the authority to transfer the mortgage note in this case. Further, the debtors

assert that the allonge does not appear to be attached to the note or made a permanent part of the note in this case and therefore fails to comply with requirements under the Uniform Commercial Code for transfer of the note as a negotiable instrument.

5. The debtors assert that the document dated December 2, 2009 which purports to be an allonge to a note as well the post-filing assignment of mortgage constitutes an attempt to illegally securitize the mortgage loan to a pooled trust. Further, upon information the debtors assert that the proper conveyancing procedures for a pooled trust to acquire a mortgage loan would require successive transfers from an originator to a sponsor or depositor and then a subsequent transfer to the trustee of the trust. The debtors allege that such successive transfers would be the minimum required to allow the Structured Asset Investment Loan Trust to acquire the debtors' mortgage loan. The movant fails to provide any documentation to show or support the proper transfer of the mortgage loan transfer to the movant.

6. The debtors assert that the movant lacks standing to request the Court for Relief from the Automatic Stay as well as the status of a real party in interest and the debtors further assert that they believe an Adversary Proceeding will necessary to challenge the claim of the movant and this matter should be declared a contested matter. Further, the debtors assert that the movant lacks the status as either a secured or unsecured creditor in this bankruptcy.

Dated this 23rd day of December, 2009 at West Allis, Wisconsin.


*/s/ Rollie R. Hanson*
Rollie R. Hanson, Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:   Edward Blaine Kohler, and                    Chapter 7
         Patricia Lynn Kohler,

                Debtors.                              Case No. 09-35931 PP

## VOLUNTARY MOTION TO CONVERT

The above-referenced debtors, Edward Blaine and Patricia Lynn Kohler, hereby

voluntarily convert their Chapter 7 proceeding to a Chapter 13 proceeding pursuant to 11

U.S.C. § 706 (a).

Dated this _____*12*$^{th}$_____ day of January, 2010 at West Allis, Wisconsin.

/s/ *Edward Blaine Kohler*                            /s/ *Patricia Lynn Kohler*
_____                      _____
Edward Blaine Kohler,                                 Patricia Lynn Kohler,
Debtor.                                               Joint-debtor.


                                                     /s/ *Rollie R. Hanson*
                                                     _____
                                                     Rollie R. Hanson,
                                                     Attorney for Debtors.

Law Offices of Rollie R. Hanson, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733 / (414) 321-9601 Facsimile
Rollie@hansonlaw.net

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: February 16, 2010



_____
Honorable Pamela Pepper
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WICONSIN

---

In re:  Edward Blaine Kohler, and                    Chapter 7
        Patricia Lynn Kohler,

        Debtors.                                     Case No. 09-35931 PP

---

**ORDER CONVERTING CASE FROM CHAPTER 7 TO CHAPTER 13**

---

UPON the Voluntary Motion to Convert,

UPON neither objection nor request for hearing being filed by the objection deadline,

IT IS HEREBY ORDERED that the above-captioned Chapter 7 bankruptcy proceeding is

converted to a Chapter 13 bankruptcy proceeding pursuant to 11 U.S.C. § 706(a).

# # # # #

Law Offices of Rollie R. Hanson, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414)321-9733 Fax:(414) 321-9601
Rollie@hansonlaw.net

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

---

In re:  Edward Blaine Kohler, and                    Chapter 13
        Patricia Lynn Kohler,


                Debtors.                              Case No. 09-35931 PP

---

☒ORIGINAL CHAPTER 13 PLAN
☐MODIFIED CHAPTER 13 PLAN DATED
*(Modified Plan Terms in Italics or Otherwise Highlighted)*

---

☒       **A check in this box indicates that the plan contains special provisions set out in Section 9A below.**

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payments of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter call "Debtor") proposed this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **$34.61 WEEKLY to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for 60 months for a total payment of $66,164.67** unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months from date of confirmation. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan.

> **Millis Transfer, Inc.**
> **Attn: Payroll Dept.**
> **P.O. Box 550**
> **Black River Falls, WI 54615**

The following alternative provision will apply if selected:

**_X_  IF CHECKED, Plan payments will increase from $34.61 WEEKLY to $266.05 WEEKLY on June 1, 2010.**

3. **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** This plan shall be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee, not to exceed 10% of funds received for distribution.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing the petition is $3,000.00. The amount of $3,501.00 (plus $50.00 for credit report) was paid prior to the filing of the case. Counsel for the Debtors will file a fee application for any fees over and above the initial $3,000.00 payment. The balance of court-approved fees shall be paid as follows: all available funds on hand after payment of pre-confirmation adequate protection payments to be paid at the initial disbursement following confirmation of the plan. All available funds on hand will be paid on a monthly basis until the fee is paid-in-full.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   __X__ None. If none, skip to Plan paragraph 5(B).

      (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

      (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. *See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

      (iii). Anticipated Domestic Support Obligation Arrearage Claims

         (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

         __X__ None; or

| (a)<br>Creditor | (b)<br>Estimated arrearage | (c)<br>Projected monthly arrearage |
|---|---|---|
| | | |

| (Name and Address) | claim | payment |
|---|---|---|
|  |  |  |
|  |  |  |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

___X___ None; or

Claimant and proposed treatment:_____
_____
_____

(B). **Other Priority Claims (e.g., tax claims)**. These priority claims will be paid in full, but will not be funded until all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
|  |  |

6. **Secured Claims.**

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain.**

(i). **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Trustee shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. No payment will be made by the Trustee without a filed proof of claim.

| Creditor | Collateral | Adequate Protection Monthly Payment Amount |
|---|---|---|
| North Shore Bank | 1993 Stratos boat, 1993 Evinrude motor, and 1993 custom trailer | $25.00 |
|  |  |  |
|  |  |  |

(ii). **Post confirmation payments.** Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c). No payment will be made by the Trustee without a filed proof of claim.

(a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the valuation and interest rate shown below, or as modified, will be binding on the creditor. Payments distributed by the Trustee are subject to the availability of funds.

___X___ None; or

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Purchase date | (d)<br>Claim amount | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below, or as modified, will be binding on the creditor. Payments distributed by the Trustee are subject to the availability of funds.

_____ None; or

| (a) | (b) | (c) | (d) | (e) | (f) |
|---|---|---|---|---|---|

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment |
|---|---|---|---|---|---|
| North Shore Bank | 1993 Stratos boat, 1993 Evinrude motor, and 1993 custom trailer | 5/26/05 | $1,055.07 (loan balance since it is less than fair market value) | Plus declining balance interest at 4.25% for 60 months. | To be determined at the discretion of the Chapter 13 Trustee per Special Provision Section 9(A)(4) below. |
| | | | | | |

(c). **Other provisions.**

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim until paid in full.

| (a) Creditor | (b) Property description | (c) Pre-petition arrearage |
|---|---|---|
| U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2006-4 (first mortgage) | Homestead real estate located at: 5310 S. Skyline Drive, New Berlin, Wisconsin | To be determined [see Special Provisions 9 (A)(1) and (2) below] |
| Chase Manhattan Mortgage (second mortgage) | Homestead real estate located at: 5310 S. Skyline Drive, New Berlin, Wisconsin | $3,462.54 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession /foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose

upon, or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a)<br>Creditor | (b)<br>Collateral to be surrendered |
|---|---|
| | |
| | |
| | |

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $201,641.10. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rate share of $0.00 or 0.00%, whichever is greater.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

___X___ None; or

| (a)<br>Creditor | (b)<br>Nature of lease or executory contract | (c)<br>Payment to be paid directly by Debtor | (d)<br>Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| | | | |

9. **Property of the Estate.** Property of the estate shall revest in Debtor:
         ☐ upon confirmation
         ☒ upon discharge
         ☐ other

(A). **Special Provisions.** Notwithstanding anything to the contrary set forth above, the Plan shall include the provisions set forth below. **The provisions will not be effective unless there is a check in the notice box preceding Paragraph 1 of this plan.**

> (1)  The Debtors dispute the claim on file by U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2006-4 and the validity of the mortgage.  The Debtors assert that U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2006-4 does not own or hold the mortgage or note for the note and mortgage dated April 6, 2006 and further disputes that said U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2006-4 has proper standing as a secured or unsecured creditor in this case
>
> (2)  The Trustee shall hold $57,890.07 of funds paid through the plan until resolution of any objection or Adversary Proceeding filed by the Debtors to challenge the claim held by U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2006-4.

☒ Special provisions continue to overflow page.

(B). **Special classes of unsecured claims.**

(C). **Other direct payments to creditors.**

10. **Avoidance or Limitation of Liens**

The debtor proposed to avoid or limit the liens of the following creditors:

**Creditor:**
**Creditor:**

Liens will not be avoided until the appropriate motion has been filed and order has been entered by the court or the appropriate adversary proceeding has been filed and judgment has been entered by the court.

Dated this ____8th____ day of February, 2010 at West Allis, Wisconsin.

/s/ *Edward B. Kohler*

_____

Edward B. Kohler,
Debtor.


Dated this ____8th____ day of February, 2010 at West Allis, Wisconsin.

/s/ *Patricia L. Kohler*

_____

Patricia L. Kohler,
Joint-debtor.


Dated this ____8th____ day of February, 2010 at West Allis, Wisconsin.

/s/ *Rollie R. Hanson*

_____

Rollie R. Hanson,
Attorney for Debtors.

KOHLER, Edward Blaine and Patricia Lynn
Overflow Plan Provisions

(3)  The Debtors shall continue to make all post-petition second mortgage payments to Chase Manhattan Mortgage "Debtor Direct" beginning with the March, 2010 mortgage payment. Chase Manhattan Mortgage shall retain its lien upon the Debtors' real estate upon completion of this plan and the issuance of the Chapter 13 discharge by this Court.

(4)  The Trustee shall disburse sufficient amounts at his/her discretion to North Shore Bank to liquidate its secured claim on the 1993 Stratos boat, 1993 Evinrude motor, and 1993 custom trailer within sixty (60) months after confirmation.  Further, the North Shore Bank account shall then be considered paid-in-full and said creditor shall release its lien on the 1993 Stratos boat, 1993 Evinrude motor, and 1993 custom trailer.

(5)  The Debtors shall only be required to turnover one-half of their net income tax refunds to the Chapter 13 Trustee for the 2009, 2010, and 2011 tax years.  Beyond the 2011 tax year, the Debtors shall not be required to turnover any portion of their income tax refunds to the Chapter 13 Trustee.

(6)  The Debtors reserve the right to dispute the balance of any secured claim in this bankruptcy proceeding and assert that the listing of any secured claim amount herein does not constitute an admission as to the validity or perfection of any lien of real estate or personal property.

(7)  Treatment of home mortgage payments pursuant to § 524(i)

   a.  *Application of Postpetition Ongoing Installment Payments Made by Debtors.*  The ongoing postpetition installment payments on the Debtors' home mortgage will be paid by the Debtors directly to Chase Manhattan Mortgage beginning with the payment due on March 1, 2010.  The payments received by Chase Manhattan Mortgage for ongoing postpetition installment payments shall be applied and credited to the Debtors' mortgage account as if the account were current and no prepetition default existed on the petition date in the order of priority specified in the note and security agreement and applicable nonbankruptcy law.  If these postpetition installment payments are made in a timely manner under the terms of the note, they shall be applied and credited without penalty. All timely payments received from the Debtors for post-petition mortgage payments shall be applied to the month in which they are due under the plan and shall be applied in the order of priority established by the underlying Note and Mortgage (i.e., to interest, principal, taxes, insurance, late charges, etc).

   b.  *Amount of Postpetition Ongoing Installment Payments Made by Debtors.* Chase Manhattan Mortgage shall comply with all applicable provisions of the Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) during the pendency of this plan, and shall make, upon notice to the Debtors, Debtors' counsel and the Trustee, appropriate adjustments to the ongoing installment payment amount to reflect escrow account, adjustable rate mortgage and other changes required by the

note and security agreement. If the escrow account has a shortage, deficiency or surplus of funds, as defined under RESPA, during the pendency of this plan, Chase Manhattan Mortgage shall notify the Debtors, the Debtors' counsel and the Trustee

c. *Notice of Payment Changes*. In a Chapter 13 case, if a claim secured by a security interest in the Debtors' principal residence is provided for under the Debtors' plan pursuant to § 1322(b)(5) of the Code, the holder of such claim shall file and serve on the Debtors, Debtors' counsel, and the Trustee notice of any change in the payment amount, including changes that result from interest rate and escrow account adjustments, at least 30 days before a payment at a new amount is due. This provision shall govern the holder of any claim for real estate of the Debtors other than the Debtors' principal residence as well.

d. *Application of Cure Payments Disbursed by Trustee*. The Debtors will cure the default on the mortgage within a reasonable period of time by making payments on the arrears through the plan, which payments shall be disbursed by the Trustee to Chase Manhattan Mortgage. The payments disbursed by the Trustee to Chase Manhattan Mortgage shall be applied and credited to the amount necessary to cure the default, which shall be referred to as the "arrears" for the purposes of this plan.

e. *Amount of Cure Payments Disbursed by Trustee*. The arrears shall consist of the following items, to the extent they are listed and separately itemized on the Chase Manhattan Mortgage's proofs of claim, are reasonable and have been actually incurred, and are authorized and have been properly assessed under the terms of the note and security agreement and applicable nonbankruptcy law:

   i. any unpaid prepetition installment payments due;
   ii. any unpaid prepetition late fees;
   iii. any unpaid prepetition attorney fees;
   iv. any unpaid prepetition fees for services performed in connection with Debtors' prepetition default for the purpose of protecting Chase Manhattan Mortgage's interest in the note and security agreement;
   v. any unpaid attorney fees and costs incurred postpetition but prior to confirmation;
   vi. any prepetition unpaid escrow shortage or deficiency, as defined under RESPA, to the extent of not being covered as a part of the unpaid prepetition installment payments provided in (i) above; and
   vii. any postpetition interest on the arrears, if expressly provided for in the terms of the note and security agreement.

   The amounts required to be paid by the Debtors for the arrears listed above shall be the amounts stated on the Chase Manhattan Mortgage's proofs of claim, unless the Debtors or Trustee dispute that amount, in which case the amount of arrears will be the amount ultimately decided by the Court or agreed to by the parties.

f. *Post Petition Arrears.* In the event of a post-petition default and resulting arrearage, said arrearage plus any reasonable fees or costs authorized by the noteand security agreement and applicable non-bankruptcy law, may be included in the plan or cured by the Debtors, subject to approval by the Court or agreement between Chase Manhattan Mortgage, the Debtors and the Chapter 13 Trustee.

g.  *Notice of Fees, Expenses, and Charges.*  In a Chapter 13 case, if a claim secured by a security interest in the Debtors principal residence is provided for under the Debtors' plan pursuant to § 1322(b)(5) of the Code, the holder of such claim shall file and serve on the Debtors, Debtors' counsel, and the Trustee a notice pursuant to Rule 2016(a) of the Bankruptcy Rules containing an itemization of all fees, expenses, or charges incurred in connection with the security interest after the filing of the bankruptcy case that the holder asserts are recoverable against the Debtors or against the Debtors' principal residence.  The notice shall be filed as a supplement to the holder's proof of claim and sent within 30 days of the date when such fees, expenses, or charges are incurred.  On motion of the Debtors or Trustee filed no later than one year after service of the notice given pursuant to this subdivision, after notice and hearing, the Court shall determine whether such fees, expenses, or charges are required by the underlying agreement and applicable nonbankruptcy law for the curing of the default or the maintenance of payments in accordance with § 1322(b)(5) of the Code.

h.  *Status of Mortgage Upon Plan Completion.* Upon successful completion of plan payments as required by this confirmed plan or any future modified plan and upon the Debtors maintaining current mortgage payments to Chase Manhattan Mortgage an order granting the discharge in this case shall be a determination that all pre-petition and post-petition defaults with respect to the Debtors' mortgage have been cured within the meaning of § 1322(b)(5) of the Bankruptcy Code and the Debtors' mortgage shall be deemed current and reinstated on the original payment schedules under the note and security agreement as if there had been no default. Upon the final plan payment by the Debtors, or upon the filing of the final accounting by the Chapter 13 Trustee, counsel for the Debtors may file a notice of motion and motion for a declaration and judicial determination that the Debtors have paid in full the amount required by the underlying agreement and applicable nonbankruptcy law to cure the default and the Debtors have maintained payments in accordance with Section 1322(b)(5) of the Code and said counsel shall provide notice of such Notice of Motion and Motion to the holder of any claim secured by a security interest in the Debtors' principal residence or rental property, if any as well as counsel of record of said claim holder under applicable Bankruptcy Rules.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                              Case No.  09-35931-pp
                              Chapter   7
                    Debtors.

------------------------------------------------------------

U.S. Bank National Association, as Trustee for
Structured Asset Investment Loan Trust,
Mortgage Pass-Through Certificates, Series 2006-4

                    Plaintiff,

vs.

    Edward B. and Patricia L. Kohler
    and Michael F. Dubis, Trustee,

                    Defendants.

------------------------------------------------------------

                STIPULATION MODIFYING STAY

------------------------------------------------------------

Debtors having filed a Petition for Relief under 11 U.S.C. Chapter 7 on November 3, 2009; and

U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4, (hereinafter "Creditor") a secured creditor and a party in interest herein, by virtue of a Note and Security Agreement secured by real estate located at 5310 S Skyline Dr.; New Berlin, Wisconsin (herein after "Property"); and

Creditor filed a Motion for Relief from Automatic Stay, due to lapse of monthly mortgage payments; and

Debtors have now filed a motion to convert to a Chapter 13 and pay Creditor's claim in the Chapter 13 plan;

IT IS STIPULATED that the automatic stay should be modified as follows:

1.    That the Debtor shall pay the arrearage claim through the Chapter 13 plan.  In the event the Debtors' Chapter 13 plan fails to contemplate paying the mortgage arrears and/or future monthly mortgage payments in accordance with the terms of the contract

between the parties, or if the Debtor does not complete the conversion to a Chapter 13, Creditor may renew its motion by letter to the court for the duration of this case.

2. That this stipulation in no way prejudices Debtor from later filing an adversary in this case.

3. This Stipulation may be executed in counterparts.


**LAW OFFICES OF ROLLIE R HANSON**
Attorneys for Debtor

By: Rollie R. Hanson

Date: 2/26 , 2010


**BASS & MOGLOWSKY, S.C.**
Attorneys for Creditor

By:

Date: 3/1 , 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In Re: Kohler, Edward B. and Patricia L.

Case No.  09-35931-pp
Chapter  13

Debtors.

---

U.S. Bank National Association, as Trustee for
Structured Asset Investment Loan Trust,
Mortgage Pass-Through Certificates, Series 2006-4

Plaintiff,

vs.

Edward B. and Patricia L. Kohler
and Mary B. Grossman, Trustee,

Defendants.

