```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF WISCONSIN


------------------------------------------X
In Re:                                    :   09-35931(PP)
                                          :
    EDWARD BLAINE KOHLER and               :   517 E. Wisconsin Ave
    PATRICIA LYNN KOHLER,                  :   Milwaukee, WI 53202
                                          :
                          Debtors.         :   August 9, 2011
------------------------------------------X


              TRANSCRIPT OF MOTION TO RECONSIDER
              BEFORE THE HONORABLE PAMELA PEPPER
                 UNITED STATES BANKRUPTCY JUDGE
```

APPEARANCES:

| | |
|---|---|
| For the<br>Chapter 13 Trustee: | REBECCA GARCIA-PIERCE, ESQ. |
| For US Bank Trustee: | EDWARD LESNIAK, ESQ. |
| For the Debtors: | LAW OFFICE OF ROLLIE R. HANSON, S.C.<br>6737 W. Washington St., Suite 1420<br>West Allis, WI 53214<br>BY: ROLLIE R. HANSON, ESQ. |

AudioEdge Transcription, LLC
425 Eagle Rock Avenue - Suite 201
Roseland, New Jersey 07068
(973) 618-2310
www.audioedgetranscription.com

I N D E X

MOTION:                                                    PAGE

    by Mr. Hanson                                          5


ARGUMENT:

    by Mr. Lesniak                                          8


COURT DECISION:                                              9

1    THE CLERK: The Court calls case 09-35931, Edward and
2 Patricia Kohler.
3    Please state your appearances for the record.
4    MS. GARCIA-PIERCE: Attorney Rebecca Garcia-Pierce
5 for the Chapter 13 Trustee.
6    MR. HANSON: Attorney Rollie Hanson appearing on
7 behalf of Mr. and Mrs. Kohler.
8    MR. LESNIAK: Your Honor, Edward Lesniak appearing on
9 behalf of US Bank National Association, as Trustee.
10    Your Honor, I also have with me two of our summer
11 associates. I had contacted your office to ask for permission
12 if they could listen in on this call, and I would like to
13 introduce them for the record. Blake Loder (ph) and Eric
14 Vanderploge (ph).
15    THE COURT: Thank you, Mr. Lesniak.
16    Welcome Mr. Loder and Mr. Vanderploge.
17    We are here this afternoon on the Kohlers' motion to
18 reconsider the ruling that I issued on June 27 with regard to
19 the question of whether or not US bank as trustee had standing
20 through the claims, both proofs of claim, that it had filed --
21    Mr. Lesniak, are you still there?
22    MR. LESNIAK: Yes, Judge. I'm sorry. I put it on
23 "Do Not Disturb" so we wouldn't have any other disturbances.
24    THE COURT: Oh, okay.
25    MR. LESNIAK: I apologize.

1          THE COURT: That's okay. I just wanted to make sure
2    that that beep didn't mean you had disappeared into the ether.
3          MR. LESNIAK: I don't know why that is built into it,
4    Judge. I'm sorry.
5          THE COURT: Okay.
6          And the motion for relief from stay.
7          As I read it the basis for the motion, the actual
8    basis for the motion to reconsider, is the argument that I made
9    a statement during the oral ruling that the allonges that were
10   produced in court during the evidentiary hearing had staple
11   holes in them, which was an indicia of the fact that those
12   allonges had been attached to the note and that was some of the
13   reason that I concluded the standing issue the way I did.
14         The objection indicates that only one of the allonges
15   had staple holes in it, that the other one didn't have any pokes
16   or prods or whatever you want to call them in the upper corners
17   to indicate that it had been stapled to anything.
18         Further, the witness that testified in court did not
19   have any direct knowledge of who had transferred the notes and
20   the allonges into the custody of US Bank and testified as much
21   that he didn't have that personal knowledge, and, therefore, the
22   debtors were asking the Court to reconsider the ruling.
23         US Bank filed an objection. The objection indicated
24   that staple holes or no staple holes, the allonges were, in
25   fact, attached to both notes because they were part of the file