---

MOTION FOR RELIEF FROM STAY

---

U.S. Bank National Association, as Trustee for Structured
Asset Investment Loan Trust, Mortgage Pass-Through Certificates,
Series 2006-4 (hereinafter "Creditor"), by its attorneys, Bass &
Moglowsky, S.C., moves the Court, pursuant to 11 U.S.C. 362(d), for
an order terminating, annulling, modifying, or conditioning the
stay imposed by 11 U.S.C. 362(a) of the U.S. Bankruptcy Code and
alleges as follows:

1.   That Edward B. and Patricia L. Kohler, (hereinafter
"Debtor", whether one or more), filed a petition under Chapter 7 of
the U.S. Bankruptcy Code on November 3, 2009, and converted under
Chapter 13 of the U.S. Bankruptcy Code on February 16, 2010, and
that Mary B. Grossman has been appointed trustee.

2.   That Debtor executed a Promissory Note to Creditor for a
loan of $55,200.00, and payments under said Note were secured by a
second Mortgage on certain real property located at 5310 S Skyline
Dr; New Berlin, Wisconsin, and the balance, as of February 22,
2010, was $57,108.29.  A copy of said Note and Mortgages are
attached.

3.   That Debtor defaulted on said obligation.

4.   That grounds for relief from the automatic stay of 11
U.S.C. 362 are:

a. Creditor has not been afforded adequate protection for its interest in the property in that Debtor has failed to pay the post-petition monthly contract payments due on and after December 1, 2009, and the total amount of arrears, as of March 10, 2010, is $1,492.88; and

b. Debtor has no equity in the property. The property is subject to a first mortgage in with a balance of $228,229.54 as of November 5, 2009. According to the Tax Assessor, the property is assessed at $235,000.00. The current amount owed on the property is approximately $285,337.83. The property is not necessary to an effective reorganization.

5. That the Debtor is in possession of the property; further, that Creditor's interest in said property is decreasing in value.

6. That if the Court denies Creditor's request for relief from the automatic stay, then the Creditor prays for a hearing for a determination of adequate protection of its interest in the property.

7. That Creditor requests that the Court also order that Rule 4001(a)(3) is not applicable, allowing Creditor to immediately enforce and implement its order granting relief from the automatic stay.

8. Creditor's costs and fees associated with this motion are $800.00 ($650.00 costs and $150.00 fees).

Dated: March 12, 2010

BASS & MOGLOWSKY, S.C.,
Attorneys for Creditor

By_____
Penny G. Gentges,
A Member of the Firm

P. O. Address:
7020 North Port Washington Road, Suite 206
Milwaukee, Wisconsin 53217
Telephone: (414) 228-6700

------------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                                Case No.   09-35931-pp
                                Chapter   13

                    Debtors.

------------------------------------------------------------------

        U.S. Bank National Association, as Trustee for
        Structured Asset Investment Loan Trust,
        Mortgage Pass-Through Certificates, Series 2006-4

                        Plaintiff,

vs.

        Edward B. and Patricia L. Kohler
        and Mary B. Grossman, Trustee,

                        Defendants.

------------------------------------------------------------------

### NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4, has filed papers with the court to obtain relief from the automatic stay.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant relief from the automatic stay, or if you want the court to consider your views on the motion, then on or before  March 26, 2010, you or your attorney must:

[File with the court a written request for hearing {*or, if the court requires a written response*, an answer, explaining your position} at:

            United States Bankruptcy Court
            Eastern District of Wisconsin
            U. S. Federal Building, Room 126
            517 East Wisconsin Avenue
            Milwaukee WI  53202

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> BASS & MOGLOWSKY, S.C
> 7020 North Port Washington Road, Suite 206
> Milwaukee WI 53217
> Attention: Penny G. Gentges

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: March 12, 2010

Signature: _____

Name: Penny G. Gentges
Address: BASS & MOGLOWSKY, S.C
7020 N. Port Washington
Suite 206
Milwaukee WI 53217

## FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE
## 15 U.S.C. SECTION 1692, AS AMENDED

1.    Bass & Moglowsky, S.C. is a law firm representing a creditor in the collection of a debt that you owe to said creditor. We are attempting to collect such debt and any information obtained will be used for that purpose.

2.    The name and address of the creditor that the law firm represents is:

> U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4
> 10790 Rancho Bernardo Road
> San Diego, CA 92127

3.    The debt that the law firm is attempting to collect is described in the attached Motion and Exhibits.

4.    **THIS IS NOT A DEMAND FOR PAYMENT.** We are required by law to advise you that the total amount of the debt, as of February 22, 2010, was $57,108.29.    Please note that, since interest, late charges, and other charges may vary from day to day, the amount of the debt may increase.    Therefore, if you decide to pay the amount stated above, an adjustment may be necessary after payment is received.

5.    If you dispute the validity of the debt, or any portion thereof, you should notify us in writing within thirty (30) days after receipt of this notice, or we will assume the debt to be valid.    If we are so notified, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you.

6.    If the original creditor is different from the present creditor and within thirty (30) days after receipt of this notice, you request the name and address of such original creditor, we will obtain that information, and that information will be mailed to you.

7.    The law does not require us to wait until the end of the thirty (30) day period to sue you to collect this debt, nor does it relieve you of your obligation to comply with any of the deadlines imposed by the lawsuit.    If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this Notice, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

8.    All written requests should be addressed to Bass & Moglowsky, S.C., 7020 North Port Washington Road, Milwaukee, Wisconsin 53217.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

Case No.  09-35931-pp
Chapter   13

Debtors.

------------------------------------------------------------

U.S. Bank National Association, as Trustee for
Structured Asset Investment Loan Trust,
Mortgage Pass-Through Certificates, Series 2006-4

Plaintiff,

vs.

Edward B. and Patricia L. Kohler
and Mary B. Grossman, Trustee,

Defendants.

------------------------------------------------------------

AFFIDAVIT OF SERVICE

------------------------------------------------------------

STATE OF WISCONSIN)
                   ) ss.
MILWAUKEE COUNTY  )

The undersigned, being first duly sworn upon oath, says that
on December 9, 2009, your affiant served a copy of the annexed
NOTICE OF MOTION and MOTION FOR RELIEF FROM AUTOMATIC STAY on the
attorney(s) and/or parties listed below electronically if the party
accepts electronic service through CM/ECF or by mailing said copy
to their last known address, with postage prepaid and affiant's
return address properly placed on the envelope:

Edward B. Kohler and                 Rollie R. Hanson by CM/ECF
Patricia L. Kohler
5310 S. Skyline Drive
New Berlin, WI 53151


Mary B. Grossman by CM/ECF


SUBSCRIBED and sworn to
before me March 12, 2010.

_____
Notary Public
Milwaukee County, Wisconsin
My Commission is permanent

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re: Kohler, Edward B. and Patricia L.

Chapter 13

Case No. 09-35931-pp

Debtor.

## AFFIDAVIT IN SUPPORT OF MOTION OF U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 FOR RELIEF FROM THE AUTOMATIC STAY

STATE OF _California_ )
COUNTY OF _San Diego_ )ss

The affiant, being first duly sworn on oath, deposes and states as follows:

1.    That the affiant is an employee of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 the lender herein and makes this affidavit based upon the affiant's personal knowledge and the regularly-maintained business records of the lender which are in the affiant's possession, custody and control.

2.    That the mortgage involved herein encumbers real estate located at 5310 S Skyland Dr; New Berlin, Wisconsin, more particularly described in the attached exhibits.

3.    Attached hereto and incorporated herein by reference is a copy of the note, a copy of the mortgage with evidence of perfection and, if applicable, a copy of the assignment(s) of the mortgage.

4.    That the post-petition arrearage due as of the date of this affidavit is itemized as follows:

Payments: December 2009 through March 2010 at $373.22 each

Late charges: not applicable

Attorney fees: $650.00 fees and $150.00 costs

5.      That attached hereto and incorporated herein by reference is a summary of the post-petition mortgage payment history since the post-petition mortgage payments were last current.

6.      Upon information and belief, the real property has an approximate value of $235,000.00, based upon the tax assessor's estimated assessed value, less a broker's 6.0%, leaving $220,900.00.

7.      That this affidavit is made in support of the motion of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 for relief from the automatic stay.

_____

See Attached Acknowledgement                    Affiant's Name
                                                Affiant's phone number

Subscribed and sworn to before me
this _____ day of _____, 2010.

_____
_____, Notary Public
_____, State of _____
My commission expires:

# Jurat

**State of California**

}ss.

**County of San Diego**

Subscribed and sworn to (or affirmed) before me this ___02/24/10___
by_____ _Jamie Downey_ _ proven to me on the basis of satisfactory evidence to be
the person(s) who appeared before me.

```
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
.                                                       .
.    ┌─────────────────────────────────────┐           .
.    │        DAVID HAYCOCK                 │           .
.    │  N     COMM. #1836035      N         │           .
.    │  R   Notary Public - California  R   │           .
.    │  0      San Diego County         0   │           .
.    │  1  My Comm. Expires Feb. 12, 2013 1 │           .
.    └─────────────────────────────────────┘           .
.                                                       .
.                  Notary Seal                          .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . .
```

Signature: _____

Printed Name: **David Haycock**

-----------------------------------**OPTIONAL**-----------------------------------

**Description of Attached Document**

Title or Type of Document: _____AFFIDAVIT_____

Loan or Case Number: _____

Document Date: _____

**Capacity(ies) Claimed by Signer**

Signer(s) Name: _____

Capacity: _____

Signer is representing:   CHASE HOME FINANCE, LLC

| Name: | KOHLER | | Date Created: | | 2/22/2010 |
|---|---|---|---|---|---|
| Loan #: | XXXXXXX9 | | Updated: | | 2/22/2010 |
| File Date: | 11/03/09 | | | | |
| First Post: | | | | | |

| AMT RCVD | Amount Due | | Post pmt due for | amount still remaing or over | |
|---|---|---|---|---|---|
| | $ | 373.22 | 12/1/2009 | $ | (373.22) |
| | $ | 373.22 | 1/1/2010 | $ | (746.44) |
| | $ | 373.22 | 2/1/2010 | $ | (1,119.66) |
| | $ | 373.22 | 3/1/2010 | $ | (1,492.88) |

Page 1

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, **Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB** Assignor, hereby grants, assigns, and transfers to, **U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4**, assignee, all of its right, title, and interest in and to that certain mortgage executed by **Edward B. Kohler and Patricia L. Kohler**, as mortgagors, to **Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB** as mortgagee, on **April 5, 2006**, and recorded in the office of the Register of Deeds of **Waukesha County**, Wisconsin, on **May 1, 2006, as Document Number 3382191**, together with the note and indebtedness that it secures:

**Lot 15, Block 4 Maryknoll Heights Addition No. 1, being a subdivision of a part of the West ½ of the SE 1/4 of Section 25, Township 6 North, Range 20 East, in the City of New Berlin, Waukesha County, Wisconsin.**

RETURN TO:
Attn: Greg L. Perry
Bass & Moglowsky, S.C.
7020 N. Port Washington Road
Milwaukee, WI 53217

Tax Key Number: **NBC 1251-152**

Dated this **2ⁿᵈ** day of **March, 2010**.

**Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB**

_____(SEAL)

BY: _____(SEAL)

* _____

\*_____
    **Shawn R. Hillmann, VP**

### AUTHENTICATION

Signature(s)_____

authenticated this ____ day of _____, 2010

_____

\*_____,

TITLE: MEMBER STATE BAR OF WISCONSIN
    (If not, _____
    authorized by §706.06, Wis. Stats.)

THIS INSTRUMENT WAS DRAFTED BY
_____
Jennifer J. Collins

(Signatures may be authenticated or acknowledged. Both are not necessary.)

### ACKNOWLEDGEMENT

STATE OF **WISCONSIN**     )
                   ) ss.
**MILWAUKEE** COUNTY     )

Personally came before me this **2ⁿᵈ** day of **March, 2010**, the above-named:

_____
    Shawn R. Hillmann    to me known to be the persons who executed the foregoing instrument and acknowledge the same.

\*_____
    Gregory L. Perry II
Notary Public, Milwaukee County, State of Wisconsin
State of My Commission expires: **2/6/2011**



ПП0023 MAY-18

## MORTGAGE



DOCUMENT NUMBER:
MIL006338

3382191

REGISTER'S OFFICE
WAUKESHA COUNTY, WI
RECORDED ON

05-01-2006 8:37 AM

MICHAEL J. HASSLINGER
REGISTER OF DEEDS

REC. FEE: 16.00
REC. FEE-CO: 3.00
REC. FEE-ST: 2.00
TRAN. FEE:
TRAN. FEE-STATE:
PAGES: 7

NAME & RETURN ADDRESS:
LEHMAN BROTHERS BANK, FSB
P.O. BOX 19656
IRVINE, CA 92623-9656

PARCEL IDENTIFIER NUMBER:

MIN 100122200002476320

THIS MORTGAGE is made this 6th day of April, 2006 , between the Mortgagor,
EDWARD B. KOHLER AND PATRICIA L. KOHLER, HUSBAND AND WIFE.

(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's
successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. LEHMAN BROTHERS BANK, FSB

, ("Lender") is organized and
existing under the laws of the United States , and has an address of
P.O. BOX 19656, IRVINE, CA 92623-9656

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 55,200.00 , which
indebtedness is evidenced by Borrower's note dated April 6, 2006 and extensions and renewals
thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not
sooner paid, due and payable on May 1, 2021 :

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the
performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey
to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with
power of sale, the following described property located in the County of WAUKESHA
, State of Wisconsin:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HERETO AS EXHIBIT A.

which has the address of 5310 S SKYLINE DR [Street]
NEW BERLIN [City], Wisconsin 53151 [Zip Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances
and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the
foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as
the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this
Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and
assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the
Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that

WISCONSIN - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(WI) (0009).01 Form 3850
Amended 1/80
Page 1 of 6 Initials
VMP Mortgage Solutions (800)521-7291

Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** If an amount larger than one full payment on the Note is more than 10 days overdue (or the first or last payment is more than 40 days overdue), or if any other condition in the Note or this Mortgage (including paragraph 16 hereof) is violated, and such breach materially impairs the condition, value or protection of or Lender's right in the Property, or materially impairs Borrower's ability to pay amounts due, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 15 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the clerk of the Circuit Court of the County in which the sale is held.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before the sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, and at any time prior to the expiration of any period of redemption following sale of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents

collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any, unless applicable law provides otherwise.

**21. Accelerated Redemption Periods.** If (i) the Property is twenty (20) acres or less in size, (ii) Lender in an action to foreclose this Mortgage waives all right to a judgment for deficiency and (iii) Lender consents to Borrower's remaining in possession of the Property, then the sale of the Property may be six (6) months from the date the judgment is entered if the Property is owner-occupied at the time of the commencement of the foreclosure action. If conditions (ii) and (iii) above are met and the Property is not owner-occupied at the time of the commencement of the foreclosure action, then the sale of the Property may be three (3) months from the date the judgment is entered. In any event, if the Property has been abandoned, then the sale of the Property may be two (2) months from the date the judgment is entered.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

---

**NOTICE TO CUSTOMER**

(a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON ALL PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

---

_____ (Seal)
EDWARD B. KOHLER            -Borrower

_____ (Seal)
PATRICIA L. KOHLER           -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

_____ (Seal)
                            -Borrower

*[Sign Original Only]*

STATE OF WISCONSIN,                    WAUKESHA        County ss:
   The foregoing instrument was acknowledged before me this 6TH DAY OF APRIL, 2006        by
EDWARD B. KOHLER,   PATRICIA L. KOHLER

My Commission Expires: 4/27/08

_____
Notary Public, State of Wisconsin

This instrument was prepared by JESSICA IVAN

(Seal)

NOTARY PUBLIC
BEVERLY A. BARNES
STATE OF WISCONSIN

റ0 0029 MAY-1 ᴱ

Lot 15, Block 4 Maryknoll, Heights Addition No. 1, being a Subdivision of a part of the West One-half (1/2) of the
Southeast One-quarter (1/4) of Section Twenty-five (25), Township Six (6) North, Range Twenty (20) East, in the
City of New Berlin, Waukesha County, Wisconsin.

For Informational Purposes Only
Tax Parcel Number:    NBC 1251-152
Property Address:     5310 S. Skyline Drive
                      New Berlin, WI 53151

(08-WI-0001.PFD/08-WI-0000/25)

LEHMAN BROTHERS BANK, FSB
P.O. BOX 19656
IRVINE, CALIFORNIA 92623-9656

——————————— [Space Above This Line For Recording Data] ———————————
LOAN #: ▓▓▓▓▓▓

## Balloon Rider

    THIS BALLOON RIDER is made this 6th **day of April, 2006** , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to
**LEHMAN BROTHERS BANK, FSB**
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

5310 S SKYLINE DR, NEW BERLIN, WI 53151

[Property Address]

    The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

    **ADDITIONAL COVENANTS.** In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

——————————————————————————————————————————
**BALLOON RIDER-MULTISTATE (01/97)**

Page 1 of 2

BALRD

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_____  _____
EDWARD B. KOHLER          -Borrower          Date

_____  _____
PATRICIA L. KOHLER          -Borrower          Date

_____  _____
                              -Borrower                              Date

_____  _____
                              -Borrower                              Date

_____  _____
                              -Borrower                              Date

_____  _____
                              -Borrower                              Date

**BALLOON RIDER-MULTISTATE (01/97)**

Page 2 of 2

BALRD2



# BALLOON NOTE
### (Fixed Rate)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

April 6, 2006                     Irvine                     California
 [Date]                           [City]                     [State]

        5310 S SKYLINE DR, NEW BERLIN, WI  53151

                    [Property Address]

## 1. BORROWER'S PROMISE TO PAY
In return for a loan that I have received, I promise to pay U.S. $55,200.00                (this amount is called "Principal"), plus interest, to the order of Lender. Lender is LEHMAN BROTHERS BANK, FSB

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 10.725 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

## 3. PAYMENTS
(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st       day of each month beginning on June 1, 2006                .
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on May 1, 2021                       , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at OOMC, Attn:Payment Processing, P.O. Box 44042, Jacksonville, FL. 32231-4042
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 514.25                .

---

MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Amended for Wisconsin                          Page 1 of 3
-870N(WI) (0008).01                VMP MORTGAGE FORMS - (800)521-7291

Form 3260 1/01

Initials:



## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15    calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Form 3268 1/01

Initials

-870N(WI) (0006).01

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
EDWARD B. KOHLER          -Borrower

_____ (Seal)
PATRICIA L. KOHLER          -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

*[Sign Original Only]*

-870N(WI) (0008).01                Page 3 of 3                Form 3260 1/01

# Allonge

Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB, Assignor, hereby assigns to U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-4, Assignee, all of its right, title, and interest in and to that certain Mortgage Note executed by Edward B. Kohler and Patricia L. Kohler, as borrowers, to Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB, as lender, dated April 6, 2006, in the original stated sum of $55,200.00, a copy of said Mortgage Note being attached hereto as an Exhibit.

The Assignment of the above-referenced Mortgage Note is without recourse.

Dated this __8th__ day of __March_____, 2010.

Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB

BY: _____

__Deborah A. Lenhart, Vice President__
PRINT NAME & TITLE

Property Tax Bill - Register of Deeds/Treasurer - County Data Warehouse - version 1.1

**Search Options | View Tax Listing | View GIS Image | Help**     Search by

# Tax Bill Details

2008 REAL PROPERTY TAX BILL
Tax Key:     NBC 1251152
Property Address:5310 S SKYLINE DR
Legal Description:LOT 15 BLK 4 MARYKNOLL HEIGHTS ADD NO.1 PT W.50 SW.25 SEC 25 T6N R20E R1748 I1590

CITY OF NEW BERLIN
View: Previous Year
View: 2008 Tax Listing

| Tax Year / Assessment | | | | |
|---|---|---|---|---|
| Tax Year: | 2008 | Exempt: | No | |
| Assessment Type: | FULL | Use Value Assessment: | No | |
| Equalized Assessment Ratio: | 90.07% | Prior Taxes Due To: | | |
| | Values | | Assessed | Equalized |
| | Land | | $61,200.00 | $67,900.00 |
| | Improvement | | $173,800.00 | $193,000.00 |
| | Total | | $235,000.00 | $260,900.00 |

| Line Item Description | Tax Amounts | Tax Rate per $1000 of assessed value |
|---|---|---|
| GENERAL TAXES | $4,599.24 | N/A |
| GROSS GENERAL TAXES | $4,599.24 | N/A |
| SCHOOL TAX CREDIT | ($479.48) | N/A |
| FIRST DOLLAR CREDIT | ($38.00) | N/A |
| LOTTERY CREDIT | ($87.68) | N/A |
| NET GENERAL TAXES | $3,994.08 | |
| SPCL CHARGE(S) | $1,276.42 | |
| TOTAL SPECIAL ASSESSMENTS | $1,276.42 | |
| TOTAL TAX BILL | $5,270.50 | |

Billed To:
EDWARD B KOHLER & PATRICIA L
5310 S SKYLINE DR
NEW BERLIN, WI 53151-8064

| Installments | Amount Due | Due By | Pay to Agency |
|---|---|---|---|
| Full Amount Due | $5,270.50 | 1/31/2009 | LOCAL |
| First Installment | $2,549.34 | 1/31/2009 | LOCAL |
| Second Installment | $1,360.58 | 3/31/2009 | LOCAL |
| Third Installment | $1,360.58 | 5/31/2009 | LOCAL |
| 2008 Balance Due | | | |
| 2008 Tax Outstanding | $0.00 | | |

(view all transactions)

| Transaction | Posted | Origin | Description | Tax | Interest | Penalty | In Rem | Total |
|---|---|---|---|---|---|---|---|---|
| 1/5/2009 | 8/11/2009 | LOCAL | LOCAL PAYMENT | ($5,270.50) | $0.00 | $0.00 | $0.00 | ($5,270.50) |

No delinquent taxes found;

| County Web Site | Internet user |
|---|---|

This program accesses data from databases maintained by several County Departments and Local Municipalities. There may be inconsistence in data depending on the date the information was gathered or the purpose for which it is maintained. Due to variances in sources and update cycles, there is no guarantee as to the accuracy of the data. For questions regarding tax listing, contact the County Register of Deed's Office at (262)548-7577 . For questions regarding County Tax Bills, contact the County Treasurer's Office at (262)548-7029 .



Legal Notices | Privacy Notices | Acceptable Use Policy
Questions, comments, and concerns regarding this web site should be directed to Webmaster *We are not responsible for the content of links outside of our site.* © Copyright 2000 Waukesha County, All Rights Reserved.

# BASS & MOGLOWSKY, S.C.
## ATTORNEYS AT LAW

Arthur M. Moglowsky
Steven W. Moglowsky
Penny G. Gentges

7020 NORTH PORT WASHINGTON ROAD
MILWAUKEE, WISCONSIN 53217

Shawn R. Hillmann
Jennifer J. Collins
Joshua J. Brady
Linnea A. DeBraal
David M. Potteiger
Eric S. Teske

TEL: (414) 228-6700
FAX: (414) 228-6506

March 22, 2010

United States Bankruptcy Court
Eastern District of Wisconsin by CM/ECF

    In Re:   Kohler, Edward B. and Patricia L.
    Case No.  09-35931-pp
    Chapter   13
    MOTION FOR RELIEF FROM STAY OF
        U.S. Bank National Association, as Trustee for
        Structured Asset Investment Loan Trust,
        Mortgage Pass-Through Certificates, Series 2006-4
    Creditor Address: 10790 Rancho Bernardo Road
           San Diego, CA 92127

Dear Clerk:

    This office represents U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4, in the collection of the above referenced debt owed to said creditor. Please be advised that the motion for relief from stay of said creditor is hereby renewed.

    This debt originally arose out of a loan obtained by the debtor on April 6, 2006, in the sum of $220,800.00. The loan is secured by a Real Estate Mortgage on 5310 S Skyline Dr; New Berlin, Wisconsin. The account is currently past due for the December 1, 2009, and subsequent payments. The monthly payment amount is $1,950.45; the total amount due including late charges is $7,801.80.

    You have twenty one days to object to the renewed motion for relief from stay. Failure to object to the motion may result in the court granting the requested relief.

    THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Very truly yours,

Eric S. Teske

```
                 UNITED STATES BANKRUPTCY COURT
                  EASTERN DISTRICT OF WISCONSIN
----------------------------------------------------------------
In Re: Kohler, Edward B. and Patricia L.
                                    Case No.   09-35931-pp
                                    Chapter    13
                        Debtors.
----------------------------------------------------------------
     U.S. Bank National Association, as Trustee for
     Structured Asset Investment Loan Trust,
     Mortgage Pass-Through Certificates, Series 2006-4

                        Plaintiff,

vs.

     Edward B. and Patricia L. Kohler
     and Mary B. Grossman, Trustee,

                        Defendants.
----------------------------------------------------------------
                      AFFIDAVIT OF SERVICE
----------------------------------------------------------------

STATE OF WISCONSIN)
                  ) ss.
MILWAUKEE COUNTY  )

     The undersigned, being first duly sworn upon oath, says that
on March 22, 2010, your affiant served a copy of the annexed
LETTER OF RENEWAL OF MOTION FOR RELIEF FROM AUTOMATIC STAY on the
attorney(s) and/or parties listed below by mailing said copy to
their last known address (or by CM/ECF, if said party receives
notices electronically,) with postage prepaid and affiant's
return address properly placed on the envelope:

Edward B. Kohler and            Rollie R. Hanson by CM/ECF
Patricia L. Kohler
5310 S. Skyline Drive
New Berlin, WI 53151


Mary B. Grossman by CM/ECF
```

Rollie R. Hanson by CM/ECF _(signature)_ Elizabeth Billing

```
SUBSCRIBED and sworn to
before me March 22, 2010.


_____
Notary Public
Milwaukee County, Wisconsin
My Commission is permanent
```

**-2-**

In re: Kohler, Edward B. and Patricia L.

Chapter 13

Case No. 09-35931-pp

Debtor.

**AFFIDAVIT IN SUPPORT OF MOTION OF U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 FOR RELIEF FROM THE AUTOMATIC STAY**

STATE OF California )
COUNTY OF San Diego )ss
)

The affiant, being first duly sworn on oath, deposes and states as follows:

1. That the affiant is an employee of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 the lender herein and makes this affidavit based upon the affiant's personal knowledge and the regularly-maintained business records of the lender which are in the affiant's possession, custody and control.

2. That the mortgage involved herein encumbers real estate located at 5310 S Skyline Dr; New Berlin, Wisconsin, more particularly described in the attached exhibits.

3. Attached hereto and incorporated herein by reference is a copy of the note, a copy of the mortgage with evidence of perfection and, if applicable, a copy of the assignment(s) of the mortgage.

4. That the post-petition arrearage due as of the date of this affidavit is itemized as follows:

Payments: December 1, 2009—March 1, 2010, at $1,950.45 each

Late charges: not applicable

Attorney fees: $150.00 fees

5.      That attached hereto and incorporated herein by reference is a summary of the post-petition mortgage payment history since the post-petition mortgage payments were last current.

6.      Upon information and belief, the real property has an approximate value of $235,000.00, based upon the tax assessor's estimated assessed value, less a broker's 6.0%, leaving $220,900.00.

7.      That this affidavit is made in support of the motion of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4. for relief from the automatic stay.

_____
Affiant's Name
Affiant's phone number

Subscribed and sworn to before me
this 19th day of March          , 2010.

Linda C. Andreoli
_____, Notary Public
_____, State of Calif.
My commission expires:  9-28-10

# Jurat

State of California

County: San Diego

Subscribed and sworn to (or affirmed) before me on this 19th day of March 20 10 by Jamie Downey

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Linda C. Andreoli_
Signature

(Notary seal)

```
LINDA C. ANDREOLI
Commission # 1696179
Notary Public - California
San Diego County
My Comm. Expires Sep 28, 2010
```

---

## OPTIONAL INFORMATION

### INSTRUCTIONS FOR COMPLETING THIS FORM
The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

---

### DESCRIPTION OF THE ATTACHED DOCUMENT

_____
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date _____

_____
(Additional information)

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document

2008 Version CAPA v1.9.07 800-873-9865 www.NotaryClasses.com

| Payment History | | | |
|---|---|---|---|
| Name: | Kohler | Date Created: | 3/17/2010 |
| Loan #: | ◼◼◼5501 | Updated: | 3/17/2010 |
| File Date: | 11/03/09 | | |
| First Post: | | | |

| Date Posted | AMT RCVD | Amount Due | Post pmt due for | amount still remaing or over |
|---|---|---|---|---|
| | | $ 1,950.45 | 12/1/2009 | $ (1,950.45) |
| | | $ 1,950.45 | 1/1/2010 | $ (3,900.90) |
| | | $ 1,950.45 | 2/1/2010 | $ (5,851.35) |
| | | $ 1,950.45 | 3/1/2010 | $ (7,801.80) |
| | | $ 1,950.45 | 4/1/2010 | $ (9,752.25) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Edward B. Kohler and Patricia L. Kohler,      Chapter 13

Debtor.      Case No. 09-35931-PP

**OBJECTION TO U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR STRUCTURED ASSET INVESTMENT LOAN TRUST, MORTGAGE
PASS THROUGH CERTIFICATES, SERIES 2006-4'S
MOTION FOR RELIEF FROM STAY AND ABANDONMENT**

The above referenced debtors, Edward B. and Patricia L. Kohler, by The Law Offices of

Rollie R. Hanson, S.C., by Attorney Rollie R. Hanson hereby object to the Motion for Relief

from the Automatic Stay on file and request that the Court set this matter for hearing at its

earliest convenience.

In support of this Objection, the debtors respectfully show to the Court as follows:

1.   The debtors assert that the documents attached to the Motion for Relief from the

Automatic Stay do not support the movant's claim as a creditor in this bankruptcy.

The debtors assert that documents attached to the Motion for Relief from the

Automatic Stay show a mortgage granted to Lehman Brothers Bank, FSB while the

movant claims to be U.S. Bank National Association as a trustee apparently for an

entity called Structured Asset Investment Loan Trust.  However, there are no

documents

THE LAW OFFICES OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

attached to the motion to show proper transfers of the debtors' mortgage loan to US

Bank National Association or to said trust. Therefore, the debtors assert that the

movant lacks standing as well as status as a real party in interest.

2.  The debtors assert that the Motion for Relief on file appears to allege that U.S. Bank

National Association as Trustee for Asset Investment Loan Trust owns the debtors'

mortgage loan. However, there are no documents attached to the Relief from Stay

Motion to show proper transfers to said U.S. Bank National Association or to said

trust. Further, the documents attached to the motion show the following.

a.  A post filing unrecorded assignment by Mortgage Electronic Registration

Systems, Inc. dated March 2, 2010 which purports to assign the Lehman Brothers

Bank, FSB mortgage to U.S. Bank National Association as Trustee for Structured

Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4

with said Assignment executed by Sean Hillman, Staff Attorney for Bass &

Moglowsky.

b.  A document that purports to be an allonge dated March 8, 2010.

3.  The debtors assert that there is no documentation to show that Mortgage Electronic

Registration Systems, Inc. has proper authority to do any assignment of mortgage

from Lehman Brothers Bank, FSB. to U.S. Bank National Association. Further, the

document purporting to be an allonge appears to be done by an individual by the

name of Deborah A. Lenhart, Vice-President of Aurora Bank, FSB. There is no

documentation to show that there is any proper Power of Attorney or that any Power

of Attorney provides an employee of Aurora Bank, FSB with the authority to transfer

the mortgage note in this case. Further, the debtors assert that the allonge does not

appear to be attached to the note or made a permanent part of the note in this case and therefore fails to comply with requirements under the Uniform Commercial Code for transfer of the note as a negotiable instrument.

4. The debtors assert that the document dated March 8, 2010 which purports to be an allonge to a note as well the post-filing assignment of mortgage constitutes an attempt to illegally securitize the mortgage loan to a pooled trust. Further, upon information the debtors assert that the proper conveyancing procedures for a pooled trust to acquire a mortgage loan would require successive transfers from an originator to a sponsor or depositor and then a subsequent transfer to the trustee of the trust. The debtors allege that such successive transfers would be the minimum required to allow the Structured Asset Investment Loan Trust to acquire the debtors' mortgage loan. The movant fails to provide any documentation to show or support the proper transfer of the mortgage loan transfer to the movant.

5. The debtors assert that the movant lacks standing to request the Court for Relief from the Automatic Stay as well as the status of a real party in interest and the debtors further assert that they believe an Adversary Proceeding will necessary to challenge the claim of the movant and this matter should be declared a contested matter. Further, the debtors assert that the movant lacks the status as either a secured or unsecured creditor in this bankruptcy.

Dated this 26th day of March, 2010 at West Allis, Wisconsin.

/s/ Rollie R. Hanson
Rollie R. Hanson, Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re: Edward B. Kohler, and
Patricia L. Kohler,

Chapter 13

Debtors.

Case No. 09-35931-PP

**AFFIDAVIT OF SERVICE**

STATE OF WISCONSIN      )
                                (SS
COUNTY OF MILWAUKEE     )

       Leigh Anne Muller, being first duly sworn on oath, deposes and says that on March 26, 2010 she served via Electronic Case Filing / Case Management, a true and correct copy of the Objection to U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass Through Certificates, Series 2006-4's Motion for Relief from Stay and Abandonment to the following parties of interest listed below:

       Mary B. Grossman
       Chapter 13 Trustee                 ecf@chapter13milwaukee.com

       Office of the U.S. Trustee         ustpregion11.mi.ecf@usdoj.gov

       Penny Gentges
       Bass & Moglowsky
       Counsel for U.S. Bank, N.A.      penny@basmog.com

                                   /s/ *Leigh Anne Muller*
                                   _____
                                    Leigh Anne Muller

Subscribed and sworn to before
me this 26th day of March, 2010.

/s/ *Rollie Hanson*
_____
Rollie Hanson
Notary Public, State of Wisconsin
My Commission is Permanent

LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 W. Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414) 321-9733/facsimile (414) 321-9601
Rollie@hansonlaw.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re:    Kohler, Edward B. and Patricia L.
                              Case No. 09-35931-pp
                              Chapter  13
                  Debtors.

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 a secured creditor and party in interest, by its attorneys, Bass & Moglowsky, S.C. objects to confirmation of debtors plan pursuant to 11 U.S.C. Section 1324 on the following grounds:

1.    The creditor has not accepted the plan;

2.    Said plan fails to conform to the requirements of 11 U.S.C. 1322(b)(2) and (3) and 1325(a)(5)(B)(ii).

3.    Debtor fails to provide for payment in full of the outstanding mortgage arrears and/or future monthly debtor-direct payments on the Creditor's note and mortgage on the property located at 5310 S Skyline Dr; New Berlin, Wisconsin. Creditor has filed a proof of secured claim in this case for $1,385.62, which represents the mortgage arrears. Monthly payments are currently $373.22. The plan does not contemplate paying the arrears.

4.    Creditor holds a perfected mortgage on the debtors' real estate, as described above. Copies are attached to the proof of claim filed with the court on March 16, 2010.

5.    Wherefore, Creditor respectfully requests that the court schedule a hearing on this objection to confirmation.

6.    Creditor's costs and fees associated with this objection are $400.00.

DATED: March 29, 2010.

BASS & MOGLOWSKY, S.C.
Attorneys for Creditor

By:  _____
                Eric S. Teske

P. O. Address:
7020 North Port Washington Road
Suite 206
Milwaukee, Wisconsin  53217
Telephone:  (414) 228-6700

--------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                                     Case No.   09-35931-pp
                                       Chapter    13

                Debtors.

--------------------------------------------------------------

## NOTICE OF OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

      U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4, a secured creditor and party in interest, by its attorneys, Bass & Moglowsky, S.C., has filed papers with the court to object to the confirmation of your chapter 13 plan.

      **<u>Your rights may be affected.</u>** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to sustain the objection or if you want the court to consider your views on the objection, then you or your attorney **must appear at the hearing to be scheduled by the court.**

      **If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: March 29, 2010                     Signature: _____

                                          Name:       Eric S. Teske
                                          Address:   BASS & MOGLOWSKY, S.C
                                                      7020 N. Port Washington
                                                     Suite 206
                                                       Milwaukee WI 53217

## FAIR DEBT COLLECTION PRACTICES ACT DISCLOSURE
## 15 U.S.C. SECTION 1692, AS AMENDED

1. Bass & Moglowsky, S.C. is a law firm / debt collector representing a creditor in the collection of a debt that you owe to said creditor. We are attempting to collect such debt and any information obtained from you will be used for that purpose.

2. The name and address of the creditor that the law firm represents is:

> U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4
> 10790 Rancho Bernardo Road
> San Diego, CA 92127

3. The debt that the law firm is attempting to collect is described in the attached Motion and Exhibits.

4. **THIS IS NOT A DEMAND FOR PAYMENT.** We are required by law to advise you that the total amount of the debt, as of November 3, 2009, is $57,077.36. Please note that, since interest, late charges, and other charges may vary from day to day, the amount of the debt may increase. Therefore, if you decide to pay the amount stated above, an adjustment may be necessary after payment is received.

5. If you dispute the validity of the debt, or any portion thereof, you should notify us in writing within thirty (30) days after receipt of this notice, or we will assume the debt to be valid. If we are so notified, we will obtain verification of the debt or a copy of the judgment against you, and a copy of such verification or judgment will be mailed to you.

6. If the original creditor is different from the present creditor and within thirty (30) days after receipt of this notice, you request the name and address of such original creditor, we will obtain that information, and that information will be mailed to you.

7. The law does not require us to wait until the end of the thirty (30) day period before proceeding with this action to collect the debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of the accompanying Notice, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.

8. All written requests should be addressed to Bass & Moglowsky, S.C., 7020 North Port Washington Road, Suite 206, Milwaukee, Wisconsin 53217.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

----------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                            Case No.  09-35931-pp
                            Chapter   13

              Debtors.