1  as described by Mr. Corcoran (ph) when he testified and, in
2  fact, were immediately behind in the folder, the notes. Mr.
3  Corcoran testified that is the way he had received them, that is
4  the way they were set up. He also testified that they had the
5  stickers identifying them as being related to that mortgage file
6  on them at the time that he had received them.
7        Finally, the US Bank argued that Mr. Corcoran's
8  personal knowledge as to how US Bank may or may not have come
9  into possession of those documents was not relevant to the
10 question of whether or not US Bank was, in fact, the holder
11 entitled to enforce the note.
12       I should also add that US Bank argues that this is an
13 inappropriate motion to consider because it cites no provision
14 of Rule 60, no basis under Rule 60, for allowing the Court to
15 reconsider a ruling.
16       Mr. Hanson, anything further or anything that I have
17 not covered in your motion?
18       MR. HANSON: Well, your Honor, I just have a couple
19 of brief comments, if I may.
20       THE COURT: That's why I called your name.
21       MR. HANSON: Well, there was a reference that the
22 notes' allonges had staple holes in them in addition to being
23 stacked or being put into a particular folder, which the witness
24 testified about that date.
25       I do want to clarify that I believe the witness did

clearly testify that for amended Claim 13, which would have been the second mortgage, that that note and allonge were in pristine condition, no staple holes, no indication they had ever been attached. I felt that certainly is a problem under the negotiation of a note under the Wisconsin Uniform Commercial Code because the UCC requires the allonge to be affixed to the note.

I think that while the note and allonge that were part of amended Claim 12 did have staple holes in them, there was no testimony that was presented that would indicate that allonge had ever been attached to the note either.

One other issue I think that is important here is that the witness actually did testify that the originator of the loan sent the documents, he believed that all had been contained in that file, directly to Deutsche Bank as a custodian, which would mean that the note had never been transferred or delivered to the trust.

Now on the one hand he acknowledged he had no personal knowledge of the ownership of the note. He testified he didn't know who owned the note, but he also did indicate clearly on the record, I believe, that the documents contained in the Deutsche Bank file when delivered to Deutsche Bank were not owned by the trust. He testified both under direct and under cross-examination that the notes and the allonge, and other various documents contained in the custodian's file had

been transferred to the custodian directly from the originators of the note. On the first mortgage it was BNC Mortgage, and on the second mortgage note it was Lehman Brothers Bank, I believe.

Now in testifying to those documents that were in the file, his actual testimony was that he believed that they were transferred to Deutsche Bank in a particular order with these documents put into the file; although, he didn't have any personal knowledge of that. He also relied upon some computerized printouts that he brought from Deutsche Bank.

Remember under cross, it seemed that the primary factor that he looked at in this file and he based his opinion on that Deutsche Bank was holding the note for what we were calling the 2006-4 Trust -- was based on a code in this file and that particular code, based upon his knowledge, related to either the trustee of this trust or the trust. On cross when he was questioned as to who would have put that code in the file, he indicated it was an unknown salesperson of Deutsche Bank.

So other than documents that had been delivered to Deutsche Bank from the originators, everything else were internal documents that were maintained or created by unknown persons at Deutsche Bank. There simply was not and does not exist an nexus or any real proof or evidence that the notes were ever actually transferred or delivered to the trust. In fact, the testimony was the opposite. They never had been delivered to the trust. In part, this is because this is bearer paper,

1  these are blank, undated allonges. So there's two problems:

2  One, they were not affixed to the notes in order to
3  have an effective transfer. Those allonges are required to be
4  affixed to the notes under the Wisconsin UCC.

5  Secondly, even if they can be considered properly
6  affixed because they were put in the same file as the notes,
7  there's nothing in any of the testimony that would show that
8  these were negotiated or transferred to US Bank as trustee of
9  the trust or the trust itself.

10  Because of those issues, I wanted to ask the Court to
11  reconsider lifting the stay as well as allowing the claims, and
12  also dismissing my adversary proceeding.

13  THE COURT: That's all of it, Mr. Hanson. Thank you.
14  Mr. Lesniak?
15  MR. LESNIAK: Your Honor, very briefly.

16  Nothing Mr. Hanson said is new and nothing he said
17  wasn't argued on the day of trial. So we have covered that all
18  before, as far as I'm concerned.

19  Very briefly on the merits of what he's trying to,
20  I've covered in my response the issue regarding staple holes and
21  the documents related to Claim 13 and Mr. Corcoran's testimony
22  stands uncontroverted and I will rely on that.