----------------------------------------------------------------

AFFIDAVIT OF SERVICE BY MAIL

----------------------------------------------------------------

STATE OF WISCONSIN)
            ) ss.
MILWAUKEE COUNTY  )

    The undersigned, being first duly sworn upon oath, says that on March 29, 2010, your affiant served a copy of the annexed NOTICE OF OBJECTION AND OBJECTION TO CONFIRMATION on the attorney(s) and/or parties listed below by CM/ECF, if said party receives notices electronically, or by mailing said copy to their last known address, with postage prepaid and affiant's return address properly placed on the envelope:

Edward B. Kohler and
Patricia L. Kohler
5310 S. Skyline Drive
New Berlin, WI 53151

Rollie R. Hanson by CM/ECF

Mary B. Grossman by CM/ECF

                            _Elizabeth Billings_____

SUBSCRIBED and sworn to
before me March 29, 2010.

_____
Notary Public
Milwaukee County, Wisconsin
My Commission is permanent

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, **Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB** Assignor, hereby grants, assigns, and transfers to, **U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4,** assignee, all of its right, title, and interest in and to that certain mortgage executed by **Edward B. Kohler and Patricia L. Kohler,** as mortgagors, to **Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB** as mortgagee, on **April 5, 2006,** and recorded in the office of the Register of Deeds of **Waukesha County**, Wisconsin, on **May 1, 2006, as Document Number 3382191,** together with the note and indebtedness that it secures:

**Lot 15, Block 4 Maryknoll Heights Addition No. 1, being a subdivision of a part of the West ½ of the SE 1/4 of Section 25, Township 6 North, Range 20 East, in the City of New Berlin, Waukesha County, Wisconsin.**

RETURN TO:
Attn: Greg L. Perry
Bass & Moglowsky, S.C.
7020 N. Port Washington Road
Milwaukee, WI 53217

Tax Key Number: **NBC 1251-152**

Dated this **2nd** day of **March, 2010.**

Mortgage Electronic Registration Systems, Inc., as nominee for Lehman Brothers Bank, FSB

_____ (SEAL)

BY: _____ (SEAL)

*_____

*    **Shawn R. Hillmann, VP**
_____

### AUTHENTICATION

Signature(s)_____

_____

authenticated this ___ day of _____, 2010

_____

*_____
TITLE: MEMBER STATE BAR OF WISCONSIN
(If not, _____
authorized by §706.06, Wis. Stats.)

THIS INSTRUMENT WAS DRAFTED BY
_____
Jennifer J. Collins

(Signatures may be authenticated or acknowledged.
Both are not necessary.)

### ACKNOWLEDGEMENT

STATE OF **WISCONSIN**        )
                                                  ) ss.
**MILWAUKEE** COUNTY        )

Personally came before me this **2nd** day of **March, 2010,** the above-named:

_____Shawn R. Hillmann_____ to me known to be the persons who executed the foregoing instrument and acknowledge the same.

*_____Gregory L. Perry II_____
Notary Public, Milwaukee County,    State of Wisconsin
State of My Commission expires: **2/6/2011**



ΠΩ0023 MAY -1 ᵈ

3382191

## MORTGAGE



DOCUMENT NUMBER:
MIL006338

WC3382191-007

NAME & RETURN ADDRESS:
LEHMAN BROTHERS BANK, FSB
P.O. BOX 19656
IRVINE, CA 92623-9656

REGISTER'S OFFICE
WAUKESHA COUNTY, WI
RECORDED ON

05-01-2006 8:37 AM

MICHAEL J. HASSLINGER
REGISTER OF DEEDS

REC. FEE: 16.00
REC. FEE-CO: 5.00
REC. FEE-ST: 2.00
TRAN. FEE:
TRAN. FEE-STATE:
PAGES: 7

PARCEL IDENTIFIER NUMBER:

MIN 100122200002476320

THIS MORTGAGE is made this 6th     day of April, 2006     , between the Mortgagor,
EDWARD B. KOHLER AND PATRICIA L. KOHLER, HUSBAND AND WIFE.

(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's
successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. LEHMAN BROTHERS BANK, FSB

, ("Lender") is organized and
existing under the laws of the United States     , and has an address of
P.O. BOX 19656, IRVINE, CA 92623-9656

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 55,200.00     , which
indebtedness is evidenced by Borrower's note dated April 6, 2006     and extensions and renewals
thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not
sooner paid, due and payable on May 1, 2021     :
TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all
other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the
performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey
to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with
power of sale, the following described property located in the County of WAUKESHA
, State of Wisconsin:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HERETO AS EXHIBIT A.

which has the address of 5310 S SKYLINE DR                                                    [Street]
NEW BERLIN                        [City], Wisconsin 53151          [Zip Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances
and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the
foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as
the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this
Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and
assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the
Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and
convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that

WISCONSIN - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(WI) (0008).01          Form 3850
Page 1 of 6
VMP Mortgage Solutions (800)521-7291

Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** If an amount larger than one full payment on the Note is more than 10 days overdue (or the first or last payment is more than 40 days overdue), or if any other condition in the Note or this Mortgage (including paragraph 16 hereof) is violated, and such breach materially impairs the condition, value or protection of or Lender's right in the Property, or materially impairs Borrower's ability to pay amounts due, Lender prior to acceleration shall mail notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 15 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give notice of sale in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the clerk of the Circuit Court of the County in which the sale is held.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) the fifth day before the sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, and at any time prior to the expiration of any period of redemption following sale of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents

collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any, unless applicable law provides otherwise.

**21. Accelerated Redemption Periods.** If (i) the Property is twenty (20) acres or less in size, (ii) Lender in an action to foreclose this Mortgage waives all right to a judgment for deficiency and (iii) Lender consents to Borrower's remaining in possession of the Property, then the sale of the Property may be six (6) months from the date the judgment is entered if the Property is owner-occupied at the time of the commencement of the foreclosure action. If conditions (ii) and (iii) above are met and the Property is not owner-occupied at the time of the commencement of the foreclosure action, then the sale of the Property may be three (3) months from the date the judgment is entered. In any event, if the Property has been abandoned, then the sale of the Property may be two (2) months from the date the judgment is entered.

**REQUEST FOR NOTICE OF DEFAULT**
—————————————**AND FORECLOSURE UNDER SUPERIOR**—————————————
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage.

---

**NOTICE TO CUSTOMER**

(a) DO NOT SIGN THIS BEFORE YOU READ THE WRITING ON ALL PAGES, EVEN IF OTHERWISE ADVISED.
(b) DO NOT SIGN IF IT CONTAINS ANY BLANK SPACES.
(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.
(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

---

_____ (Seal)      _____ (Seal)
EDWARD B. KOHLER   -Borrower     PATRICIA L. KOHLER   -Borrower

_____ (Seal)      _____ (Seal)
    -Borrower     -Borrower

_____ (Seal)      _____ (Seal)
    -Borrower     -Borrower

_____ (Seal)      _____ (Seal)
    -Borrower     -Borrower

*[Sign Original Only]*

---

**STATE OF WISCONSIN,**     WAUKESHA   **County ss:**

The foregoing instrument was acknowledged before me this 6TH DAY OF APRIL, 2006   by
EDWARD B. KOHLER,   PATRICIA L. KOHLER

My Commission Expires: 4/27/08

Notary Public, State of Wisconsin

This instrument was prepared by JESSICA IVAN

(Seal)

NOTARY PUBLIC
BEVERLY A. BARNES
STATE OF WISCONSIN

ΠΠ0029 MAY-1 15

Lot 15, Block 4 Maryknoll, Heights Addition No. 1, being a Subdivision of a part of the West One-half (1/2) of the Southeast One-quarter (1/4) of Section Twenty-five (25), Township Six (6) North, Range Twenty (20) East, in the City of New Berlin, Waukesha County, Wisconsin.

For Informational Purposes Only
Tax Parcel Number:    NBC 1251-152
Property Address:      5310 S. Skyline Drive
                       New Berlin, WI  53151

(06-WI-0001.PFD/06-WI-0000/26)

LEHMAN BROTHERS BANK, FSB
P.O. BOX 19656
IRVINE, CALIFORNIA 92623-9656

——————————— [Space Above This Line For Recording Data] ———————————

LOAN #: ▓▓▓▓▓▓

## Balloon Rider

THIS BALLOON RIDER is made this 6th day of April, 2006 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Note (the "Note") to
**LEHMAN BROTHERS BANK, FSB**
(the "Lender") of the same date and covering the property described in the Security Instrument and located at:

### 5310 S SKYLINE DR, NEW BERLIN, WI 53151
#### [Property Address]

The interest rate stated on the Note is called the "Note Rate." The date of the Note is called the "Note Date." I understand the Lender may transfer the Note, Security Instrument and this Rider. The Lender or anyone who takes the Note, the Security Instrument and this Rider by transfer and who is entitled to receive payments under the Note is called the "Note Holder."

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements in the Security Instrument, Borrower and Lender further covenant and agree as follows (despite anything to the contrary contained in the Security Instrument or the Note):

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

————————————————————————————————————————

**BALLOON RIDER-MULTISTATE (01/97)**

Page 1 of 2

BALRD

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Balloon Rider.

_____    _____
EDWARD B. KOHLER          -Borrower          Date

_____    _____
PATRICIA L. KOHLER        -Borrower          Date

_____    _____
                          -Borrower          Date

_____    _____
                          -Borrower          Date

_____    _____
                          -Borrower          Date

_____    _____
                          -Borrower          Date

**BALLOON RIDER-MULTISTATE (01/97)**

Page 2 of 2

BALRD2



# BALLOON NOTE
(Fixed Rate)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

April 6, 2006                    Irvine                        California
[Date]                          [City]                          [State]

5310 S SKYLINE DR, NEW BERLIN, WI  53151

[Property Address]

**1.   BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $55,200.00            (this amount is called "Principal"), plus interest, to the order of Lender. Lender is LEHMAN BROTHERS BANK, FSB

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.   INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of          10.725 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

**3.   PAYMENTS**

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the 1st        day of each month beginning on June 1, 2006             . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on May 1, 2021                        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at OOMC, Attn:Payment Processing, P.O. Box 44042, Jacksonville, FL. 32231-4042
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 514.25

MULTISTATE BALLOON FIXED RATE NOTE - Single Family - FANNIE MAE UNIFORM INSTRUMENT
Amended for Wisconsin                                              Form 3260 1/01
Page 1 of 3
-870N(WI) (0006).01                    VMP MORTGAGE FORMS - (800)521-7291        Initials:

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15      calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be      5 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

-870N(WI) (0006).01

Form 3200 1/01

Initials:

Page 2 of 3

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Edward B Kohler_ (Seal)
EDWARD B. KOHLER                    -Borrower

_Patricia L. Kohler_ (Seal)
PATRICIA L. KOHLER                  -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

_____ (Seal)
                        -Borrower

*[Sign Original Only]*

-870N(WI) (0008).01                    Page 3 of 3                    Form 3260 1/01

# Allonge

Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB, Assignor, hereby assigns to U.S. Bank National Association, as trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-4, Assignee, all of its right, title, and interest in and to that certain Mortgage Note executed by Edward B. Kohler and Patricia L. Kohler, as borrowers, to Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB, as lender, dated April 6, 2006, in the original stated sum of $55,200.00, a copy of said Mortgage Note being attached hereto as an Exhibit.

The Assignment of the above-referenced Mortgage Note is without recourse.

Dated this 8th day of _____ March _____, 2010.

Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB

BY: _____

Deborah A. Lenhart, Vice President
PRINT NAME & TITLE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:  Edward B. Kohler and                              Chapter 13
        Patricia L. Kohler,
                                                         Case No. 09-35931-PP
            Debtors.

## OBJECTION TO AFFIDAVIT OF NO OBJECTION
## AND TO RENEWED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Above referenced debtors, by The Law Office of Rollie R. Hanson, by Attorney

Rollie R. Hanson hereby object to the Renewed Motion for Relief from the Automatic Stay and

incorporates all allegations raised in the original objection to this motion.

Further, the debtors request that the Court set this matter for hearing at its earliest

convenience.

Dated this 15th day of April, 2010 at West Allis, Wisconsin

                                    _/s/Rollie R. Hanson_____
                                    Rollie R. Hanson
                                    Attorney for Debtors

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
 (414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

<u>**Court Minutes**</u>

| | |
|---|---|
| CHAPTER: | 13 |
| DATE: | April 20, 2010 |
| JUDGE: | Pamela Pepper |
| CASE NO. | 2009-35931 |
| DEBTOR: | Edward and Patricia Kohler |
| ADV. NO.: | |
| ADV.: | |
| NATURE OF HEARING: | 1. Objection to confirmation of the Chapter 13 plan by US Bank, NA |
| | 2. Renewed motion for relief from the automatic stay by US Bank, NA |
| APPEARANCES: | Rollie Hanson - Attorney for the debtors |
| | Jack Zaharopoulos - Chapter 13 Trustee |
| | Penny Gentges - Attorney for US Bank, NA |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 3:40 p.m. - 3:46 p.m. |
| ADJOURNED DATE: | June 21, 2010 at 11:00 a.m. by telephone |

The Court noted that US Bank, N.A. had filed two motions for relief from stay (one relating to the first mortgage, the other relating to the second mortgage), as well as filing the objection to confirmation. The Court further observed that the debtors had filed a motion asking to consolidate the two motions for relief and the objection to confirmation, because all three pleadings dealt with the same issues. The parties informed the Court that all three pleadings, as well as the adversary proceeding that the trustee and debtors had filed, were related. Counsel for the creditor reported that her client had retained co-counsel for the adversary, and that her client agreed that all of the hearings should be consolidated. Counsel further indicated that the parties already had begun discussing settlement. The trustee reported that the debtors had begun making plan payments. The Court adjourned the hearings on the motions for relief from stay and the objection to confirmation to June 21, 2010 at 11:00 a.m. by telephone, to be heard at the same time as the initial pretrial conference. The Court noted that if the issues need longer than the 10-15 minutes allotted for pretrial conferences, the parties should call and request a different date and time for the hearings.

1

# BASS & MOGLOWSKY, S.C.
## ATTORNEYS AT LAW

Arthur M. Moglowsky
Steven W. Moglowsky
Penny G. Gentges
Shawn R. Hillmann
Jennifer J. Collins
Joshua J. Brady

501 WEST NORTHSHORE DRIVE, SUITE 300
MILWAUKEE, WISCONSIN 53217
————
TEL: (414) 228-6700
FAX: (414) 228-6620

*Associates*

Linnea A. DeBraal
David M. Potteiger
Eric S. Teske

September 21, 2010

U.S. Bankruptcy Court
Eastern District of Wisconsin
517 E. Wisconsin Ave.
Milwaukee WI 53202

     BY CM/ECF

Re:  Kohler, Edward Blaine and Patricia Lynn
      Case no. 09-35931
      Claim no. 12

Dear Clerk:

    Attached hereto please find an Amended Proof of Claim, filed on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4. This claim amends claim no. 12.

    This claim is amended to include a complete copy of the loan documents, which we recently received during the discovery process in a related adversary proceeding. The amounts claimed remain the same.

Very truly yours,

BASS & MOGLOWSKY, S.C.

Penny G. Gentges

# BASS & MOGLOWSKY, S.C.
## ATTORNEYS AT LAW

Arthur M. Moglowsky
Steven W. Moglowsky
Penny G. Gentges
Shawn R. Hillmann
Jennifer J. Collins
Joshua J. Brady

501 WEST NORTHSHORE DRIVE, SUITE 300
MILWAUKEE, WISCONSIN 53217

—————

TEL: (414) 228-6700
FAX: (414) 228-6620

*Associates*

Linnea A. DeBraal
David M. Potteiger
Eric S. Teske

September 21, 2010

U.S. Bankruptcy Court
Eastern District of Wisconsin
517 E. Wisconsin Ave.
Milwaukee WI 53202

BY CM/ECF

Re: Kohler, Edward Blaine and Patricia Lynn
Case no. 09-35931
Claim no. 13

Dear Clerk:

Attached hereto please find an Amended Proof of Claim, filed on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4. This claim amends claim no. 13.

This claim is amended to include a complete copy of the loan documents, which we recently received during the discovery process in a related adversary proceeding. The amounts claimed remain the same.

Very truly yours,

BASS & MOGLOWSKY, S.C.

Penny G. Gentges

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: November 23, 2010

_____
Honorable Pamela Pepper
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

**Court Minutes and Order**

| | |
|---|---|
| CHAPTER: | 13 |
| DATE: | November 22, 2010 |
| JUDGE: | Pamela Pepper |
| CASE NO.: | 2009-35931 |
| DEBTOR: | Edward & Patricia Kohler |
| ADV. NO.: | 2010-2206 |
| ADV.: | Edward & Patricia Kohler v. U.S. Bank, et. al. |
| NATURE OF HEARING: | (1) Adjourned pretrial conference |
| | (2) Motion to Dismiss Adversary filed by U.S. Bank |
| | (3) Motion to Dismiss Adversary filed by Aurora Bank, FSB |
| | (4) Motion for Relief from Stay and Abandonment filed by U.S. Bank |
| | (5) Objection to Confirmation of Plan filed by U.S. Bank |
| APPEARANCES: | Rollie Hanson - Attorney for plaintiff-debtors |
| | Penny Gentges - Attorney for defendants (U.S. Bank), by telephone |
| | Amy Salsberg - Attorney for defendant (Aurora Bank), by telephone |
| | Rebecca Garcia - Attorney for Chapter 13 trustee, by telephone |
| LAW CLERK: | Camille Bent |
| TIME: | 11:38 a.m. - 12:27 p.m. |
| ADJOURNED DATE: | Status re: (1) Motion for relief and (2) Objection to Plan Confirmation, Monday, December 13, 2010, at 10:45 a.m., by telephone |

_____

The Court indicated that at the previous hearing, it had noted that Trustee Grossman incorrectly had been listed as a plaintiff in the adversary proceeding. Counsel for the plaintiffs pointed out that he'd filed an amended complaint that did not list Trustee Grossman as a plaintiff. The Court speculated that it had included Trustee Grossman when it called the case for today's hearing because it had failed to update its paperwork.

<u>Motions to Dismiss</u>

The Court indicated that at the previous hearing, it had asked the parties to

1

brief two issues: (1) whether an adversary proceeding was the correct procedural mechanism for pursuing the claims that the plaintiffs had raised; and (2) whether the assignments of the claims constituted violations of the automatic stay.

The Court reiterated that the six causes of action alleged in the amended complaint fell into three categories. The first two causes of action related to allegations that the defendants lacked standing. The second two causes of action related to allegations that the assignment of the claims violated the automatic stay. The third pair of causes of actions related to allegations that the proofs of claims filed for claims 12 and 13 were false. Regarding the first two causes of action, the Court found that there was no independent, private cause of action for lack of standing. The Court agreed that lack of standing might be appropriately raised as the basis for an objection to proof of claim, or perhaps as a defense to a motion for relief from stay. But in the context of the adversary complaint, the Court indicated that while lack of standing might well relate to the plaintiffs' prayer in paragraph 74, sub-paragraph (l) that the Court find the mortgage void, it did not provide a cause of action in and of itself.