23  As far as the ownership interest, Deutsche Bank was
24  the agent for US Bank. US Bank never had to actually physically
25  receive the documents, that was the function of the custodian

and Deutsche Bank as agent for US Bank.

Besides, as I again point out in the response, it really doesn't matter. The question isn't who owns it, it's who holds them. Technically, under the Uniform Commercial Code US Bank could find these documents, endorse them blank, on the street and be able to enforce them.

We have established to your Honor, the original documents the Kohlers signed, their signatures were uncontroverted. We showed your Honor that they are endorsed in blank and we stood there before your Honor representing US Bank with those original documents. US Bank qualifies as the holder, and I would rely on those arguments, as previously made, and the testimony we provided in support of them.

Thank you.

THE COURT: Thank you Mr. Lesniak.

Ms. Garcia, anything?

MS. GARCIA: No, your Honor.

THE COURT: Thank you.

First of all, technically speaking, although we tend to refer to them as such there is sort of no such thing as a motion to reconsider. The reason I make that point is not to be cute, but because I think people often consider a motion to reconsider is a chance to try to argue harder the same thing that you argued the first time.

I don't think there is a provision in the Rules of

Civil Procedure that allows for, if I didn't argue hard enough the first time, I should be able to come back and argue it again. I'm not saying that is what you are saying, Mr. Hanson, but I think that somehow that is what a motion to reconsider often gets treated as.

As Mr. Lesniak points out in his response, the provisions of the Federal Rules of Civil Procedure that do allow for corrections of mistake are those provisions that are found in Rule 60(b). And if, in fact, one believes that there has been mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, a void judgment, that 60(b) is what gives a party the opportunity to come into court and say: Judge, I know that I told you it was blue. I was wrong. It really was red and I have it here and it's red. And you can look at it, it's red, and there was a mistake.

So the rules consider the fact that if there truly is a factual mistake or error or something inadvertently left out or some surprise, that parties ought to be able to address that. I don't read this motion to allege any of those things.

I agree with Mr. Lesniak that the issues that Mr. Hanson raises in the motion for reconsideration are issues that were discussed, not only at the trial, but at a number of hearings before the trial.

I did make a reference in my oral ruling to the fact that there were staple holes, and I think I probably made

1 reference and said that there were staple holes in both of the
2 allonges.
3   Mr. Hanson is correct that Mr. Corcoran testified
4 that one of those allonges, with regard to the second mortgage,
5 didn't have staple holes in it, and so I spoke incorrectly.
6   However, that fact was not a sole basis for my
7 reaching the conclusion that I reached or the ruling that I
8 reached. Mr. Corcoran testified that the order in which these
9 documents appeared in the file had a significance to them, and
10 the stickers that were affixed on the two allonges had
11 significance to them.
12   Mr. Hanson indicates that Wisconsin's version of the
13 UCC, basically the model UCC for all intents and purposes,
14 requires that the allonge or the endorsement be affixed to the
15 note, but I can't find any case law that says what that means.
16   What does it mean to have the allonge or the
17 endorsement be affixed to the note? Does it have to be taped?
18 Does it have to be glued? Does it have to appear adjacent to
19 it? Does it have to be stapled to?
20   In some respects, I think my comment about staple
21 holes was somewhat irrelevant, other than to show that that at
22 some point in time, the allonge had been attached by staples it
23 appears.
24   But the real question is whether or not in my mind
25 there are indicia that indicate that those allonges related to

1  the notes that Deutsche Bank produced in court as an agent of US
2  Bank and there certainly were. The fact that they appeared in
3  the file binder clipped, if you will, to the note. The fact
4  that that is the position that they were in at the time that the
5  agent received them from the originator, the fact that there
6  were these stickers on them that referred to the account
7  numbers, all of those things indicate that those allonges, each
8  individual allonge, related to the note with which it came into
9  the possession of Deutsche Bank.

10  With regard to the fact that Mr. Corcoran testified
11  that he didn't know who owned the note, as I read the UCC,
12  Mr. Lesniak is absolutely right. The issue is not who owns the
13  note. The issue is who is the holder entitled to enforce the
14  note, and as Mr. Hanson points out these allonges are bearer
15  paper, so the bearer of that paper is entitled to enforce the
16  note.