Regarding the second set of causes of action, the Court noted that at the last hearing, it had expressed some bewilderment as to how the defendant's actions in transferring the claims constituted violation of the automatic stay. The Court indicated that it had reviewed all the cases cited by the parties, and that it had not found any case law supporting the contention that a post-petition assignment of a mortgage violated the automatic stay. The Court stated that it understood that the plaintiffs were arguing that the transfers somehow amounted to an attempt to perfect an otherwise unperfected lien, but stated that even if that was what the creditors were trying to do, that did not seem to be an action that affected the property of the debtor or the estate.

Regarding the third set of causes of action, the Court again found that there was no private, independent cause of action for filing an allegedly false proof of claim. The Court stated that the plaintiffs might raise these allegations in objection to those claims, or might raise them in a motion for contempt of court. But, like the standing issue, they did not provide an independent cause of action.

The Court asked counsel for the plaintiffs if, as indicated in the one sentence in the prayer for relief, the plaintiffs were trying to avoid the mortgages. Counsel for the plaintiffs responded that that was part of what he was trying to do.

The Court granted Aurora Bank's motion to dismiss with prejudice. It explained that once Aurora had assigned away its interest in the property, it had ceased to become an actionable party. The Court conceded that the plaintiffs had some sort of "aiding and abetting" theory–that by assigning away its interest,

2

Aurora somehow was helping the other defendants do something inappropriate. But the Court said that it found that theory speculative at best, and that Aurora should not be a defendant in this case.

The Court granted U.S. Bank's motion to dismiss on the grounds that the second amended complaint did not state a cause of action upon which relief could be granted. The Court granted the motion without prejudice, and gave the plaintiffs one last opportunity to amend the complaint. The Court gave the plaintiffs thirty (30) days to amend the complaint to allege a cause of action avoiding the mortgage lien, if they chose to do so.

<u>Motion for Relief & Objection to Plan Confirmation</u>

Counsel for the debtors asked the Court if the Court then would treat the motion for relief from stay and/or the objection to plan confirmation as contested matters, so that he could initiate discovery and possibly raise the standing arguments in that context. Counsel for U.S. Bank pointed out to the Court that he had responded to all of the plaintiffs' requests for documents, and generally had provided counsel for the debtors with all of the information he needed to conclude that the defendants were the owners of the mortgage and the note. The Court asked counsel for the debtors what further discovery he needed. Counsel for the debtors responded that he wanted to depose several individuals, and asked the Court to give him until March 2011 to do so. The Court scheduled a status hearing regarding the motion for relief and the objection for plan confirmation for **Monday, December 13, 2010 at 10:45 a.m. by telephone**. The Court stated that between today's hearing and the December 13th status conference, counsel for the debtors should get in touch with counsel for U.S. Bank, ask for whatever discovery he still needed, and attempt to reach an agreement. The Court indicated that it would deal with any disputes over that discovery at the December 13th hearing, and would schedule a date for an evidentiary hearing if necessary.

The trustee noted that the debtors had been making plan payments, but that she continued to hold them pending resolution of the objection to confirmation.

Wherefore, the Court **GRANTS** Aurora Bank, FSB's motion to dismiss the adversary complaint, with prejudice. The Court further **GRANTS** U.S. Bank National Association, et al.'s motion to dismiss the adversary without prejudice, and grants the plaintiffs leave to file an amended complaint pertaining only to the avoidance of the defendants' lien within thirty (30) days of today's hearing date.

# # # # #

<u>Court Minutes</u>

| | |
|---|---|
| CHAPTER: | 13 |
| DATE: | December 13, 2010 |
| JUDGE: | Pamela Pepper |
| CASE NO.: | 2009-35931 |
| DEBTOR: | Edward and Patricia Kohler |
| ADV. NO.: | |
| ADV.: | |
| NATURE OF HEARING: | Status re: Motion for relief from the automatic stay by US Bank, et al |
| | Objection to confirmation of the Chapter 13 plan by US Bank, et al |
| APPEARANCES: | Rollie Hanson - Attorney for the debtors |
| | Penny Gentges - Attorney for U.S. Bank |
| | Edward Lesnial - Attorney for U.S. Bank |
| | Rebecca Garcia - Chapter 13 Trustee |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 11:01 a.m. - 11:20 a.m. |
| ADJOURNED DATE: | January 31, 2011 at 11:15 a.m. by telephone |

The Court had adjourned the objection to confirmation of the plan, and had scheduled a status on the motion for relief from stay, to give counsel for the debtors time to get in touch with counsel for U.S. Bank and request discovery. Counsel for the creditor indicated that the parties had had some discussions, but that it looked like the Court would need to hold an evidentiary hearing to resolve the issue. Counsel further indicated that he had requested the original documents from the creditor, and that those documents were going to be forwarded from Monroe, Louisiana to local counsel for the creditor within the week. He stated that the creditor would present those documents to the Court at the evidentiary hearing, and that they would prove that the creditor was entitled to the relief it requested.

Counsel for the debtors stated that while the creditor had amended Claims #12 and #13, those claims were identical to the original claims except that they included a new allonge. Counsel opined that the original allonges had been fabricated. Counsel further stated that it would be helpful for him to be able to view the original documents before deciding what portions of his concerns warranted further investigation at a hearing.

The Court adjourned the hearing on the objection to confirmation, and the status conference on the motion for relief from stay, to January 31, 2011 at 11:15 a.m. by telephone, to allow the parties to review the documents being forwarded from Louisiana.

1

Court Minutes

CHAPTER:         13
DATE:            January 31, 2011
JUDGE:           Pamela Pepper
CASE NO.:        2009-35931
DEBTORS:         Edward and Patricia Kohler
ADV. NO.:
ADV.:

NATURE OF HEARING:     Status RE:
                       (1) Motion for relief from stay by US Bank
                       (2) Objection to confirmation of Chapter 13 Plan by U.S. Bank
APPEARANCES:           Rollie Hanson - Attorney for the debtors
                       Penny Gentges - Attorney for U.S. Bank
                       Edward Lesniak - Attorney for U.S. Bank, by telephone
                       Rebecca Garcia - Chapter 13 Trustee, by telephone
                       Debra Schneider - Attorney for the U.S. Trustee
LAW CLERK:             Camille Bent
TIME:                  11:27 a.m. - 12:09 p.m.
ADJOURNED DATE:        Evidentiary Hearing: Wednesday, March 30, 2010 at 1:30 p.m. in
                       Room 149

_____

The Court first noted that counsel for the debtors had filed an adversary complaint against U.S. Bank, Chase Bank, and others, and that it understood that the issues in that adversary might be the same as the issues in the motion for relief from stay and the objection to confirmation of plan. The Court also noted that it had adjourned the last hearing to allow the parties to obtain certain original documents from Louisiana, and to review those documents.

Counsel for the debtors reported that the documents had arrived from Louisiana, but that his clients had not been able to see the originals. He explained that his clients had reviewed a copy of the documents, but wanted to review either a color copy of the documents, or the originals. Counsel for the debtors reported that they made this request because the debtor/husband believed that he had signed the original document in blue ink, while the documents that had come from Louisiana showed a signature in black ink. Attorney Gentges explained that she had made the originals available to the debtors on more than one occasion, and that they had not come to review them. She also indicated that she had brought the originals to court for today's hearing, and had hoped the debtors would appear, so that they could finally review the documents. Counsel for the debtors indicated that he did not have his clients appear at today's hearing because he understood that it was to be a status conference, not an evidentiary hearing.

1

Attorney Lesniak noted that he had sent counsel for the debtors all of the documents that the debtors had requested back in September. He stated that this was the first he'd heard that the debtor/husband believed there was an issue as to the color of the ink for his signature. He pointed out that the motion and the objection had been pending for an inordinately long period of time, and stated that if the Court put the motion and the objection on the same timetable as the adversary, it would result in even further delay. He reported that the creditor had not received a payment on the loan for some fourteen to fifteen months, and that the creditor had offered the debtors a loan modification, which they had rejected.

The Court expressed concern that the creditor had filed the renewed motion for relief and the objection to confirmation in March 2010, over ten months ago. It stated that, contrary to its original thoughts, it was not comfortable delaying this matter for another four or more months by placing these motions on the same timetable as the adversary. Counsel for the debtor stated that he needed to depose the custodian of records who had supplied the documents that came from Louisiana. The Court asked how long the parties needed to schedule such a deposition. Attorney Lesniak responded that it depended on who, exactly, counsel wanted to depose. He stated that indicated that a Reynaldo Reyes from San Francisco was likely the custodian for Deutsche Bank, the entity which had the logs indicating when it received the loan documents. He stated that a Brian Tucker was likely the person at Chase in Louisiana who had received the documents from Deutsche Bank. Attorney Lesniak indicated that counsel for the debtors would need a subpoena for Reyes, because Deutsche Bank was not a client of either Mr. Lesniak or Ms. Gentges. The Court asked Attorney Lesniak to confirm the identities of anyone in the chain of custody of these documents by Friday, February 4, 2011. The Court ordered that counsel for the debtors was to have completed the depositions of any of the individuals in that chain of custody whom he wished to depose by March 14, 2011. The Court scheduled an evidentiary hearing for Wednesday, March 30, 2011 at 1:30 p.m. in Room 149. The Court indicated that it would leave the initial pretrial conference scheduled for Monday, March 7, 2011 in the adversary proceeding on the calendar, to make sure that the parties stayed on track. That hearing will be by telephone.

Counsel for the debtors stated that he needed to use the original documents to depose the custodians. Attorney Gengtes expressed concern about this request. She noted that the note and endorsements constituted bearer paper, and that if she sent them to someone in San Francisco or someone in Louisiana, they could get lost. She offered to allow counsel for the debtors to come to her office and watch her make copies of the documents, so that he could use those copies in the deposition. Counsel for the debtors stated that he did not see how he could conduct the depositions with copies. The Court informed counsel that he could not eat his cake and still have it; either he insisted on having the originals at the depositions, and

2

thus ran the risk of losing them for the evidentiary hearing, or he agreed to use copies at the depositions, thus guaranteeing that the originals would be available for the evidentiary hearing. Counsel for the debtors indicated that he would make a decision and inform Attorney Gengtes.

Court Minutes

CHAPTER:          13
DATE:             March 7, 2011
JUDGE:            Pamela Pepper
CASE NO.:         2009-35931
DEBTOR:           Edward and Patricia Kohler
ADV. NO.:         2010-2694
ADV.:             Edward and Patricia Kohler vs. Structured Asset Investment Loan Trust Mortgage, et al.

NATURE OF HEARING:        Pretrial Conference and Defendants' Motion to Dismiss
APPEARANCES:              Rollie Hanson - Attorney for the plaintiffs, by telephone
                         Penny Gentges - Attorney for defendants, by telephone
                         Edward Lesniak - Attorney for defendants, by telephone
                         Amy Ginsberg - Attorney for the U.S. Trustee, by telephone
LAW CLERK:                Camille Bent
COURTROOM DEPUTY:         Kristine Wrobel
TIME:                     10:54 a.m. - 11:18 a.m.; 4:04 p.m. - 4:48 p.m.
ADJOURNED DATE:

---

The Court noted that it had scheduled an evidentiary hearing for March 30, 2011 with regard to the motion for relief from the automatic stay and the objection to confirmation of plan. The Court stated that it would consider the defendants' motion to dismiss at that evidentiary hearing, because the underlying facts in all the proceedings relate back to whether the defendants had standing to file the motion for relief or the claims in the underlying bankruptcy case. The Court further noted that its bigger concern was the motion for a protective order which the defendants had filed last week, indicating that the debtors/plaintiffs had propounded a new round of discovery demands, not on the servicer and the custodian as represented at the last hearing, but on U.S. Bank as trustee. Counsel for the plaintiffs informed the Court that he'd decided that, rather than deposing the servicer and the custodian, he'd decided that it would be more productive to depose U.S. Bank as trustee. The Court wanted to give counsel for the defendants the opportunity to respond, but due to the congested hearing docket this morning, indicated that it would have to adjourn the hearing. The Court adjourned the hearing until 4:00 p.m. today.

When the hearing resumed at 4:00 p.m., the Court noted that the defendants' motion for protective order indicated that the plaintiffs' most recent discovery demands had fallen into three broad categories: (1) documents that already had been turned over to the plaintiffs; (2) items already in the public record, and thus not in the control of the defendants; and (3) requests that were overly broad. The

1

Court started to go through the discovery demands one by one, to determine into which category each demand fell. Counsel for the defendants reminded the Court, however, that at the upcoming evidentiary hearing, he intended to rely only on the promissory note, endorsed in blank, and the accompanying allonge. He indicated that he would not be relying on the trust documents, mortgage contract, note or assignment documents, so it was irrelevant to depose a witness on documents that did not form the basis of the creditor's standing argument. He further argued that at the last hearing, the plaintiffs had indicated that they were seeking discovery regarding the chain of custody of the original note and mortgage. These new discovery requests had nothing to do with that chain of custody, and instead sought to depose an employee of the SAIL trustee regarding the trust documents.

The Court asked the parties questions about a few of the particular requests, and heard arguments from both sides. At the conclusion of the argument, the Court granted the defendants' motion for a protective order with regard to the plaintiffs' notice of Rule 30(b) deposition. The Court cancelled the deposition previously set to take place on March 24, 2011, and confirmed to the parties that the evidentiary hearing on March 30, 2011 would move forward as scheduled.

2

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re: Kohler, Edward B. and Patricia L.

Chapter 13

Case No. 09-35931-pp

Debtor.

## SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY

STATE OF CALIFORNIA )
        )ss
COUNTY OF San Diego )

The affiant, being first duly sworn on oath, deposes and states as follows:

1. That the affiant is an employee of the moving creditor, and makes this supplemental affidavit based upon the affiant's personal knowledge and the regularly-maintained business records which are in the affiant's possession, custody and control.

2. That the mortgages involved herein encumber real estate located at 5310 S. Skyland Drive, New Berlin, Wisconsin, more particularly described in the mortgage documents, previously filed with the court.

3. That attached hereto are updated summaries of the post-petition payment histories for the mortgage loans which are the subject of this motion.

4. That for loan no. xxxxxx5501, secured by a first mortgage on the above referenced property, the post-petition arrears through March 1, 2011 total $35,166.38. The payoff, as of January 31, 2011, was $249,729.14.

5. That for loan no. xxxxxx5519, secured by a second mortgage on the above-referenced property, the post-petition arrears through March 1, 2011 total $5,971.52. The payoff, as of January 31, 2011, was $62,357.44. Payoff statements are attached hereto.

6.     The moving creditor has also advanced payment of the 2009 and 2010 real estate taxes, as follows: for 2009, the sum of $5,235.35; for 2010, the sum of $5,432.63.

Affiant's Name  Karina Flores
Affiant's phone number  858-605-7414

Subscribed and sworn to before me
this _____ day of _____, 2011.

_____
_____, Notary Public
_____, State of _____
My commission expires:

# Jurat

**State of California**

                     }ss.

**County of San Diego**

*Subscribed and sworn to (or affirmed) before me this 10 day of March, 2011 by Karina Flores proven to me on the basis of satisfactory evidence to be the person(s) who appeared before me.*



*Notary Seal*

Signature: _____

Printed Name: <u>Jessica M. Beard</u>

----------------------------------------**OPTIONAL**----------------------------------------

**Description of Attached Document**

Title or Type of Document:    Affidavit

Loan or Borrower Name(s):    <u>Kohler, ******5501</u>

Document Date:                <u>     </u>

**Capacity(ies) Claimed by Signer**

Signer(s) Name:            <u>Karina Flores</u>

Capacity(ies):              <u>Supervisor</u>

Signer is representing:    <u>Chase Home Finance, LLC</u>

# CHASE ○

## Chase Home Finance, LLC
## Post-Petition Payment History

| Loan #: | ▆▆5501 | Debtor's Name: | EDWARD B KOHLER; KOHLER/PATRICIA/L | | Property State: | WI |
| Case #: | 09-35931 | Principal Balance Due at Filing: | $226,193.04 | | Prepared By: | |
| Date Filed: | 11/03/2009 | | | | Last Updated: | |

### History of Post-Petition Payment Breakdown

| Effective Date | Total | P&I Payment | | Escrow | Optional Escrow | Subsidy | 001 |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | | P&I Payment |
| | | | | | | | |
| | | | | | | | Variable Interest? |
| | | | | | | | Yes |
| | | | | | | | Condit Loan? |
| | | | | | | | No |

| Date Received | Amount Received | Amount Due | Post Petition Date Paid | Payment Amount | Principal Amount Applied | Interest Applied | Escrow Amount Applied | Check # / Notes | To / From Suspense | Total Owed |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 12/03/2009 | | | 07/01/2009 | $1,950.45 | $282.19 | $1,130.97 | $537.29 | 1 POST-PETITION PMTS FROM SUSPENSE | $1,950.45 | $1,950.45 |
| 12/03/2009 | | | 08/01/2009 | $1,950.45 | $283.61 | $1,129.55 | $537.29 | 1 POST-PETITION PMTS FROM SUSPENSE | $1,950.45 | $3,900.90 |
| | | | 09/01/2009 | | | | | | $0.00 | $5,851.35 |
| | | $1,950.45 | 10/01/2009 | | | | | | $0.00 | $7,801.80 |
| | | $1,950.45 | 11/01/2009 | | | | | | $0.00 | $9,752.25 |
| | | $1,950.45 | 12/01/2009 | | | | | | $0.00 | $11,702.70 |
| | | $1,950.45 | 01/01/2010 | | | | | | $0.00 | $13,653.15 |
| | | $1,950.45 | 02/01/2010 | | | | | | $0.00 | $15,603.60 |
| | | $1,950.45 | 03/01/2010 | | | | | | $0.00 | $17,554.05 |
| | | $1,950.45 | 04/01/2010 | | | | | | $0.00 | $19,504.50 |
| | | $1,950.45 | 05/01/2010 | | | | | | $0.00 | $21,454.95 |
| | | $1,950.45 | 06/01/2010 | | | | | | $0.00 | $23,405.40 |
| | | $1,950.45 | 07/01/2010 | | | | | | $0.00 | $25,355.85 |
| | | $1,950.45 | 08/01/2010 | | | | | | $0.00 | $27,306.30 |
| | | $1,950.45 | 09/01/2010 | | | | | | $0.00 | $29,271.32 |
| | | $1,985.02 | 10/01/2010 | | | | | | $0.00 | $31,236.34 |
| | | $1,985.02 | 11/01/2010 | | | | | | $0.00 | $33,201.36 |
| | | $1,985.02 | 12/01/2010 | | | | | | $0.00 | $35,166.38 |
| | | $1,985.02 | 01/01/2011 | | | | | | | |
| | | $1,985.02 | 02/01/2011 | | | | | | | |
| | | $1,985.02 | 03/01/2011 | | | | | | | |

C:\Documents and Settings\Penny\Local Settings\Temporary Internet Files\Content.Outlook\3I24P3P8\0023305501.xls



# Chase Home Finance, LLC
## Post-Petition Payment History

| Loan #: | ...5519 | Debtor's Name: | EDWARD B KOHLER; KOHLER/PATRICIA/L | | | Property State: | WI |
|---|---|---|---|---|---|---|---|
| Case #: | 09-35931 | Principal Balance Due at Filing: | $54,734.04 | | | Prepared By: | |
| Date Filed: | 11/03/2009 | | | | | Last Updated: | |