17  Deutsche Bank showed up in court as the agent of US
18  Bank indicating that it was acting on behalf of and in the stead
19  of US Bank, and it produced, in hand, both the notes and the
20  allonges. That makes US Bank, on whose behalf Deutsche Bank was
21  acting, the holder of the notes. As the holder it's entitled to
22  enforce those notes, and, therefore, entitled to collect, and
23  entitled to file a proof of claim, and that is what I believe
24  that I concluded.

25  Whether or not anybody at US Bank ever at one in

point in time held them in-hand, whether or not there was any record of transfer, is not relevant to the question of whether or not one is the holder of the note who is entitled to enforce it. That may be relevant if we're talking about transfer of mortgages and we're talking about who is entitled to foreclose, and whether or not one can show a chain of assignment.

With regard to the issue of whether or not US Bank was entitled to enforce the note as holder of the note, I found, and there is nothing in this motion to reconsider that causes me to think otherwise, that US Bank was, in fact, the holder of those notes.

So, number one, I do not think that there is any basis under Rule 60(b) to conclude that there has been mistake, inadvertence, neglect, surprise, et cetera, other than, arguably, in the Kohlers' mind and Mr. Hanson's mind a mistake on my part in interpreting the law. The remedy for that is not 60(b), the remedy for that is an appeal.

(Matter concluded)

# CERTIFICATION

* * * * *

I, JEANINE MARTELLE, certify that the foregoing is a transcript from an electronic sound recording of the proceedings in the above-entitled matter, and is a true and accurate transcript of the proceedings to the best of my knowledge and ability.


   /S/ Jeanine Martelle

Jeanine Martelle

Audio Edge Transcription, LLC


Dated: April 15, 2013

|  |  |  |  |
|---|---|---|---|
| **A** | **appearances** 1:9 3:3 | **BANKRUPTCY** 1:1 1:7 | **chance** 9:23 |
| **ability** 14:7 | **appeared** 11:9 12:2 | **based** 7:11,13 7:14 | **Chapter** 1:10 3:5 |
| **able** 9:6 10:2 10:18 | **appearing** 3:6 3:8 | **basically** 11:13 | **cites** 5:13 |
| **above-enti...** 14:5 | **appears** 11:23 | **basis** 4:7,8 5:14 11:6 13:13 | **Civil** 10:1,7 |
| **absolutely** 12:12 | **April** 14:15 | **bearer** 7:25 12:14,15 | **claim** 3:20 6:1 6:9 8:21 12:23 |
| **account** 12:6 | **arguably** 13:15 | **beep** 4:2 | **claims** 3:20 8:11 |
| **accurate** 14:5 | **argue** 9:23 10:1,2 | **behalf** 3:7,9 12:18,20 | **clarify** 5:25 |
| **acknowledged** 6:18 | **argued** 5:7 8:17 9:24 | **believe** 5:25 6:21 7:3 12:23 | **clearly** 6:1,21 |
| **acting** 12:18 12:21 | **argues** 5:12 | **believed** 6:14 7:5 | **CLERK** 3:1 |
| **actual** 4:7 7:5 | **argument** 2:7 4:8 | **believes** 10:9 | **clipped** 12:3 |
| **add** 5:12 | **arguments** 9:12 | **best** 14:6 | **code** 6:6 7:13 7:14,16 9:4 |
| **addition** 5:22 | **asking** 4:22 | **binder** 12:3 | **collect** 12:22 |
| **address** 10:18 | **assignment** 13:6 | **BLAINE** 1:4 | **come** 5:8 10:2 10:12 |
| **adjacent** 11:18 | **associates** 3:11 | **Blake** 3:13 | **comment** 11:20 |
| **adversary** 8:12 | **Association** 3:9 | **blank** 8:1 9:5 9:10 | **comments** 5:19 |
| **affixed** 6:6 8:2,4,6 11:10,14,17 | **attached** 4:12 4:25 6:4,11 11:22 | **blue** 10:13 | **Commercial** 6:5 9:4 |
| **afternoon** 3:17 | **Attorney** 3:4,6 | **BNC** 7:2 | **computerized** 7:9 |
| **agent** 8:24 9:1 12:1,5,17 | **Audio** 14:12 | **brief** 5:19 | **concerned** 8:18 |
| **agree** 10:20 | **AudioEdge** 1:21 | **briefly** 8:15 8:19 | **conclude** 13:13 |
| **allege** 10:19 | **August** 1:5 | **Brothers** 7:3 | **concluded** 4:13 12:24 13:18 |
| **Allis** 1:14 | **Ave** 1:4 | **brought** 7:9 | **conclusion** 11:7 |
| **allonge** 6:2,6 6:8,11,24 11:14,16,22 12:8 | **Avenue** 1:22 | **built** 4:3 | **condition** 6:3 |
|  | **B** |  | **consider** 5:13 9:22 10:16 |
| **allonges** 4:9 4:12,14,20 4:24 5:22 8:1,3 11:2,4 11:10,25 12:7,14,20 | **back** 10:2 | **C** | **considered** 8:5 |
|  | **bank** 1:12 3:9 3:19 4:20,23 5:7,8,10,12 6:15,22,22 7:3,6,9,12 7:17,19,21 8:8,23,24,24 9:1,1,5,10 9:11 12:1,2 12:9,17,18 12:19,20,20 12:25 13:7 13:10 | **call** 3:12 4:16 | **contacted** 3:11 |
|  |  | **called** 5:20 | **contained** 6:14 6:21,25 |
|  |  | **calling** 7:13 | **Corcoran** 5:1,3 11:3,8 12:10 |
|  |  | **calls** 3:1 | **Corcoran's** 5:7 8:21 |
|  |  | **case** 3:1 11:15 | **corners** 4:16 |
|  |  | **causes** 13:9 | **correct** 11:3 |
| **allow** 10:7 |  | **certainly** 6:4 12:2 | **corrections** 10:8 |
| **allowing** 5:14 8:11 |  | **CERTIFICATION** 14:1 | **couple** 5:18 |
| **allows** 10:1 |  | **certify** 14:3 | **court** 1:1 2:10 3:1,15,24 |
| **amended** 6:1,9 |  | **cetera** 13:14 |  |
| **anybody** 12:25 |  | **chain** 13:6 |  |
| **apologize** 3:25 |  |  |  |
| **appeal** 13:17 |  |  |  |
| **appear** 11:18 |  |  |  |