### History of Post-Petition Payment Breakdown

| | Total | P&I Payment | Escrow | Optional Escrow | Subsidy | 001 | |
|---|---|---|---|---|---|---|---|
| | | | | | | P&I Payment | $373.22 |
| | | | | | | Variable Interest? | No |
| | | | | | | Conduit Loan? | No |

| Date Received | Amount Received | Amount Due | Post-Petition Date Paid | Payment Amount | Principal Amount Applied | Interest Applied | Escrow Amount Applied | Optional Escrow | Check # / Notes | To / From Suspense | Total Due |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | $373.22 | 12/01/2009 | | | | | | | $0.00 | $(373.22) |
| | | $373.22 | 01/01/2010 | | | | | | | $0.00 | $(746.44) |
| | | $373.22 | 02/01/2010 | | | | | | | $0.00 | $(1,119.66) |
| | | $373.22 | 03/01/2010 | | | | | | | $0.00 | $(1,492.88) |
| | | $373.22 | 04/01/2010 | | | | | | | $0.00 | $(1,866.10) |
| | | $373.22 | 05/01/2010 | | | | | | | $0.00 | $(2,239.32) |
| | | $373.22 | 06/01/2010 | | | | | | | $0.00 | $(2,612.54) |
| | | $373.22 | 07/01/2010 | | | | | | | $0.00 | $(2,985.76) |
| | | $373.22 | 08/01/2010 | | | | | | | $0.00 | $(3,358.98) |
| | | $373.22 | 09/01/2010 | | | | | | | $0.00 | $(3,732.20) |
| | | $373.22 | 10/01/2010 | | | | | | | $0.00 | $(4,105.42) |
| | | $373.22 | 11/01/2010 | | | | | | | $0.00 | $(4,478.64) |
| | | $373.22 | 12/01/2010 | | | | | | | $0.00 | $(4,851.86) |
| | | $373.22 | 01/01/2011 | | | | | | | $0.00 | $(5,225.08) |
| | | $373.22 | 02/01/2011 | | | | | | | $0.00 | $(5,598.30) |
| | | $373.22 | 03/01/2011 | | | | | | | $0.00 | $(5,971.52) |

3/10/2011

C:\Documents and Settings\Penny\Local Settings\Temporary Internet Files\Content.Outlook\3I24F3P8\00023305519.xls

```
PAY4  ████████5501    AS-OF 01/31/11   PAYOFF CALCULATION TOTALS 12/13/10  09:45:49
NAME EB KOHLER   CONTACT NAME EDWARD B KOHLER
---------------------------------------------------------------------------------

PRINCIPAL BALANCE       225,627.24    ----------- RATE CHANGES ----------
INTEREST 01/31/11  _     20,306.52  CALC  INT FROM     RATE        AMOUNT
PRO RATA MIP/PMI              .00         08/01/09   6.00000     20,306.52
ESCROW ADVANCE            2,102.23        02/01/11
ESCROW BALANCE               .00
SUSPENSE BALANCE             .00
HUD BALANCE                  .00
REPLACEMENT RESERVE          .00
RESTRICTED ESCROW            .00
TOTAL-FEES                 60.00
ACCUM LATE CHARGES         70.66
ACCUM NSF CHARGES            .00
OTHER FEES DUE               .00
PENALTY INTEREST             .00
FLAT/OTHER PENALTY FEE       .00    TOTAL INTEREST         20,306.52
CR LIFE/ORIG FEE RBATE       .00    TOTAL TO PAYOFF       249,729.14
RECOVERABLE-BALANCE      1,562.49   PRINT DISALLOWED:   NOT SIGNED ON TO OLLW


------------------------------------------------------------------------------
```

```
PAY4  ███████5519   AS-OF 01/31/11   PAYOFF CALCULATION TOTALS 12/13/10  09:44:04
NAME EB KOHLER    CONTACT NAME EDWARD B KOHLER
-------------------------------------------------------------------------------
PRINCIPAL BALANCE          54,734.04    ------------ RATE CHANGES ----------
INTEREST 01/31/11           5,644.44  CALC  INT FROM      RATE        AMOUNT
PRO RATA MIP/PMI                 .00        08/01/09    6.87500      5,644.44
ESCROW ADVANCE                   .00        02/01/11
ESCROW BALANCE                   .00
SUSPENSE BALANCE                 .00
HUD BALANCE                      .00
REPLACEMENT RESERVE              .00
RESTRICTED ESCROW                .00
TOTAL-FEES                     60.00
ACCUM LATE CHARGES            111.96
ACCUM NSF CHARGES                .00
OTHER FEES DUE                   .00
PENALTY INTEREST                 .00
FLAT/OTHER PENALTY FEE           .00       TOTAL INTEREST            5,644.44
CR LIFE/ORIG FEE RBATE           .00       TOTAL TO PAYOFF          62,357.44
RECOVERABLE BALANCE         1,807.00  PRINT DISALLOWED:   NOT SIGNED ON TO OLLW

-------------------------------------------------------------------------------
```

**Property Tax Bill - Register of Deeds/Treasurer - County Data Warehouse - version 1.1**

**Search Options | View Tax Listing | View GIS Image | Help**    Search by

# Tax Bill Details

**2009 REAL PROPERTY TAX BILL**                                **CITY OF NEW BERLIN**
**Tax Key:**       NBC 1251152                          View: Previous Year | Next Year
**Property Address:** 5310 S SKYLINE DR                          View: 2009 Tax Listing
**Legal Description:** LOT 15 BLK 4 MARYKNOLL HEIGHTS ADD NO.1 PT W.50 SW.25 SEC 25 T6N R20E R1748
                    I1590

**Tax Year / Assessment**

| | | | | |
|---|---|---|---|---|
| **Tax Year:** | 2009 | **Exempt:** | No | |
| **Assessment Type:** | FULL | **Use Value Assessment:** | No | |
| **Equalized Assessment Ratio:** | 96.38% | **Prior Taxes Due To:** | | |
| | **Values** | | **Assessed** | **Equalized** |
| | Land | | $64,700.00 | $67,100.00 |
| | Improvement | | $185,300.00 | $192,300.00 |
| | Total | | $250,000.00 | $259,400.00 |

| Line Item Description | Tax Amounts | Tax Rate per $1000 of assessed value |
|---|---|---|
| **GENERAL TAXES** | $4,627.94 | N/A |
| **GROSS GENERAL TAXES** | $4,627.94 | N/A |
| **SCHOOL TAX CREDIT** | ($452.84) | N/A |
| **FIRST DOLLAR CREDIT** | ($70.12) | N/A |
| **LOTTERY CREDIT** | ($80.00) | N/A |
| **NET GENERAL TAXES** | $4,024.98 | |
| **SPCL CHARGE(S)** | $1,210.37 | |
| **TOTAL SPECIAL ASSESSMENTS** | $1,210.37 | |
| **TOTAL TAX BILL** | **$5,235.35** | |

**Billed To:**
EDWARD B KOHLER & PATRICIA L
5310 S SKYLINE DR
NEW BERLIN, WI 53151-8064

| Installments | Amount Due | Due By | Pay to Agency |
|---|---|---|---|
| **Full Amount Due** | $5,235.35 | 1/31/2010 | LOCAL |
| **First Installment** | $2,498.71 | 1/31/2010 | LOCAL |
| **Second Installment** | $1,368.32 | 3/31/2010 | LOCAL |
| **Third Installment** | $1,368.32 | 5/31/2010 | LOCAL |
| **2009 Balance Due** | | | |
| **2009 Tax Outstanding** | $0.00 | | |
| (hide county/local transactions) | | | |

| Transaction | Posted | Origin | Description | Tax | Interest | Penalty | In Rem | Total |
|---|---|---|---|---|---|---|---|---|
| 12/15/2009 | 8/11/2010 | LOCAL | TAX BILL | $5,235.35 | $0.00 | $0.00 | $0.00 | $5,235.35 |
| 12/31/2009 | 8/11/2010 | LOCAL | LOCAL PAYMENT | ($5,235.35) | $0.00 | $0.00 | $0.00 | ($5,235.35) |

No delinquent taxes found;

**County Web Site**                                                    **Internet user**

This program accesses data from databases maintained by several County Departments and Local Municipalities. There may be inconsistence in data depending on the date the information was gathered or the purpose for which it is maintained. Due to variances in sources and update cycles, there is no guarantee as to the accuracy of the data. For questions regarding tax listing, contact the County Register of Deed's Office at (262)548-7577 . For questions regarding County Tax Bills, contact the County Treasurer's Office at (262)548-7029 .



Legal Notices | Privacy Notices | Acceptable Use Policy
Questions, comments, and concerns regarding this web site should be directed to Webmaster *We are not responsible for the content of links outside of our site.* © Copyright 2000 Waukesha County, All Rights Reserved.

Case 09-35931-pp    Doc 100    Filed 03/22/11    Page 8 of 9

**Property Tax Bill - Register of Deeds/Treasurer - County Data Warehouse - version 1.1**

**Search Options | View Tax Listing | View GIS Image | Help**    Search by

# Tax Bill Details

**2010 REAL PROPERTY TAX BILL**                                **CITY OF NEW BERLIN**
Tax Key:          NBC 1251152                                  View: Previous Year
Property Address:5310 S SKYLINE DR                             View: 2010 Tax Listing
Legal Description:LOT 15 BLK 4 MARYKNOLL HEIGHTS ADD NO.1 PT W.50 SW.25 SEC 25 T6N R20E R1748
                  I1590

**Tax Year / Assessment**

| | | | | |
|---|---|---|---|---|
| Tax Year: | 2010 | Exempt: | No | |
| Assessment Type: | FULL | Use Value Assessment:No | | |
| Equalized Assessment Ratio:99.89% | | Prior Taxes Due To: | | |
| | Values | | Assessed | Equalized |
| | Land | | $64,700.00 | $64,800.00 |
| | Improvement | | $185,300.00 | $185,500.00 |
| | Total | | $250,000.00 | $250,300.00 |

| Line Item Description | Tax Amounts | Tax Rate per $1000 of assessed value |
|---|---|---|
| **GENERAL TAXES** | $4,710.02 | N/A |
| **GROSS GENERAL TAXES** | $4,710.02 | N/A |
| **SCHOOL TAX CREDIT** | ($430.70) | N/A |
| **FIRST DOLLAR CREDIT** | ($72.28) | N/A |
| **LOTTERY CREDIT** | ($91.14) | N/A |
| **NET GENERAL TAXES** | $4,115.90 | |
| **SPCL CHARGE(S)** | $1,316.73 | |
| **TOTAL SPECIAL ASSESSMENTS** | $1,316.73 | |
| **TOTAL TAX BILL** | **$5,432.63** | |

**Billed To:**
EDWARD B KOHLER & PATRICIA L
5310 S SKYLINE DR
NEW BERLIN, WI 53151-8064

| Installments | Amount Due | Due By | Pay to Agency |
|---|---|---|---|
| **Full Amount Due** | $5,432.63 | 1/31/2011 | LOCAL |
| **First Installment** | $2,627.97 | 1/31/2011 | LOCAL |
| **Second Installment** | $1,402.34 | 3/31/2011 | LOCAL |
| **Third Installment** | $1,402.32 | 5/31/2011 | LOCAL |

**2010 Balance Due**
**2010 Tax Outstanding**          $0.00
(hide county/local transactions)

| Transaction | Posted | Origin | Description | Tax | Interest | Penalty | In Rem | Total |
|---|---|---|---|---|---|---|---|---|
| 12/15/2010 | 2/9/2011 | LOCAL | TAX BILL | $5,432.63 | $0.00 | $0.00 | $0.00 | $5,432.63 |
| 12/30/2010 | 2/9/2011 | LOCAL | LOCAL PAYMENT | ($5,432.63) | $0.00 | $0.00 | $0.00 | ($5,432.63) |

No delinquent taxes found;

**County Web Site**                                          **Internet user**

This program accesses data from databases maintained by several County Departments and Local Municipalities. There may be inconsistence in data depending on the date the information was gathered or the purpose for which it is maintained. Due to variances in sources and update cycles, there is no guarantee as to the accuracy of the data. For questions regarding tax listing, contact the County Register of Deed's Office at (262)548-7577 . For questions regarding County Tax Bills, contact the County Treasurer's Office at (262)548-7029 .



Legal Notices | Privacy Notices | Acceptable Use Policy
Questions, comments, and concerns regarding this web site should be directed to Webmaster We are not responsible for the content of links outside of our site. © Copyright 2000 Waukesha County, All Rights Reserved.

<u>Court Minutes</u>

CHAPTER:        13
DATE:           May 25, 2011
JUDGE:          Pamela Pepper
CASE NO.:       2009-35931
DEBTORS:        Edward Blaine Kohler & Patricia Lynn Kohler
ADV. NO.:       2010-2694
ADV.:           Edward & Patricia Kohler v. US Bank, et. al.

NATURE OF HEARING:   (1) Defendant's Motion to dismiss adversary proceeding
                     (2) Renewed Motion for relief from stay filed by US Bank, et. al.
                     (3) Objection to plan confirmation filed by US Bank, et. al.
                     (4) Debtor's Objection to claims #12 and #13 of US Bank, et. al.
APPEARANCES:         Rollie Hanson - Attorney for debtors
                     Edward Blaine Kohler - Debtor
                     Penny Gentges - Attorney for US Bank, et. al.
                     Edward Lesniak - Attorney for US Bank, et. al.
LAW CLERK:           Camille Bent
TIME:                2:10 p.m. - 5:11 p.m.
ADJOURNED DATE:
_____

<u>Issue #1</u>

The Court indicated that it believed that the motion to dismiss involved the legal question of whether the adversary proceeding was the appropriate procedural vehicle for the plaintiff to use to challenge the creditor's claim. The Court indicated that it did not need evidence to rule on that motion, and would do so at a later date.

<u>Issues #2 - #4</u>

The attorneys each presented opening statements. Christopher Corcoran testified on behalf of the creditor. The Court admitted creditors' exhibits A through D, without objection. The parties each presented closing arguments. Counsel for the creditors argued that the debtors did not have standing to challenge the assignment of the mortgage, and cited case law in support. The Court indicated that, while it had not read the cases that the creditor cited, it was of the view that the debtors had standing to challenge the creditor's claim.

The Court asked each party questions about their respective positions. It then took the matter under advisement, indicating that the law clerk would contact the parties shortly to schedule a date for the Court to deliver an oral ruling.

1

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: June 28, 2011

_____
Honorable Pamela Pepper
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

CHAPTER:        13
DATE:           June 27, 2011
JUDGE:          Pamela Pepper
CASE NO.:       2009-35931
DEBTORS:        Edward & Patricia Kohler
ADV. NO.:       2010-2694
ADV.:           Edward & Patricia Kohler v. U.S. Bank, et. al.

NATURE OF HEARING:   (1) Defendant's motion to dismiss adversary proceeding
                     (2) Renewed motion for relief from stay filed by U.S. Bank, et. al.
                     (3) Objection to plan confirmation filed by U.S. Bank, et. al.
                     (4) Objection to claims #12 and 13 of U.S. Bank, et. al.
APPEARANCES:         Rollie Hanson - Attorney for debtors, by telephone
                     Penny Gentges - Attorney for U.S. Bank, et. al., by telephone
                     Edward Lesniak - Attorney for U.S. Bank, et. al., by telephone
                     Jack Zaharapoulous - Attorney for Chapter 13 trustee, by telephone
                     Amy Ginsberg - Attorney for U.S. Trustee, by telephone
LAW CLERKS:          Camille Bent
                     Esa Movroydis
TIME:                2:08 p.m. - 2:45 p.m.
ADJOURNED DATE:
_____
       Before issuing its oral ruling, the Court noted, as an administrative matter,
that it never had officially ruled on the debtors' April 2010 motion to consolidate the
hearings on the motions for relief from stay, the objection to confirmation, the
objections to claims 12 and 13, and the motion to dismiss the adversary proceeding.
The Court granted the debtors' motion to consolidate, noting that the parties, and
the Court itself, had operated as if the matters already had been consolidated.  The
trustee reported that the debtors now were current on plan payments, although
they previously had fallen behind by a couple of payments.

1

For the reasons it stated in detail on the record, the Court granted the motion for relief from stay filed by U.S. Bank, et. al.  The Court also granted the defendants' motion to dismiss the adversary complaint.  Attorney Lesniak or Attorney Gentges will prepare the orders.

For the reasons stated in detail on the record, the Court hereby GRANTS the debtors' April 2010 motion to consolidate.  The Court OVERRULES the debtors' objections to claims #12 and 13, and allows those claims as filed.  The Court SUSTAINS U.S. Bank et. al.'s objection to confirmation of plan.  The Court ORDERS that the debtors file an amended plan by Monday, August 1, 2011.

# # # # #

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:   Edward and Patricia Kohler,                    Chapter 13

Debtor.                                                 Case No. 09-35931-PP

## MOTION FOR RECONSIDERATION

The above referenced debtors, Edward and Patricia Kohler, by The Law Office of Rollie

R. Hanson, S.C. by Attorney Rollie R. Hanson hereby move the Court to reconsider the Order

Lifting the Stay dated July 6, 2011 and the Minute Order dated June 27, 2011 which overruled

the debtors' Objection to Claims 12 and 13 and bring this motion pursuant to Federal Rule of

Civil Procedure 60(b) and any applicable Bankruptcy Rules.

In support of this motion, the debtors respectfully show to the court as follows:

1.  The debtors assert that there has been some mistake in the findings supporting the
    lift of stay and disallowance of the objections of the debtors.

2.  The court found that the notes and blank undated allonges for Claims 12 and 13
    were not attached to any notes but that said notes and allonges had staple holes in
    them. However, only the note dated April 6, 2006 and presented by the witness,
    Christopher Corcoran (the 1st mortgage note) in the amount of 220,800.00 had any
    staple holes in it. The note dated April 6, 2006 and presented by the witness,
    Corcoran (the 2nd mortgage note)  in the amount of 55,200.00 was in pristine
    conditions and  had no staple holes in it. Further, the allonge presented with said
    note at the hearing was also in pristine condition and had no staple holes in it. The
    documents themselves showed the $55,200.00 note and allonge had never been

attached at any time during or after the execution of the allonge by any kind of
stapling or other device in order to affix the allonge to the note.

3. Moreover, said undated allonges had been modified by the placement of stickers.
   Said stickers contained the name and address of the debtors. Said allonges
   contained no reference to the notes they purported to endorse on the face of the
   allonges and there was no testimony provided from the witness to verify when the
   stickers were placed on said allonges or who placed the stickers on the allonges.

4. Further the witness, Corcoran could not present any testimony as to whether the
   notes and allonges had ever been attached or when the allonges were signed and
   had no personal knowledge of the execution of said notes or allonges.

5. In order for the allonges to effectively negotiate said notes the blank undated
   allonges were required to be affixed to the notes pursuant to Section 403.204 of
   the Wisconsin UCC. The fact that the allonges were not attached to the notes
   absent any explanation of the witness prevents the negotiation of the notes under
   Article 3 of the Wisconsin UCC.