4:1,5,10,18
4:22 5:14,20
8:10,13 9:15
9:18 10:12
12:1,17
**covered** 5:17
8:17,20
**created** 7:20
**cross** 7:10,15
**cross-exam...**
6:24
**custodian** 6:15
7:1 8:25
**custodian's**
6:25
**custody** 4:20
**cute** 9:22

---
**D**

**D** 2:1
**date** 5:24
**Dated** 14:15
**day** 8:17
**debtors** 1:5,13
4:22
**DECISION** 2:10
**delivered** 6:16
6:22 7:18,23
7:24
**described** 5:1
**Deutsche** 6:15
6:22,22 7:6
7:9,12,17,19
7:21 8:23
9:1 12:1,9
12:17,20
**direct** 4:19
6:23
**directly** 6:15
7:1
**disappeared**
4:2
**discovered**
10:11
**discussed**
10:22
**dismissing**
8:12
**DISTRICT** 1:1

**Disturb** 3:23
**disturbances**
3:23
**documents** 5:9
6:14,21,25
7:4,7,18,20
8:21,25 9:5
9:8,11 11:9

---
**E**

**E** 1:4 2:1
**Eagle** 1:22
**EASTERN** 1:1
**Edge** 14:12
**Edward** 1:4,12
3:1,8
**effective** 8:3
**either** 6:11
7:15
**electronic**
14:4
**endorse** 9:5
**endorsed** 9:9
**endorsement**
11:14,17
**enforce** 5:11
9:6 12:13,15
12:22 13:3,8
**entitled** 5:11
12:13,15,21
12:22,23
13:3,5,8
**Eric** 3:13
**error** 10:17
**ESQ** 1:10,12,15
**established**
9:7
**et** 13:14
**ether** 4:2
**evidence** 7:22
10:11
**evidentiary**
4:10
**excusable**
10:10
**exist** 7:22