6. The Amended Claims 12 and 13 submitted by the claimant also contain specific
   allonges along with the blank undated allonges presented by the witness at
   hearing on May 25, 2011. The Original and Amended Claim 12, each have
   attached an Allonge dated December 2nd, 2009 signed by Whitney K. Cook,
   Assistant Secretary of Chase Home Finance, LLC referencing the note dated April
   6, 2006 in the amount of $220,800.00 and purporting to assign aid note from BNC
   Mortgage, Inc. to U.S. Bank National Association. Said allonge also states a copy
   of said note was attached to the allonge as Exhibit 1. The Original and Amended

Claim 13 have attached an allonge dated March 8, 2010 signed by Deborah A. Lenhart, Vice President of Lehman Brothers Bank, FSB n/k/a Aurora Bank, FSB referencing the note dated April 6, 2006 in the amount of $55,200.00 and purporting to assign the note to U.S. Bank National Association as Trustee. Said allonge also states a copy of said note was attached to the allonge as Exhibit 1. The specific dated allonges contradict the blank, undated allonges purporting to negotiate a transfer of the mortgage notes in this case and the witness, Corcoran was unable to identify or authenticate the specific allonges. Moreover, the original Claims 12 and 13 were filed on March 16, 201 containing the specific allonges purporting to negotiate and transfer the mortgage notes directly from the originators to the trustee. The Amended Claims containing the blank, undated allonges were filed on September 21, 2010, approximately six months after the filing of the Original Claims.

7. Further, the witness for the claimant also testified that the documents he presented from the Custodian's (Deutsche Bank) file were delivered directly to custodian from the originators of the loans. Said witness further testified that he had no knowledge as to who owned the mortgage notes and did not know who owned them. Therefore, the evidence is devoid of any factual basis to show that the claimant, U.S. Bank National Association ever came into possession of the said notes. There is not sufficient evidence to show the negotiation of the notes to said U.S. Bank or delivery of said notes to U.S. Bank.

8. The record and testimony do not show that the originators of the notes negotiated, delivered or transferred the 1st and 2nd mortgage notes to the Trustee, U.S. Bank

National Association.. Under the rationale of *In re Veal,* 2011 LEXIS 2359 (June 18, 2010) the Trustee is not a holder of the note with a presumptive right to enforce the note or a non-holder in possession of the note with the rights of holder under Articles 3 or 9 of the Uniform Commercial Code. Therefore, the Trustee and the SAIL Trust have failed to show U.S. Bank is a person entitled to enforce the note and have failed to demonstrate proper standing to pursue a motion for lift of the stay or to maintain a claim on the debtors' Chapter 13. Further the evidence does not show the Trustee is not a Real Party in Interest under B.R. 7017.

WHEREFORE, the debtors request that the Court reconsider the Order entered on July 6, 2011 lifting the Automatic Stay as well as the Minute Order overruling the Debtors' objections to the claims on file,

And further, to deny the Motion on file to lift the stay and or in the alternative to allow for further discovery in this matter as to the ownership of the notes and mortgages in this case.

Dated this 18th day of July, 2011.


*/s/Rollie R. Hanson*
Rollie R. Hanson, Attorney for Debtor


THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:   Edward Blaine Kohler and Patricia Lynn Kohler,   Chapter 13

    Debtor.                                Case No. 09-35931-PP

## NOTICE OF MOTION TO RECONSIDER

PLEASE TAKE NOTICE that the debtors, Edward B. Kohler and Patricia L. Kohler, by

The Law Office of Rollie R. Hanson, S.C., by Attorney Rollie R. Hanson, have filed papers with

the Court for a Motion to Reconsider the Order on the Motion to Lift the Stay as well as the

Order Dismissing the Adversary Proceeding in the above entitled case.

**Your rights may be affected.  You should read these papers carefully and discuss**

**them with your attorney, if you have one in this bankruptcy case.  (If you do not have an**

**attorney, you may wish to consult one).**

If you do not want the Court to grant the relief sought in the motion, or if you want the

Court to consider your views on the motion, you or your attorney must file a written request for a

hearing within fourteen (14) days with the Bankruptcy Clerk at the following address:

    Clerk, United States Bankruptcy Court
    Eastern District of Wisconsin
    517 East Wisconsin Avenue
    Milwaukee, Wisconsin 53202

If you mail your request to the Court for filing, you must mail it early enough so the

Court will receive it on or before fourteen (14) days after this Notice.  You must also mail a copy

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

To:

> The Law Office of Rollie R. Hanson, S.C.
> 6737 West Washington Street, Suite 1420
> West Allis, Wisconsin 53214

> If you or your attorney do not take these steps, the Court may decide that you do not

oppose the relief sought in the Motion and may enter an Order granting that relief.

Dated this 18th day of July, 2011 at West Allis, Wisconsin.

/s/Rollie R. Hanson
Rollie R. Hanson, Attorney for Debtors

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re:   Edward Blaine Kohler and Patricia Lynn Kohler,   Chapter 13

              Debtor.                       Case No. 09-35931-PP

## AFFIDAVIT OF SERVICE

STATE OF WISCONSIN         )
                               ) SS:
COUNTY OF MILWAUKEE     )

Leigh Anne Muller, being first duly sworn and under oath, hereby states that on July 18, 2011 she served, via CM/ECF, a true and correct copy of the *Motion to Reconsider and Notice of Motion to Reconsider* to the following parties:

| | |
|---|---|
| Attorney Penny Gentges | penny@basmog.com |
| Attorney Edward J. Lesniak | elesniak@burkelaw.com |
| Mary Grossman<br>Chapter 13 Trustee | ecf@chapter13milwaukee.com |
| United States Trustee | ustpregion11.mi.ecf@usdoj.gov |

Dated this 18th day of July, 2011 at West Allis, Wisconsin.     */s/Leigh Anne Muller*
                                                             Leigh Anne Muller

Subscribed and sworn to before me
this 18th day of July, 2011.


*/s/Rollie R. Hanson*
Rollie Hanson
Notary Public, State of Wisconsin
My Commission is Permanent

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

--------------------------------------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                                 Case No.       09-35931-pp
                                 Chapter 13

          Debtors.

--------------------------------------------------------------------------------------------

## RESPONSE TO MOTION FOR RECONSIDERATION

--------------------------------------------------------------------------------------------

Creditor, U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-4 ("U.S. Bank"), hereby responds to the Debtors' Motion for Reconsideration of the Order Lifting the Stay and the Order overruling the Debtors' objection to U.S. Bank's Claims 12 and 13 ("Motion"), as follows:

## I. APPLICABLE STANDARD

Debtors do not point to a specific provision of Fed. R. Civ. P. 60(b), made applicable by Fed. R. Bankr. P. 9024, as the basis for their Motion. Certainly 60(b)(1) through 60(b)(5) do not apply, as the Debtors have not argued mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, or the release or stipulation of a judgment. Apparently, the Debtors rely solely on 60(b)(6) – "any other reason that justifies relief."

Debtors also fail to cite the standard of review applicable to a motion for reconsideration. In this regard, the Seventh Circuit Court of Appeals has stated:

> A motion for reconsideration performs a valuable function where:
>
> the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare. (cite omitted)

Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

Here the Debtors have not demonstrated that the Court misunderstood a party or made a decision outside the adversarial issues presented to the Court, or made an error of apprehension. Nor have the Debtors pointed to a controlling or significant change in the law. Rather, the Debtors have done nothing more than rehash the facts and the legal issues already decided by the Court. The Debtors have set forth no good reason for the Court to change its ruling.

## II. RESPONSE TO NUMBERED PARAGRAPHS 2 THROUGH 8

U.S. Bank hereby responds to the Debtors' specific arguments made in paragraphs 2 through 8 of the Motion as follows:

2. Whether the 2nd Mortgage Note and the related Allonge had staple holes is irrelevant. What is relevant is that the 2nd Mortgage Note and Allonge had punch holes in the top of each page. Christopher Corcoran testified that the condition of the file when received by Deutsche Bank would have been that the 2nd Mortgage Note was on top, with the Allonge immediately below it, in the file folder, with the pages thereof bound together with a metal clasp with prongs inserted through the holes in the paper, and held in place by a sliding metal loop. Thus, the Court was presented with uncontroverted evidence on which to base a finding that the Allonge was intended to be and was attached to the 2nd Mortgage Note, and sufficiently affixed to satisfy the statutory requirement.

3. Indeed, there was no evidence as to who placed the "stickers" on the Allonge or when. However, Christopher Corcoran's testimony was uncontroverted that Deutsche Bank did not place "stickers" on the Allonges and that the stickers were already on the Allonges when they were received by Deutsche Bank, as agent for U.S. Bank. Thus, in addition to being attached by a binder clip to the Note, each Allonge clearly reflected its relationship to the corresponding Note on its face when received by Deutsche Bank, as agent for U.S.Bank.

4.     Christopher Corcoran's personal knowledge as to the execution of the Notes or Allonges is unnecessary. Under Federal Rule of Civil Procedure 902(9), and Wis. Stat. A. § 403.308(i), the signatures on the notes and allonges are presumed genuine. Moreover, Debtors offered no testimony challenging their signatures on the Notes, despite the fact that Debtor Edward Kohler was present in open court at the hearing.  In fact, the Debtors have filed pleadings acknowledging that they took out the loans.

5.     As noted above in paragraph 2, Deutsche Bank did provide evidence that both Allonges would have been attached next to the respective Notes in the respective files delivered to Deutsche Bank. As argued in open court, that testimony is adequate to demonstrate that the Allonges were intended to be attached to the Notes.  Livonia Property Holdings, L.L.C., 717 F.Supp.2d 724, 734 (E.D. Mich. 2010).  The fact that pages in the file may have been separated for copying purposes or examination of the originals does not render the Allonges ineffective.  In re Albert, 49 B.R. 254, 261 (Bankr. D. Ar. 1985).

6.     Christopher Corcoran testified that Deutsche Bank was the custodian for U.S. Bank. Thus, the Notes and Mortgages were delivered to U.S. Bank through its custodial agent, Deutsche Bank. As for testimony regarding ownership of the Notes and Mortgages, ownership is irrelevant. The only pertinent issue is whether U.S. Bank was the holder of the Notes and Mortgages.  Wis. Stat. A. § 403.301 states the "holder" is entitled to enforce the instruments, and that "[a] person may be a person entitled to enforce the instrument even though the person is not the owner. . ."  U.S. Bank established at trial that it was the holder of the Notes and Mortgages, and therefore, entitled to enforce them.

7. In paragraph 7, the Debtors address items upon which U.S. Bank did not rely in establishing its right to enforce the Notes and Mortgages. These documents are extraneous to the proceeding and merit no further consideration.

8. In <u>In re Veal</u>, 2011 WL 2304200 (9th Cir. BAP (Ariz.)), the trustee could not establish standing because it did not show that its agent had actual possession of the note. 2011 WL 2304200 * 14. In contrast, in the instant case, U.S. Bank produced the original Notes and Mortgages in open court. The Notes, which were endorsed in blank, were put into evidence through the testimony of the custodial agent for U.S. Bank. There can be no question that U.S. Bank established itself as the holder of the Notes and entitled to enforce them pursuant to Wis. Stat. A. § 403.301.

CONCLUSION

Astonishingly, the Debtors ask in their prayer for relief for further discovery. The Debtors had ample opportunity to conduct discovery. U.S. Bank disclosed to the Debtors the precise names of the persons who would have the information the Debtors claimed they needed, but the Debtors took no depositions before trial.

In the Motion, the Debtors ask for nothing more than to reopen and rehash a matter that has been fully litigated to a conclusion. The Debtors submit no new facts, theories or law. Clearly, the Debtors want nothing more than further delay. Further delay would serve the Debtors' purpose, but would be extremely prejudicial to U.S. Bank, whose collateral continues to be used by the Debtors without receiving any payment on the loans.

For all of these reasons, the Court should deny the Motion for Reconsideration.

U.S. BANK NATIONAL ASSOCIATION, as
Trustee for Structured Asset Investment Loan
Trust Mortgage Pass-Through Certificates, Series
2006-4, CHASE HOME FINANCE LLC and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., Defendants


By:____/s/_____Edward J. Lesniak_____
(Illinois ARDC #1624261, Admitted to District
Court for the Eastern District of Wisconsin on
January 23, 2006)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
E-mail: elesniak@burkelaw.com


Penny Gentges
Co-Counsel for Defendants
Bass & Maglowsky, S.C.
7020 N. Port Washington Road
Suite 206
Milwaukee, WI 53217
Telephone: (414) 228-6700
Facsimile: (414) 228-6506
E-mail: penny@basmog.com
09135\00600\899873.1

<u>CERTIFICATE OF SERVICE</u>

Edward J. Lesniak, one of the attorneys for certain Defendants, certifies that a true and correct

copy of the Response by U.S. Bank National Association, as Trustee, to Debtors' Motion for

Reconsideration was served by the Court's CM/ECF filing system on July 30, 2011, at the time

the Motion was filed, on the following parties:

        Rollie R. Hanson
        Penny Gentges
        Mary Grosman (Chapter 13 Trustee)
        Office of the United States Trustee

          /s/     Edward J. Lesniak
          Edward J. Lesniak
          Attorney for Certain Defendants
          (Illinois ARDC #1624261, Admitted to District
          Court for the Eastern District of Wisconsin on
          January 23, 2006)
          Burke, Warren, MacKay & Serritella, P.C.
          330 N. Wabash Avenue, 22nd Floor
          Chicago, IL 60611-3607
          Telephone: (312) 840-7000
          Facsimile: (312) 840-7900
          E-mail: elesniak@burkelaw.com

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: August 11, 2011



Honorable Pamela Pepper
Chief United States Bankruptcy Judge

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF WISCONSIN

#### Court Minutes and Order

CHAPTER:        13
DATE:           August 9, 2011
JUDGE:          Pamela Pepper
CASE NO.:       2009-35931
DEBTOR:         Edward B and Patricia L Kohler
ADV. NO.:       10-2694
ADV.:           Kohler v. SAIL Trust Mortgage Pass-Through Certificates, Series 2006-4
NATURE OF HEARING:      Debtors' Motion to Reconsider
APPEARANCES:            Rebecca Garcia for the Chapter 13 Trustee
                        Rollie Hanson - Attorney for the debtors
                        Edward Lesniak - Attorney for the creditor (by telephone)
COURTROOM DEPUTY:       Amanda Sippel
TIME:                   3:45 p.m. - 4:05 p.m.
ADJOURNED DATE:

---

The motion alleged that in its oral ruling, the Court had made a statement to the effect that the allonges produced during the evidentiary hearing had staple holes in them, which provided evidence that those allonges had been attached to the notes, which supported the Court's conclusion that US Bank as Trustee was the holder of the notes and thus had standing to pursue the various claims. The objection argued that only one of the allonges had staple holes in it, while the other was in "pristine" condition. Thus, the debtors argued, there was no evidence that the second allonge had been affixed to the second note. In addition, the motion alleged that the witness from Deutsche Bank testified that he had no personal knowledge of the notes ever being transferred into the possession of US Bank. US Bank's objection indicated that staple holes or not, the allonges had been affixed to both notes because they were binder-clipped to the notes and immediately followed the notes in the file, per Mr. Corcoran's testimony. In addition, Mr. Corcoran testified that there were stickers on the allonges identifying them with the particular note to which they related. The Court also noted that US Bank argued

1

that the motion to reconsider was inappropriate because it neither cited, nor fell under any applicable, provision of F. R. Civ. P. Rule 60(b). Counsel for debtors argued that under the UCC code the allonges are required to be affixed to the note. He also argued that the witness testified that the originator of the loan sent the documents directly to Deutsche Bank as a custodian, and therefore that the notes never had been delivered to, or in the possession of, US Bank as Trustee and that US Bank as Trustee had not proven that it owned the notes. Counsel for the creditor argued that it did not matter who owned the notes, but who qualified as the holders of the notes.

The Court agreed with the creditor that the debtors had not identified any provision of Rule 60(b) which justified reconsideration of its ruling. It further found that nothing the debtors had indicated gave it cause to change its ruling that US Bank as Trustee was the holder of the notes, was entitled to enforce them, and had standing, therefore, to file claims, motions for relief from stay and objections to confirmation. The Court reiterated that the allonges appeared in the loan files immediately adjacent to the notes, bore stickers affiliating them with the note, and – because they were blank – constituted bearer paper. Deutsche Bank held that bearer paper only as an agent of US Bank as Trustee. Thus, US Bank as Trustee was the duly qualified holder of both notes, and had standing.

The Court hereby **DENIES** the debtors' motion to reconsider.

# # # # #

2

# United States Bankruptcy Court
# Eastern District of Wisconsin

In re:  Edward Kohler & Patricia Kohler

_____,   )
                         Debtors      )      Case No. <u>09-35931-PP</u>
                                        )

Edward & Patricia Kohler         )      Chapter 13

_____,   )
                        Plaintiff      )
                                        )

              v.                      )
                                        )      Adv. Proc. No. 10-02694-PP

U.S. Bank, N.A., as Trustee for Structured   )
Asset Investment Loan Trust, Mortgage       )
Pass-Through Certificates, Series 2006-4     )

_____      )
                       Defendant     )

## NOTICE OF APPEAL

       Edward and Patricia Kohler, the Plaintiffs, appeal under 28 U.S.C. § 158 (a) from the
Order of  the bankruptcy judge dated July 06, 2011 Dismissing the Adversary Complaint in
Adversary Proceeding Number 10-02694-PP, the Order Granting the Relief from Stay entered on
July 6, 2011 in Bankruptcy Case No. 09-35931-PP, and the Order entered on August 11, 2011
denying the Plaintiffs' Motion for Reconsideration in Adversary Proceeding Number  10-02694-
PP/Bankruptcy Case No. 09-35931-PP.

       The names of all parties to the order appealed from and the names, addresses, and
telephone numbers of their respective attorneys are as follows:

<u>Appellants</u>

Edward Kohler
Patricia Kohler
5310 S. Skyline Drive
New Berlin, WI 53151

<u>Appellees</u>

(1)    U.S. Bank National Association, as Trustee
       for Structured Asset Investment  Loan Trust,
       Mortgage Pass-Through Certificates, Series
       2006-4

(2)    Chase Home Finance LLC

(3)    Mortgage Electronic Registration Systems,
       Inc.

<u>Attorneys for Appellant</u>

Rollie R. Hanson
Law Office of Rollie R. Hanson, S.C.
6737 W. Washington Street
Suite 1420
West Allis, WI 53214
Phone:  (414) 321-9733
FAX:  (414) 321-9601

<u>Attorneys for Appellee</u>

Edward J. Lesniak
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
Phone: (312) 840-7000

Penny Gentges
Bass & Moglowsky, S.C.
7020 N. Port Washington Road
Suite 206
Milwaukee, WI 53217
Phone:  (414) 228-6700

Dated:  ____August 26, 2011_____

Signed:  */s/ Rollie R. Hanson*
Attorney for Appellant

Attorney Name:  _____Rollie R. Hanson_____

Address:  ____6737 W. Washington Street, Suite 1420_____

_____West Allis, WI 53214_____

Telephone No:  _____(414) 321-9733_____

     If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the court.  The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this notice of appeal.  Any other party may elect, within the time provided in 28 U.S.C. §158(c), to have the appeal heard by the district court.