---
**F**

**fact** 4:11,25

5:2,10 7:23
10:9,16,24
11:6 12:2,3
12:5,10
13:10
**factor** 7:11
**factual** 10:17
**far** 8:18,23
**Federal** 10:7
**felt** 6:4
**file** 4:25 5:5
6:15,22,25
7:5,7,11,13
7:16 8:6
11:9 12:3,23
**filed** 3:20
4:23
**Finally** 5:7
**find** 9:5 11:15
**first** 7:2 9:19
9:24 10:2
**folder** 5:2,23
**foreclose** 13:5
**foregoing** 14:3
**found** 10:8
13:8
**fraud** 10:11
**function** 8:25
**further** 4:18
5:16

---
**G**

**Garcia** 9:16,17
**Garcia-Pierce**
1:10 3:4,4
**gives** 10:12
**glued** 11:18

---
**H**

**hand** 6:18
12:19
**Hanson** 1:13,15
2:4 3:6,6
5:16,18,21
8:13,16 10:4
10:21 11:3
11:12 12:14
**Hanson's** 13:15
**hard** 10:1

**harder** 9:23
**hearing** 4:10
**hearings** 10:23
**held** 13:1
**holder** 5:10
9:11 12:13
12:21,21
13:3,8,10
**holding** 7:12
**holds** 9:4
**holes** 4:11,15
4:24,24 5:22
6:3,9 8:20
10:25 11:1,5
11:21
**Honor** 3:8,10
5:18 8:15
9:7,9,10,17
**HONORABLE** 1:7

---
**I**

**identifying**
5:5
**immediately**
5:2
**important** 6:12
**in-hand** 13:1
**inadvertence**
10:10 13:14
**inadvertently**
10:17
**inappropriate**
5:13
**incorrectly**
11:5
**indicate** 4:17
6:10,20
11:25 12:7
**indicated** 4:23
7:17
**indicates** 4:14
11:12
**indicating**
12:18
**indication** 6:3
**indicia** 4:11
11:25
**individual**
12:8

**intents** 11:13
**interest** 8:23
**internal** 7:20
**interpreting** 13:16
**introduce** 3:13
**irrelevant** 11:21
**issue** 4:13 6:12 8:20 12:12,13 13:7
**issued** 3:18
**issues** 8:10 10:20,21

**J**
**Jeanine** 14:3 14:10,11
**Jersey** 1:23
**Judge** 1:7 3:22 4:4 10:12
**judgment** 10:11
**June** 3:18

**K**
**know** 4:3 6:20 10:13 12:11
**knowledge** 4:19 4:21 5:8 6:19 7:8,14 14:6
**Kohler** 1:4,4 3:2,7
**Kohlers** 3:17 9:8 13:15

**L**
**law** 1:13 11:15 13:16
**left** 10:17
**Lehman** 7:3
**Lesniak** 1:12 2:8 3:8,8,15 3:21,22,25 4:3 8:14,15 9:15 10:6,20 12:12
**lifting** 8:11

**listen** 3:12
**LLC** 1:21 14:12
**loan** 6:14
**Loder** 3:13,16
**look** 10:14
**looked** 7:11
**LYNN** 1:4

**M**
**maintained** 7:20
**Martelle** 14:3 14:10,11
**matter** 9:3 13:18 14:5
**mean** 4:2 6:16 11:16
**means** 11:15
**merits** 8:19
**Milwaukee** 1:4
**mind** 11:24 13:15,15
**mistake** 10:8 10:10,15,17 13:13,15
**model** 11:13
**mortgage** 5:5 6:2 7:2,2,3 11:4
**mortgages** 13:5
**motion** 1:6 2:3 3:17 4:6,7,8 5:13,17 9:21 9:22 10:4,19 10:21 13:9

**N**
**N** 2:1
**name** 5:20
**National** 3:9
**neglect** 10:10 13:14
**negotiated** 8:8
**negotiation** 6:5
**never** 6:16 7:24 8:24
**new** 1:23 8:16
**newly** 10:10

**nexus** 7:22
**note** 4:12 5:11 6:2,5,7,8,11 6:16,19,20 7:2,3,12 11:15,17 12:3,8,11,13 12:14,16 13:3,8,8
**notes** 4:19,25 5:2,22 6:24 7:22 8:2,4,6 12:1,19,21 12:22 13:11
**number** 10:22 13:12
**numbers** 12:7