     *If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

# United States Bankruptcy Court
# Eastern District of Wisconsin

In re:  Edward & Patricia Kohler

_____,  )
                        Debtors     )     Case No. <u>09-35931-PP</u>
                                                )

Edward & Patricia Kohler            )     Chapter 13

_____,  )
                        Plaintiffs     )

                                    )

                v.                     )
                                    )     Adv. Proc. No. 10-02694-PP

U.S. Bank, N.A. as Trustee for Structured   )
Asset Investment Loan Trust, Mortgage    )
Pass-Through Certificates, Series 2006-4    )

_____  )
                      Defendant     )

<u>DESIGNATION OF RECORD ON APPEAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME the Plaintiffs/Appellants, Edward & Patricia Kohler, and submit this designation of Record on Appeal, and request that the following items be contained in the record of this appeal:

1.  The Plaintiffs/Appellants' Complete Voluntary Petition and Complete Schedules in their Chapter 7 Bankruptcy Proceeding, Case No. 09-35931, Document Number 1, Filed on November 3, 2009.

2.  The Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin., in addition to Motion to Abandon, Document Number 5 in Case Number 09-35931-PP, Filed on December 9, 2009

3.  The Plaintiffs'/Appellants' Objection to Motion for Relief from Stay as to 5310 S. Skyline Dr.; New Berlin, Wisconsin, Document Number 7 in Case Number 09-35931-PP, Filed on December 23, 2009.

4.  The Plaintiffs'/Appellants' Motion to Convert Case to Chapter 13 from a Chapter 7, Document Number 12 in Case Number 09-35931-PP, Filed on January 15, 2010.

5.  The Order Granting Motion to Convert Cast to Chapter 13, Document Number 20 in Case Number 09-35931-PP, Filed on February 16, 2010.

THE LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 West Washington Street, Suite 1420
West Allis, Wisconsin 53214
(414)321-9733 Fax (414)321-9601
Rollie@hansonlaw.net

Case 09-35931-pp   Doc 135   Filed 09/09/11   Page 1 of 6

6. The Plaintiffs'/Appellants' Chapter 13 Plan, Document Number 24 in Case Number 09-35931-PP, Filed February 26, 2010.

7. The Stipulation by U.S. Bank National Association and Debtors, Document Number 28 in Case Number 09-35931-PP, Filed on March 1, 2010.

8. The Motion for Relief from Stay as to 2nd Mortgage, Document Number 37 in Case Number 09-35931-PP, Filed on March 12, 2010.

9. The Renewed Motion/Letter Renewal, Document Number 39 in Case Number 09-35931-PP, Filed on March 22, 2010.

10. The Objection to Motion for Relief from Stay as to 2nd Mortgage, Document Number 40 in Case Number 09-35931-PP, Filed on March 26, 2010.

11. The Objection to Confirmation of Plan, Document Number 42 in Case Number 09-35931-PP, Filed on March 29, 2010.

12. The Objection to the Renewed Motion/Letter Renewal, Document Number 47 in Case Number 09-35931-PP Filed on April 15, 2010.

13. The Court Minutes for the hearing held April 20, 2010, Document Number 52 in Case Number 09-35931-PP filed on April 21, 2010.

14. Correspondence regarding Amended Claim Number 12, Document Number 72 in Case Number 09-35931-PP, Filed on September 21, 2010.

15. Correspondence regarding Amended Claim Number 13, Document Number 73 in Case Number 09-35931-PP, Filed on September 21, 2010.

16. Court Minutes and Order Regarding Objection to Confirmation of Plan and Status Hearing, Document Number 77 in Case Number 09-35931-PP, Filed on November 23, 2010.

17. Court Minutes from Hearing held December 13, 2010, Document Number 79 in Case Number 09-35931-PP, Filed on December 14, 2010.

18. Court Minutes from January 31, 2011 Status Hearing, Document Number 81 in Case Number 09-35931-PP, Filed on February 1, 2011.

19. Objection to Amended Claim Number 12, 13, Document Number 85 in Case Number 09-35931-PP, Filed on March 1, 2011.

20. Brief in Support of Objection Original and Amended Claims Number 12 and 13, Document Number 86 in Case Number 09-35931-PP, Filed on March 1, 2011.

21. Memorandum of Law, Document Number 93 in Case Number 09-35931-PP, Filed on March 16, 2011.

22. Affidavit in Support of Motions for Relief from Stay, Document Number 100 in Case Number 09-35931-PP, Filed on March 22, 2011.

23. Court Minutes from the May 25, 2011 Hearing, Document Number 101 in Case Number 09-35931-PP, Filed on May 26, 2011.

24. Exhibits filed by Penny G. Gentges and Edward J. Lesniak, Document Number 102 in Case Number 09-35931-PP, Filed on May 26, 2011.

25. Court Minutes and Order from Hearing held June 27, 2011, Document Number 105 in Case Number 09-35931-PP, Filed on June 28, 2011.

26. Motion to Reconsider, Document Number 111 in Case Number 09-35931-PP, Filed on July 18, 2011.

27. Response to Motion to Reconsider, Document Number 116 in Case Number 09-35931-PP, Filed on July 30, 2011.

28. Court Minutes and Order Denying Motion to Reconsider, Document Number 123 in Case Number 09-35931-PP, Filed on August 12, 2011.

29. The Notice of Appeal, Document Number 130 in Case Number 09-35931-PP, Filed on August 26, 2011.

30. Claim Number 12 in Case Number 09-35931-PP, Filed March 16, 2010.

31. Amended Claim Number 12 in Case Number 09-35931-PP, filed September 21, 2010.

32. Claim Number 13 in Case Number 09-35931-PP, Filed March 16, 2010.

33. Amended Claim Number 13 in Case Number 09-35931-PP, Filed September 21, 2010.

34. The Plaintiffs/Appellants' Complaint, Document Number 1 in Adversary Proceeding Case Number 10-02694-PP and Filed on December 22, 2010.

35. The Plaintiffs/Appellants' Amended Complaint, Document Number 7 in Adversary Proceeding Case Number 10-02694-PP and Filed on January 6, 2011.

36. The Motion to Dismiss Adversary Proceeding, Document Number 8 in Adversary Proceeding Case Num 10-02694-PP and Filed on January 24, 2011.

37. The Plaintiffs'/Appellants' Objection to Motion to Dismiss, Document Number 9 in Adversary Proceeding Case Number 10-02694-PP and Filed on February 7, 2011.

38. The Plaintiffs'/Appellants' Brief in Support of Objection to Motion to Dismiss Amended Complaint, Document Number 10 in Adversary Proceeding Case Number 10-02694-PP and Filed on February 7, 2011.

39. The Court Minutes for the March 7, 2011 Hearing, Document Number 14 in Adversary Proceeding Case Number 10-02694-PP and Filed on March 9, 2011.

40. The Court Minutes for the May 25, 2011 Hearing, Document Number 15 in Adversary Proceeding Case Number 10-02694-PP and Filed on May 26, 2011.

41. The Order Dismissing the Adversary Complaint, Document Number 19 in Adversary Proceeding Case Number 10-02694-PP and Filed on July 6, 2011.

42. The Plaintiffs'/Appellants' Motion to Reconsider, Document Number 21 in Adversary Proceeding Case Number 10-02694-PP and filed on July 18, 2011.

43. The Response to Motion to Reconsider, Document Number 24 in Adversary Proceeding Case Number 10-02694-PP and Filed on August 1, 2011.

44. The Court Minutes of August 9, 2011 hearing, Document Number 25 in Adversary Proceeding Case Number 10-02694-PP and Filed on August 12, 2011.

45. Transcript of Status Hearing held November 22, 2010.

46. Transcript of Status Hearing re: Motion for Relief from Stay and Objection to Confirmation of Plan held December 13, 2010.

47. Transcript of Evidentiary Hearings on Renewed Motion/Letter Renewal and Objection to Confirmation of Plan held January 31, 2011.

48. Transcript of Hearing held on May 25, 2011.

49. Transcript of Telephone Conference-Oral Decision on June 27, 2011

Dated this 9th day of September, 2011.

LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733 FAX (414) 321-9601
Rollie@hansonlaw.net

/s/ *Rollie R. Hanson*

_____
Rollie R. Hanson
State Bar No. 1011293

# United States Bankruptcy Court
# Eastern District of Wisconsin

In re:  Edward & Patricia Kohler

_____,  )
                            Debtors       )        Case No. <u>09-35931-PP</u>
                                      )

Edward & Patricia Kohler          )        Chapter 13

_____,  )
                            Plaintiffs     )
                                      )

             v.                      )
                                      )        Adv. Proc. No. 10-02694-PP

U.S. Bank, N.A. as Trustee for Structured )
Asset Investment Loan Trust, Mortgage   )
Pass-Through Certificates, Series 2006-4  )

_____  )
                            Defendant   )


## <u>AFFIDAVIT OF SERVICE</u>

STATE OF WISCONSIN          )
                                (SS
COUNTY OF MILWAUKEE    )

      Leigh Anne Muller, being first duly sworn on oath, deposes and says that on September 9, 2011 she served via CM/ECF at West Allis, Wisconsin, a true and correct copy of the Designation of Record on Appeal to the following Parties:

      Mary B. Grossman
      Chapter 13 Trustee               ecf@chapter13milwaukee.com

      Office of the U.S. Trustee         ustpregion11.mi.ecf@usdoj.gov

      Attorney Edward Lesniak       elesniak@burkelaw.com
      Counsel for U.S. Bank, N.A.

      Attorney Penny G. Gentges     penny@basmog.com
      Counsel for U.S. Bank, N.A.

LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733 FAX (414) 321-9601
Rollie@hansonlaw.net

*/s/ Leigh Anne Muller*

_____

Leigh Anne Muller

Subscribed and sworn to before
me this 9th day of September, 2011.

*/s/ Rollie R. Hanson*

_____

Rollie R. Hanson
Notary Public, State of Wisconsin
My Commission is permanent

# United States Bankruptcy Court
# Eastern District of Wisconsin

In re:   Edward & Patricia Kohler

_____ ,   )
                                  Debtor s     )      Case No. <u>09-35931-PP</u>
                                           )

Edward & Patricia Kohler             )      Chapter 13

_____ ,   )
                               Plaintiffs     )
                                         )

                        v.               )
                                         )      Adv. Proc. No. 10-02694-PP

U.S. Bank, N.A. as Trustee for Structured  )
Asset Investment Loan Trust, Mortgage    )
Pass-Through Certificates, Series 2006-4   )

_____   )
                             Defendant   )

<u>STATEMENT OF ISSUES ON APPEAL</u>

1. Whether the claimant, U.S. Bank national Association, as Trustee for Structured

   Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 had

   standing to request relief from the Automatic Stay under 11 U.S.C. §362.

2. Whether the movant/claimant, U.S. Bank National Association was a real party in

   interest to file a Relief from Stay Motion in this case.

3. Whether the movant/claimant owned the note dated April 6, 2006 in the amount of

   $220,800.00 and attached to Original and Amended Claim Number 12 in this

   bankruptcy case.

4. Whether the movant/claimant owned the note dated April 6, 2006 in the amount of

   $55,200.00 and attached to Original and Amended Claim Number 13 in this

   bankruptcy case.

5. Whether the movant/claimant held the note dated April 6, 2006 in the amount of $220,800.00 as attached to Original and Amended Claim Number 12 in this bankruptcy case.

6. Whether the movant/claimant held the note dated April 6, 2006 in the amount of $55,200.00 and attached to Original and Amended Claim Number 13 in this bankruptcy case.

7. Whether the documents attached to Original and Amended Claims 12 and 13 are sufficient to show that the claimant owns or holds the mortgage loans of the debtors.

8. Whether the claimant, U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 is the proper party to enforce the notes attached to Original and Amended Claims 12 and 13 under the Uniform Commercial Code.

9. Whether the allonges presented in this case which are not attached to the notes constitute endorsements to negotiate or transfer the notes attached to Original and Amended Claims 12 and 13 under the Wisconsin Uniform Commercial Code.

10. Whether the claimant U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 holds valid lien rights to the debtors' homestead real estate located at 5310 Skyline Drive, New Berlin, Wisconsin 53151.

11. Whether the claimant must show that all conveyance requirements as established by the Pooling and Servicing Agreement on file with the Securities and Exchange Commission for the Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4 had to be accomplished with proper documentation to

show conveyance of the mortgage notes attached to Original and Amended Claims 12 and 13 to U.S. Bank as Trustee.

12. Whether the claimant has shown proper and adequate documentation and proof to demonstrate the conveyance of the mortgage notes attached to Original and Amended Claims 12 and 13 to U.S. Bank, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4.

13. Whether the assignment of mortgage dated November 30, 2009 and attached to Original and Amended Claim Number 12 is a valid assignment of mortgage for the purpose of assigning a mortgage to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4.

14. Whether the Assignment of Mortgage dated March 2, 2010 and attached to Original and Amended Claim Number 13 is a valid Assignment of Mortgage for the purpose of assigning the mortgage to U.S. Bank National Association as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4.

Dated this 9th day of September 2011

/s/ *Rollie R. Hanson*

_____

Rollie R. Hanson
State Bar No. 1011293

LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733 FAX (414) 321-9601
Rollie@hansonlaw.net

# United States Bankruptcy Court
# Eastern District of Wisconsin

In re:  Edward & Patricia Kohler

_____,  )
                            Debtor          )          Case No. <u>09-35931-PP</u>
                                                )
Edward & Patricia Kohler                    )          Chapter 13
_____,  )
                         Plaintiff          )
                                                )
         v.                                     )
                                                )          Adv. Proc. No. 10-02694-PP
U.S. Bank, N.A. as Trustee for Structured  )
Asset Investment Loan Trust, Mortgage    )
Pass-Through Certificates, Series 2006-4  )
_____   )
                        Defendant           )


<u>AFFIDAVIT OF SERVICE</u>

STATE OF WISCONSIN                )
                                              (SS
COUNTY OF MILWAUKEE          )

Leigh Anne Muller, being first duly sworn on oath, deposes and says that on September

9, 2011, she served via First Class Mail or CM/ECF at West Allis, Wisconsin, a true and correct

copy of the Statement of Issues on Appeal to the following Parties:


Mary B. Grossman
Chapter 13 Trustee                          ecf@chapter13milwaukee.com

Office of the U.S. Trustee                 ustpregion11.mi.ecf@usdoj.gov

Edward J. Lesniak                          elesniak@burkelaw.com
Attorney for U.S. Bank, N.A.

Attorney Penny Gentges                  penny@basmog.com
Attorney for U.S. Bank, N.A.

*/s/ Leigh Anne Muller*

_____

Leigh Anne Muller

Subscribed and sworn to before
me this 9th day of September, 2011.

*/s/ Rollie R. Hanson*

_____

Rollie R. Hanson
Notary Public, State of Wisconsin
My Commission is permanent

LAW OFFICE OF ROLLIE R. HANSON, S.C.
6737 W. Washington Street, Suite 1420
West Allis, WI 53214
(414) 321-9733 FAX (414) 321-9601
Rollie@hansonlaw.net

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

--------------------------------------------------------------------------------

In Re: Kohler, Edward B. and Patricia L.

                    Case No.      09-35931-pp
                    Chapter 13

        Debtors.

--------------------------------------------------------------------------------

    Edward B. and Patricia L. Kohler

              Plaintiff

vs.
                                      Adversary Proceeding
    U.S. Bank National Association, as Trustee for        Case No. 10-02694
    Structured Asset Investment Loan Trust,
    Mortgage Pass-Through Certificates, Series 2006-4

              Defendant

--------------------------------------------------------------------------------

APPELLEES' SUPPLEMENTAL DESIGNATION OF
<u>ADDITIONAL ITEMS FOR RECORD ON APPEAL</u>

--------------------------------------------------------------------------------

        Defendant, U.S. Bank National Association, as Trustee for Structured Asset Investment

Loan Trust Mortgage Pass-Through Certificates, Series 2006-4 ("U.S. Bank"), hereby submits its

supplemental designation of additional items to be included in the record on appeal:

<u>Case No. 09-35931</u>

        1.      Docket No. 30, filed March 2, 2010 – Order Modifying Stay.

        2.      Docket No. 68, filed September 16, 2010 – Stipulation by U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4, and Debtors Edward Blaine Kohler and Patricia Lynn Kohler.

        3.      Docket No. 69, filed September 17, 2010 – Order Approving Stipulation and Modifying Stay.

        4.      Docket No. 90, filed March 3, 2011 – Third Party Motion for Protective Order filed on behalf of U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4.

        5.      Docket No. 103, filed June 2, 2011 – Correspondence regarding recent U.S. Court of Appeals case filed by U.S. Bank National Association, as Trustee for Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2006-4.

6.        Docket No. 108, filed July 6, 2011 – Order Granting Relief from Stay.

7.        Docket No. 114, filed July 20, 2011 – Amended Transcript regarding hearing held May 25, 2011 regarding Objections/Relief from Stay.

Case No. 10-02694

1.        Docket No. 17, filed June 28, 2011 – Court Minutes and Order of Hearing held June 27, 2011.

Dated: September 21, 2011

U.S. BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates, Series 2006-4; CHASE HOME FINANCE LLC; CHASE H.E. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Creditor/Defendants/Appellees

By:    /s/    Edward J. Lesniak
(Illinois ARDC #1624261, Admitted to District Court for the Eastern District of Wisconsin on January 23, 2006)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
Telephone: (312) 840-7000
Facsimile: (312) 840-7900
E-mail: elesniak@burkelaw.com

Penny Gentges
Co-Counsel for Defendants
Bass & Maglowsky, S.C.
7020 N. Port Washington Road
Suite 206
Milwaukee, WI 53217
Telephone: (414) 228-6700
Facsimile: (414) 228-6506
E-mail: penny@basmog.com
09135\00600\931061.1

2

<u>CERTIFICATE OF SERVICE</u>

Edward J. Lesniak, one of the attorneys for certain Defendants, certifies that a true and correct

copy of the Response by U.S. Bank National Association, as Trustee, to Debtors' Motion for

Reconsideration was served by the Court's CM/ECF filing system on September 21, 2011, at the

time the Appellees' Supplemental Designation was filed, on the following parties:

> Rollie R. Hanson
> Penny Gentges
> Mary Grosman (Chapter 13 Trustee)
> Office of the United States Trustee

> /s/    Edward J. Lesniak
> Edward J. Lesniak
> Attorney for Certain Defendants
> (Illinois ARDC #1624261, Admitted to District
> Court for the Eastern District of Wisconsin on
> January 23, 2006)
> Burke, Warren, MacKay & Serritella, P.C.
> 330 N. Wabash Avenue, 22nd Floor
> Chicago, IL 60611-3607
> Telephone: (312) 840-7000
> Facsimile: (312) 840-7900
> E-mail: elesniak@burkelaw.com

3