**O**
**objection** 4:14 4:23,23
**office** 1:13 3:11
**Oh** 3:24
**okay** 3:24 4:1 4:5
**opinion** 7:11
**opportunity** 10:12
**opposite** 7:24
**oral** 4:9 10:24
**order** 7:6 8:2 11:8
**original** 9:7 9:11
**originator** 6:13 12:5
**originators** 7:1,19
**ought** 10:18
**owned** 6:20,23 12:11
**ownership** 6:19 8:23
**owns** 9:3 12:12

**P**
**PAGE** 2:3
**PAMELA** 1:7

**paper** 7:25 12:15,15
**part** 4:25 6:9 7:25 13:16
**particular** 5:23 7:6,14
**parties** 10:18
**party** 10:12
**Patricia** 1:4 3:2
**people** 9:22
**PEPPER** 1:7
**permission** 3:11
**personal** 4:21 5:8 6:19 7:8
**persons** 7:21
**ph** 3:13,14 5:1
**physically** 8:24
**Please** 3:3
**point** 9:2,21 11:22 13:1
**points** 10:6 12:14
**pokes** 4:15
**position** 12:4
**possession** 5:9 12:9
**presented** 6:10
**previously** 9:12
**primary** 7:10
**printouts** 7:9
**pristine** 6:2
**probably** 10:25
**problem** 6:4
**problems** 8:1
**Procedure** 10:1 10:7
**proceeding** 8:12
**proceedings** 14:4,6
**prods** 4:16
**produced** 4:10 12:1,19
**proof** 7:22 12:23

**proofs** 3:20
**properly** 8:5
**provided** 9:13
**provision** 5:13
  9:25
**provisions**
  10:7,8
**purposes** 11:13
**put** 3:22 5:23
  7:7,16 8:6

---
**Q**

**qualifies** 9:11
**question** 3:19
  5:10 9:3
  11:24 13:2
**questioned**
  7:16

---
**R**

**R** 1:13,15
**raises** 10:21
**reached** 11:7,8
**reaching** 11:7
**read** 4:7 10:19
  12:11
**real** 7:22
  11:24
**really** 9:3
  10:13
**reason** 4:13
  9:21
**Rebecca** 1:10
  3:4
**receive** 8:25
**received** 5:3,6
  12:5
**reconsider** 1:6
  3:18 4:8,22
  5:15 8:11
  9:21,23 10:5
  13:9
**reconsider...**
  10:21
**record** 3:3,13
  6:21 13:2
**recording** 14:4
**red** 10:14,14
  10:15

**refer** 9:20
**reference** 5:21
  10:24 11:1
**referred** 12:6
**regard** 3:18
  11:4 12:10
  13:7
**regarding** 8:20
**related** 5:5
  7:14 8:21
  11:25 12:8
**relevant** 5:9
  13:2,4
**relied** 7:8
**relief** 4:6
**rely** 8:22 9:12
**remedy** 13:16
  13:17
**Remember** 7:10
**representing**
  9:10
**required** 8:3
**requires** 6:6
  11:14
**respects** 11:20
**response** 8:20
  9:2 10:6
**right** 12:12
**Rock** 1:22
**Rollie** 1:13,15
  3:6
**Roseland** 1:23
**Rule** 5:14,14
  10:9 13:13
**rules** 9:25
  10:7,16
**ruling** 3:18
  4:9,22 5:15
  10:24 11:7

---
**S**

**S** 14:10
**S.C** 1:13
**salesperson**
  7:17
**saying** 10:3,3
**says** 11:15
**second** 6:2 7:3
  11:4

**Secondly** 8:5
**sent** 6:14
**set** 5:4
**show** 8:7 11:21
  13:6
**showed** 9:9
  12:17
**signatures** 9:8
**signed** 9:8
**significance**
  11:9,11
**simply** 7:21
**sole** 11:6
**somewhat** 11:21
**sorry** 3:22 4:4
**sort** 9:20
**sound** 14:4
**speaking** 9:19
**spoke** 11:5
**St** 1:14
**stacked** 5:23
**standing** 3:19
  4:13
**stands** 8:22
**staple** 4:10,15
  4:24,24 5:22
  6:3,9 8:20
  10:25 11:1,5
  11:20
**stapled** 4:17
  11:19
**staples** 11:22
**state** 3:3
**statement** 4:9
**STATES** 1:1,7
**stay** 4:6 8:11
**stead** 12:18
**stickers** 5:5
  11:10 12:6
**stood** 9:10
**street** 9:6
**Suite** 1:14,22
**summer** 3:10
**support** 9:13
**sure** 4:1
**surprise** 10:10
  10:18 13:14

---
**T**

**talking** 13:4,5
**taped** 11:17
**technically**
  9:4,19
**tend** 9:19
**testified** 4:18
  4:20 5:1,3,4
  5:24 6:19,23
  11:3,8 12:10
**testify** 6:1,13
**testifying** 7:4
**testimony** 6:10
  7:5,24 8:7
  8:21 9:13
**Thank** 3:15
  8:13 9:14,15
  9:18
**thing** 9:20,23
**things** 10:19
  12:7
**think** 6:8,12
  9:22,25 10:4
  10:25 11:20
  13:10,12
**time** 5:6 9:24
  10:2 11:22
  12:4 13:1
**told** 10:13
**transcript** 1:6
  14:4,6
**Transcription**
  1:21 14:12
**transfer** 8:3
  13:2,4
**transferred**
  4:19 6:16
  7:1,6,23 8:8
**treated** 10:5
**trial** 8:17
  10:22,23
**true** 14:5
**truly** 10:16
**trust** 6:17,23
  7:13,15,15
  7:23,25 8:9
  8:9
**trustee** 1:10
  1:12 3:5,9
  3:19 7:15

| | | |
|---|---|---|
| 8:8<br>**try** 9:23<br>**trying** 8:19<br>**two** 3:10 8:1<br>  11:10 | 1:25 | **8** 2:8 |

| **U** | **X** | **9** |
|---|---|---|
| **UCC** 6:6 8:4<br>  11:13,13<br>  12:11<br>**uncontrove...**<br>  8:22 9:9<br>**undated** 8:1<br>**Uniform** 6:5<br>  9:4<br>**UNITED** 1:1,7<br>**unknown** 7:17<br>  7:20<br>**upper** 4:16 | **X** 1:2,6 2:1 | **9** 1:5 2:10<br>**973** 1:24 |

| | **Y** | |
|---|---|---|

| **V** | **Z** | |
|---|---|---|
| **Vanderploge**<br>  3:14,16<br>**various** 6:25<br>**version** 11:12<br>**void** 10:11 | | |

| | **0** | |
|---|---|---|
| | **07068** 1:23<br>**09-35931** 3:1<br>**09-35931(PP)**<br>  1:3 | |

| **W** | **1** | |
|---|---|---|
| **W** 1:14<br>**want** 4:16 5:25<br>**wanted** 4:1<br>  8:10<br>**Washington**<br>  1:14<br>**wasn't** 8:17<br>**way** 4:13 5:3,4<br>**we're** 13:4,5<br>**Welcome** 3:16<br>**West** 1:14<br>**WI** 1:4,14<br>**Wisconsin** 1:1<br>  1:4 6:5 8:4<br>**Wisconsin's**<br>  11:12<br>**witness** 4:18<br>  5:23,25 6:13<br>**wouldn't** 3:23<br>**wrong** 10:13<br>**www.audioe...** | **12** 6:9<br>**13** 1:10 3:5<br>  6:1 8:21<br>**1420** 1:14<br>**15** 14:15 | |

| | **2** | |
|---|---|---|
| | **2006-4** 7:13<br>**201** 1:22<br>**2011** 1:5<br>**2013** 14:15<br>**27** 3:18 | |

| | **3** | |
|---|---|---|

| | **4** | |
|---|---|---|
| | **425** 1:22 | |

| | **5** | |
|---|---|---|
| | **5** 2:4<br>**517** 1:4<br>**53202** 1:4<br>**53214** 1:14 | |

| | **6** | |
|---|---|---|
| | **60** 5:14,14<br>**60(b)** 10:9,11<br>  13:13,17<br>**618-2310** 1:24<br>**6737** 1:14 | |

| | **7** | |
|---|---|---|

| | **8** | |
|---|---|---|